REBECCA ARAGON, Bar No. 134496
LITTLER MENDELSON, P.C.
633 W. Fifth St.
63rd Floor
Los Angeles, CA 90071
Telephone: 213.443.4300

KARIMAH J. LAMAR, Bar No. 246862
LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101
Telephone: 619.232.0441

Attorneys for Defendants
SMITH SECKMAN REID, INC. and
CONAGRA BRANDS, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MISKA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ENGINEERING AUTOMATION & DESIGN, INC. dba EAD MANAGEMENT SERVICES, INC., a Nebraska corporation; SMITH SECKMAN REID, INC., a Tennessee corporation; CONAGRA BRANDS, INC., a Delaware corporation; and DOES 1-50,<br><br>　　　　Defendants. | Case No.<br><br>(Stanislaus County Superior Court Case No. CV-20-003027)<br><br>**DEFENDANTS SMITH SECKMAN REID, INC. AND CONAGRA BRANDS, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>[28 U.S.C. §§ 1332, 1441, and 1446]<br><br>Complaint Filed: July 14, 2020 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, PLAINTIFF ROBERT MISKA, AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendants SMITH SECKMAN REID, INC. ("SSR") and CONAGRA BRANDS, INC. ("Conagra") (collectively, "Defendants") remove the above-entitled action, Case No. CV-20-003027, from the Superior Court of

the State of California, County of Stanislaus, to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. sections 1331, 1332 subsection a, 1441 subsections a and b, and 1446.

A true and correct copy of this notice will be filed contemporaneously with the Clerk of the Superior Court for the State of California, County of Stanislaus, and notice of the removal will be provided to counsel for Plaintiff Robert Miska ("Plaintiff") in accordance with 28 U.S.C. section 1446 subsection d. A true and correct copy of the Notice to State Court of Removal to Federal Court, without its accompanying exhibits is attached as **Exhibit A**. (*See* Declaration of Karimah J. Lamat in Support of Notice of Removal to Federal Court ("Lamar Decl.") ¶ 8.) This case is being removed under 28 U.S.C. section 1332 based upon diversity of citizenship ("Section 1332") because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000. The grounds for removal are:

### I.    JURISDICTION AND VENUE ARE PROPER

1.    Section 1332's requirements are met because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below. 28 U.S.C. §§ 1332, 1441(a), and 1146(b).

2.    The action was filed in the Superior Court of California for the County of Stanislaus. Thus, venue properly lies in the United States District Court for the Eastern District of California. *See* 28 U.S.C. §§ 84(c)(2), 1391, 1446. Therefore, this action may be removed to this Court under 28 U.S.C. section 1441 subsection a.

### II.    TIMELINESS OF REMOVAL

3.    This Notice of Removal is timely filed as it is filed within thirty (30) days of July 22, 2020, the date of service of the Summons and Complaint, and within one year from the commencement of this action. *See* 28 U.S.C. § 1446(b).

### III.    PLEADINGS, PROCESSES, AND ORDERS

4.    This lawsuit arises out of Plaintiff's employment with Defendants SSR and Engineering Automation & Design, Inc., dba EAD Management Services, Inc.

LITTLER MENDELSON, P.C.
633 W. Fifth Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

2.

DEFENDANTS SMITH SECKMAN REID, INC. AND CONAGRA BRANDS, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

("EAD").[1]

5. On July 14, 2020, Plaintiff filed a Complaint in the Superior Court of the State of California, County of Stanislaus, entitled ROBERT MISKA, *Plaintiff v.* ENGINEERING AUTOMATION & DESIGN, INC. dba EAD MANAGEMENT SERVICES, INC.; SMITH SECKMAN REID, INC.; CONAGRA BRANDS, INC. *and DOES 1 to 50, Defendants,* designated as Case No. CV-20-003027 (the "Complaint"). The Complaint seeks recovery based upon the following causes of action: 1) failure to pay minimum wage; 2) failure to pay overtime; 3) failure to provide meal and rest breaks; 4) failure to pay all wages due at discharge; 5) failure to make timely payments; 6) failure to provide itemized wage statements; 7) failure to provide one day's rest in seven; 8) failure to timely produce personnel and payroll records; and 9) unfair competition. True and correct copies of the Complaint and the documents served with the Complaint are attached as **Exhibits B and C**. (Lamar Decl. ¶¶ 2 and 3.) On August 17, 2020, Plaintiff filed his First Amended Complaint ("FAC"), and his FAC contains all the same causes of action as the original Complaint, but adds one additional cause of action, for violations of the California Private Attorneys General Act ("PAGA"), and is attached as **Exhibit E.** (*Id.* at 5.)

6. On July 22, 2020, SSR was served Summons, Complaint, Civil Case Cover Sheet, Notice of Case Management Conference, and Rule 3.110 of the California Rules of Court and these documents are attached as **Exhibits B and C**. (Lamar Decl. ¶ 3.) On August 18, 2020, the FAC was served on SSR and is attached as **Exhibit E**. (*Id.* at 5.)

7. On July 23, 2020, Conagra was served the Summons, Complaint, Civil Case Cover Sheet, Notice of Case Management Conference, and Rule 3.110 of the California Rules of Court and these documents are attached as **Exhibit D**. (Lamar Decl. ¶ 4.) On August 18, 2020, the FAC was served on Conagra and is attached as **Exhibit**

---

[1] Because Conagra was not Plaintiff's employer, removal is based on Plaintiff's employment with SSR only.

LITTLER MENDELSON, P.C.
633 W. Fifth Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

**F**. (*Id.* at ¶ 6.)

8. On August 20, 2020, Defendants SSR and Conagra filed their Answer to the First Amended Complaint in Stanislaus County Superior Court. A true and correct copy of Defendants' Answers are attached as **Exhibits G and H**. (Lamar Decl. ¶ 7.)

9. To the best of Defendants' knowledge, no further documents from the state court action have been filed by Plaintiff. (Lamar Decl. ¶ 9.) Nor have any other documents been filed in the state court action by Defendants. *Id.* The attachments satisfy the requirements of 28 U.S.C. section 1446 subsection a.

10. As of the date of this Notice of Removal, all Defendants have been validly served with the Summons and Complaint. (Lamar Decl. ¶ 10.)

11. A copy of this Notice of Removal will be filed with the Clerk of the Stanislaus County Superior Court, and served upon all parties, as required by 28 U.S.C. section 1446 subsection d. (Lamar Decl. ¶ 11.)

## IV. DEFENDANTS SATISFIED THE REQUIREMENTS FOR REMOVAL

12. This action is a civil action over which this Court has jurisdiction under Section 1332 subsection a, and is one that may be removed to this Court by Defendants pursuant to 28 U.S.C. sections 1441 subsection a and 1446 because it is a civil action between citizens of two states and the amount in controversy exceeds seventy-five thousand dollars ($75,000). This case meets all of Section 1332's requirements for removal.

### A. The Parties are Diverse in Their Citizenship.

13. 28. U.S.C. section 1332 subsection a provides: "The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (1) citizens of different states[.]"

#### 1. *Plaintiff is a Citizen of California*

14. Citizenship of a natural person is established by domicile. A person's domicile is established by physical presence and an intent to remain indefinitely. *Lew*

LITTLER MENDELSON, P.C.
633 W. Fifth Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

4.

DEFENDANTS SMITH SECKMAN REID, INC. AND CONAGRA BRANDS, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

*v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Residence creates a presumption of one's domicile. *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until the facts adduced establish the contrary"); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (a party's residence is prima facie evidence of his domicile). Allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew*, 797 F.2d at 751; *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation of residency in state court complaint "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Overholt v. Airista Flow Inc.*, No. 17cv1337-MMA (AGS), 2018 WL 355231, at *4 (S.D. Cal. Jan. 10, 2018) (citations omitted).

15. Here, when Plaintiff commenced this action and at the time of removal, Plaintiff resided in the County of Stanislaus in the State of California. (FAC, ¶ 9 ["Plaintiff is a natural person who is, and at all relevant times was, a resident of Stanislaus County, California"]).

16. Accordingly, Plaintiff is a citizen of the State of California for diversity jurisdiction analysis.

### 2. *Defendants are Not Citizens of California*

17. For diversity, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

18. Although courts historically employed one of several tests to determine a corporation's "principal place of business," the United States Supreme Court clarified this uncertainty and announced a single, uniform test to be applied in making such a determination. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). The Court held that the "nerve center" test should determine a corporation's "principal place of

LITTLER MENDELSON, P.C.
633 W. Fifth Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

5.
DEFENDANTS SMITH SECKMAN REID, INC. AND CONAGRA BRANDS, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

business." *Id.*

19. The Court reasoned that a corporation's "nerve center" is normally located where the corporation maintains its corporate headquarters and where the "corporation's officers direct, control, and coordinate the corporation's activities." *Id.* In other words, a corporation's "principal place of business" can be found where the corporation's "brain" is located. *Id.*

20. Although the *Hertz* Court articulated no precise test by which to locate a corporation's "nerve center," prior lower court decisions applying the "nerve center" analysis are instructive. Specifically, courts have considered this list of non-exclusive factors in determining a corporation's "nerve center":

   a. where the company's home offices are located;
   b. where the directors and stockholders meet;
   c. where the corporate officers and executives reside;
   d. where policy decisions are made;
   e. where general counsel resides and has its offices; and
   f. where the administrative and financial offices are located and the records kept.

*See, e.g., Unger v. Del E. Webb Corp.*, 233 F. Supp. 713, 716 (N.D. Cal. 1964); *see also State Farm Fire & Cas. Co. v. Byrd*, 710 F. Supp. 1292, 1293 (N.D. Cal. 1989). SSR's "nerve center" is in Nashville, Tennessee:

   a. SSR's principal place of business is Nashville, Tennessee and that is also where they maintain their headquarters. (*See* Declaration of Susan Osterberg in Support of Notice of Removal to Federal Court ("Osterberg Decl.") ¶ 2.)
   b. SSR's directors and stockholders meet in Nashville, Tennessee. (Osterberg Decl. ¶ 3.)

6.
DEFENDANTS SMITH SECKMAN REID, INC. AND CONAGRA BRANDS, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

LITTLER MENDELSON, P.C.
633 W. Fifth Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

     c.     SSR's high-level officers direct, control, and coordinate the corporation's activities from its corporate headquarters in Nashville, Tennessee where they also reside. (*Id.* at ¶ 4.)

     d.     From its headquarters in Nashville, Tennessee, SSR makes and implements company-wide operating, financial, marketing, development, accounting, and legal policy decisions. (*Id.* at ¶ 5.)

     e.     SSR's general counsel resides in and has an office in Nashville, Tennessee. (*Id.* at ¶ 6.)

     f.     SSR's administrative and financial records are maintained in the State of Tennessee. (*Id.* at ¶ 7.)

21.     Defendant Conagra's "nerve center" is in Chicago, Illinois:

     a.     Conagra is organized under the laws of Delaware and maintains its principal place of business in Chicago, Illinois. (*See* Declaration of Carey Bartell in Support of Notice of Removal to Federal Court ("Bartell Decl.") ¶ 2.)

     b.     Conagra maintains its headquarters and corporate office in Chicago, Illinois. Conagra's management-level executives and corporate officers maintain offices and its corporate decisions are made through its Chicago headquarters. (Bartell Decl. ¶ 3.)

     c.     Conagra's general counsel resides in and has an office in Chicago, Illinois. (*Id.* at ¶ 4.)

     d.     Conagra's administrative and financial records are primarily kept in Chicago, Illinois, but it also keeps some records in Omaha, Nebraska. (*Id.* at ¶ 5.)

22.     Defendant EAD is headquartered in Omaha, Nebraska. *See* Consent to Removal and Declaration filed separately by EAD.

23.     Complete diversity of citizenship exists here because the Plaintiff and Defendants are citizens of different states.

7.

DEFENDANTS SMITH SECKMAN REID, INC. AND CONAGRA BRANDS, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

LITTLER MENDELSON, P.C.
633 W. Fifth Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

24. "DOES 1 through 50" are wholly fictitious. Neither the Complaint nor the FAC set forth the identity or status of any said fictitious defendant, nor does it set forth any charging allegation against any fictitious defendant. The citizenship of the doe defendants is to be disregarded to determine diversity jurisdiction, and therefore cannot destroy the diversity of citizenship between the parties. 28 U.S.C. § 1441(a); accord *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (citing 28 U.S.C. § 1441(a)); *see also Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

**B.   The Amount in Controversy Exceeds $75,000.**

25. Plaintiff's FAC seeks recovery based upon the following causes of action: 1) failure to pay minimum wage; 2) failure to pay overtime; 3) failure to provide meal and rest breaks; 4) failure to pay all wages due at discharge; 5) failure to make timely payments; 6) failure to provide itemized wage statements; 7) failure to provide one day's rest in seven; 8) failure to timely produce personnel and payroll records; 9) unfair competition; 10) violations of the PAGA. (Exh. E., FAC.)

26. Defendants deny the validity and merit of all of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. However, assuming Plaintiff's claims to be accurate for this removal only, the amount in controversy exceeds the jurisdictional minimum. "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002); *see also Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). However, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendant's] liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); *see also Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

27. Plaintiff claims no total amount of damages in either Complaint.

LITTLER MENDELSON, P.C.
633 W. Fifth Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

8.
DEFENDANTS SMITH SECKMAN REID, INC. AND CONAGRA BRANDS, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

Plaintiff's failure to specify the total amount of monetary relief sought does not deprive this Court of jurisdiction. *See White v. J.C. Penney Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any Plaintiff could avoid removal simply by declining . . . to place a specific dollar claim upon its claim"). Instead, Defendants only must show by a preponderance of the evidence (that it is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 861-62 (9th Cir. 1996), amended 102 F.3d 398, 404 (9th Cir. 1996).

28. The U.S. Supreme Court has affirmed that the notice of removal need only contain a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547 (2014) (citing 28 U. S. C. §1446(a)). Moreover, Defendants need not submit evidence to support its notice of removal. *Id*. at 553. Defendants only must plausibly allege that the amount in controversy exceeds $75,000. *Id.* ("the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court"). However, even if an evidentiary showing were required, Defendants only must show by a preponderance of the evidence that the amount-in-controversy requirement has been met. *Id*. at 554. Importantly, the Court instructed there is no anti-removal presumption. *Id*. While the Plaintiff's claims demonstrate that the amount in controversy is exceeded, out of an abundance of caution Defendants provide greater detail below to confirm that the amount in controversy placed at issue by Plaintiff exceeds $75,000.

29. Here, the evidence establishes that threshold is met. Plaintiff's FAC alleges that SSR and Conagra "regularly" scheduled him to work more than forty (40) hours in a week and seven days per workweek, and that it maintained a "policy and

LITTLER MENDELSON, P.C.
633 W. Fifth Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

9.

DEFENDANTS SMITH SECKMAN REID, INC. AND CONAGRA BRANDS, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

practice" of not lawfully paying overtime. FAC, ¶ 44.[2] Plaintiff also alleges that SSR had an "unwritten policy and practice" of requiring him to work "in excess of" five (5) hours without taking an uninterrupted, duty-free meal period, and that he was expected to finish tasks prior to taking their meal period and was expected to "respond to issues" during meal periods. *Id.* at *¶* 45. Plaintiff also alleges SSR and Conagra had an "unwritten policy and practice" whereby he was "not permitted" to take uninterrupted rest breaks every four hours because he was expected to "respond to issues that arose" during his breaks. *Id.* at ¶ 46. Plaintiff further alleges that he was "regularly scheduled" to work all seven days of the workweek without one day of rest. *Id.* at ¶ 47. As such, Plaintiff's FAC alleges that as a standard policy, Plaintiff regularly worked overtime without proper compensation, and was denied meal periods and rest breaks, and therefore is owed one hour of premium wages under Labor Code section 226.7. *Id.* at ¶ 49 a-f. Additionally, Plaintiff claims that he is entitled to statutory penalties under PAGA for these alleged violations. *Id.* at ¶ 51; s*ee, e.g., Mejia v. DHL Express (USA), Inc.,* 2015 U.S. Dist. LEXIS 67212, *10-11 (C.D. Cal. May 21, 2015) (100% violation rate may be based on allegations of uniformly adopted and maintained policies).

30.   Plaintiff also alleges causes of action for violations of the Unfair Competition Law ("UCL"), Business and Professions Code § 17200, *et seq.* FAC, ¶¶ 119-122. Alleging a UCL violation may extend the statute of limitations for Plaintiff's meal period, rest period, overtime and minimum wage claims from three to four years from the filing of the Complaint, which in this case, extends the statute of limitations to July 14, 2016. *See* Cal. Bus. & Prof. Code § 17208; *Cortez v. Purolater Air Filtration Products Co.*, 23 Cal. 4th 163, 178-79 (2000) (four-year statute of limitations for restitution of wages under the UCL).

31.   For purposes of removal, Defendants must assume (without conceding) the truth of Plaintiff's allegations for purposes of assessing amount in controversy.

---

[2] Although Plaintiff alleges these causes of action on behalf of all the allegedly aggrieved employees, removal will only address Plaintiff's individual damages.

10.

DEFENDANTS SMITH SECKMAN REID, INC. AND CONAGRA BRANDS, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

LITTLER MENDELSON, P.C.
633 W. Fifth Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Accordingly, Defendants rely only Plaintiff's employment with SSR during the statute of limitations. Based on the available employment records, Plaintiff worked for SSR from June 16, 2018 to December 4, 2019, and has placed approximately 76 workweeks with SSR in controversy. (Osterberg Decl. ¶ 8). During his employment with SSR Plaintiff's rate of pay was $42.71 per hour. (*Id.* at ¶ 9; FAC, ¶ 39.)[3]

32. **Second Cause of Action – Overtime.** In his Second Cause of Action, Plaintiff alleges that he "regularly" worked more than eight (8) hours in a day and more than forty (40) hours in a week and "regularly" worked seven consecutive days a workweek" while employed at SSR FAC, ¶¶60-61. Plaintiff further seeks to recover overtime wage, interest and reasonable attorneys' fees and costs as a result. *Id.* ¶ 62.

33. While Defendants deny the validity and merit of Plaintiff's failure to pay overtime claim, for purposes of removal only, based on a preliminary review of their records, SSR calculates that based on Plaintiff's pay rate of $42.71 per hour and Plaintiff's allegation he was paid straight time for overtime (FAC, ¶ 28), he is owed overtime at half time, or $21.36 per hour. Assuming Plaintiff worked one hour of overtime per day every workweek, the amount in controversy for his overtime claim while employed with SSR is **$11,363.52** ($21.36 per hour x 76 workweeks x 7 hours of overtime per workweek).

34. **Third Cause of Action – Failure to Provide Meal Periods and Rest Breaks.** In his Third Cause of Action, Plaintiff alleges that SSR had "an unwritten policy and practice" that did not permit Plaintiff to take an uninterrupted meal period before the end of the fifth hour, which resulted in "frequent" late or missed meal periods. Plaintiff makes similar allegations about rest breaks – that there was "unwritten policy and practice" that did not permit him to take uninterrupted rest periods every four hours and that this "often" resulted in Plaintiff being unable to take his rest breaks. FAC, ¶¶ 68-69. California law permits recovery of one additional hour of pay at the employee's

---

[3] Although Plaintiff concedes in his FAC that he made more than $42.71 per hour during at least a portion of his employment (FAC, ¶ 43), Defendants will use his lowest hourly rate while employed with SSR for removal purposes only.

11.

LITTLER MENDELSON, P.C.
633 W. Fifth Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS SMITH SECKMAN REID, INC. AND CONAGRA BRANDS, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

regular rate of compensation for each workday a meal period was not provided. IWCWage Order No. 8-2001 and Labor Code § 226.7. Plaintiff alleges that Defendants did not pay this premium. FAC, ¶ 71.

35. While Defendants deny the validity and merit of Plaintiff's failure to provide meal periods and rest breaks, for purposes of removal only, based on a preliminary review of their records, SSR calculates that based on Plaintiff's pay rate of $42.71 per hour, and assuming Plaintiff missed one meal period and one rest break every day of the workweek, the amount in controversy for this claim while employed with SSR is **$45,443.44** ($42.71 per hour x 76 workweeks x 14 hours of premium pay per workweek).

36. **Fourth Cause of Action – Failure to Pay Wages at Discharge.** For his Fifth Cause of Action, Plaintiff seeks waiting time penalties pursuant to Labor Code section 203. FAC, ¶ 79. Plaintiff demands up to thirty (30) days of pay as penalty for not paying all wages due at time of his termination. *Id*.

37. While Defendants deny the validity and merit of Plaintiff's failure to pay all wages at discharge, for purposes of removal only, based on a preliminary review of their records, SSR calculates that the amount in controversy for this claim while employed with SSR is **$10,250.40** ($42.71 per hour x 8 hours per day x 30 days).

38. **Sixth Cause of Action – Failure to Provide Accurate Wage Statements.** In his Sixth Cause of Action, Plaintiff alleges SSR failed to furnish accurate itemized wage statements to Plaintiff. FAC, ¶ 97. Labor Code Section 226(e) provides for a statutory penalty for violations of Labor Code section 226(a)'s wage statement requirements of $50 or actual damages per employee for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate amount of $4,000. Cal. Lab. Code section 226(a). The statutory period for Labor Code section 226(e) penalties is one year. Cal. Code Civ. Proc. § 340.

39. While Defendants deny the validity and merit of Plaintiff's claim for

LITTLER MENDELSON, P.C.
633 W. Fifth Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

failure to provide accurate wage statements, for purposes of removal only, SSR calculates that the amount in controversy for this claim while employed with SSR is **$4,000.00**.

40. **Eighth Cause of Action – Failure to Timely Produce Personnel and Payroll Records.** In his Eighth Cause of Action, Plaintiff alleges that SSR failed to timely produce his personnel and payroll records as requested pursuant to Labor Code sections 1198.5 and 226. FAC, ¶¶ 111-113, 115. Pursuant to each of these statutes the total recovery for failure to comply is $750 for each claim. Labor Code §§ 1198.5(k) and 226(f).

41. While Defendants deny the validity and merit of Plaintiff's claim for failure to timely provide personnel and payroll records, for purposes of removal only, SSR calculates that the amount in controversy for this claim while employed with SSR is **$1,500.00** ($750 per claim).

42. **Attorneys' Fees**. Finally, Plaintiff seeks attorneys' fees, which must also be considered in determining whether the jurisdictional limit is met. "Where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007) (citing Galt, 142 F.3d at 1155-56). In California, it is not uncommon for an attorneys' fee award to exceed $75,000 alone. In this case, assuming this case proceeds through trial, attorneys' fees could easily amount to over $100,000.[4]

43. Summary of Amount in Controversy

| **Plaintiff's Claims** | **Amount in Controversy** |
|---|---|
| Overtime | **$11,363.52** |

---

[4] Plaintiff has also alleged PAGA penalties on each of his claims that range in value from $50 to $100 of potential recovery per pay period. Because Defendants easily meet the $75,000 threshold without it, these penalties have not been included in the amount in controversy.

| | |
|---|---|
| Missed Meal and Rest Breaks | **$45,443.44** |
| Wages at Discharge | **$10,250.40** |
| Wage Statements | **$4,000.00** |
| Payroll and Personnel Records | **$1,500.00** |
| Attorneys' Fees | **$100,000** |
| **TOTAL** | **$ 72,557.36+ attorneys' fees** |

44.  Although Defendants do not concede Plaintiff's claims have any merit, when the relief sought by Plaintiff is taken as a whole, even a conservative estimate of Plaintiff's claims total well over the $75,000 minimum threshold.  These calculations are based only on SSR's alleged liability for Plaintiff only.  Critically, it does not include EAD's alleged liability or liability for the allegedly aggrieved employees.  Alleged liability for EAD and the allegedly aggrieved employees is likely to exceed $75,000 without considering attorneys' fees.  Defendants have carried their burden of demonstrating by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum of $75,000.00.  Therefore, this Court has original jurisdiction over this action based on diversity of citizenship under 28 U.S.C. sections 1332 subsection (a)(1) and 1441.

WHEREFORE, having provided notice as required by law, Defendants request that the above-referenced action be removed from the Stanislaus County Superior Court to this Court, this Court make such other orders as may be appropriate to effect the preparation and filing of a true record of all proceedings that may have been had in the state court action, and this Court assume jurisdiction over this matter.

LITTLER MENDELSON, P.C.
633 W. Fifth Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

14.

DEFENDANTS SMITH SECKMAN REID, INC. AND CONAGRA BRANDS, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

Dated: August 21, 2020

_____
REBECCA ARAGON
KARIMAH LAMAR
LITTLER MENDELSON, P.C.
Attorneys for Defendant
SMITH SECKMAN REID, INC. and
CONAGRA BRANDS, INC.

LITTLER MENDELSON, P.C.
633 W. Fifth Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

15.

DEFENDANTS SMITH SECKMAN REID, INC. AND CONAGRA BRANDS, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT