# EXHIBIT B

# EXHIBIT B

1  David D. Cardone, Esq. (SBN 254954)
   Christine Y. Dixon, Esq. (SBN 297496)
2  DUNN DESANTIS WALT & KENDRICK, LLP
   750 B Street, Suite 2620
3  San Diego, CA 92101
   Telephone: (619) 573-4488
4  Facsimile: (619) 255-4868
   DCardone@ddwklaw.com
5  CDixon@ddwklaw.com

6  Attorneys for Plaintiff ROBERT MISKA

Electronically Filed
7/14/2020 1:34 PM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Mouang Saechao, Deputy

$435 PAID

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                      **COUNTY OF STANISLAUS**

10  ROBERT MISKA,                        CASE NO. CV-20-003027

11        Plaintiff,                     **COMPLAINT FOR DAMAGES AND
                                         JURY DEMAND**
12  vs.
                                         1) **FAILURE TO PAY MINIMUM
13  ENGINEERING AUTOMATION &                WAGES (Labor Code §§ 1194, 1197,
    DESIGN, INC. dba EAD                     1197.1)**
14  MANAGEMENT SERVICES, INC., a        2) **FAILURE TO PAY OVERTIME
    Nebraska corporation, SMITH             WAGES (Labor Code §§ 223, 510, 1194,
15  SECKMAN REID, INC., a Tennessee         1198 and Applicable Wage Order)**
    corporation, CONAGRA BRANDS,        3) **FAILURE TO PROVIDE MEAL AND
16  INC., a Delaware corporation, and       REST BREAKS (Labor Code §§ 226.7,
    DOES 1 to 50,                           512 and Applicable Wage Order)**
17                                       4) **FAILURE TO PAY ALL WAGES DUE
        Defendants.                         AT TIME OF DISCHARGE (Labor
18                                          Code §§ 201, 202, 203, 208, 227.3)**
                                         5) **FAILURE TO MAKE TIMELY
19                                          PAYMENTS (Labor Code § 204)**
                                         6) **FAILURE TO PROVIDE ITEMIZED
20                                          WAGE STATEMENTS (Labor Code §
                                            226)**
21                                       7) **FAILURE TO PROVIDE ONE DAY'S
                                            REST IN SEVEN (Labor Code §§ 551,
22                                          552)**
                                         8) **FAILURE TO TIMELY PRODUCE
23                                          PERSONNEL AND PAYROLL
                                            RECORDS (Labor Code §§ 226(c),
24                                          1198.5(b))**
                                         9) **UNFAIR COMPETITION (Bus. &
25                                          Prof. Code § 17200 et seq.)**

26

27

28                                       This case has been assigned to Judge Sandhu, Sonny S.
                                         Department ____, for all purposes including Trial.
                                         Dept. 24

                                    1
    COMPLAINT FOR DAMAGES AND JURY DEMAND

1    COMES now Plaintiff ROBERT MISKA (hereinafter "Plaintiff") who, by and through his

2    counsel, hereby files this Complaint against Defendants ENGINEERING AUTOMATION &

3    DESIGN, INC. dba EAD MANAGEMENT SERVICES, INC., a Nebraska corporation ("EAD"),

4    SMITH SECKMAN REID, INC., a Tennessee corporation ("SSR"), CONAGRA BRANDS, INC.,

5    a Delaware corporation ("CONAGRA"), and DOES 1 to 50, inclusive, (collectively referred as

6    "Defendants"), and each of them, and complains and alleges as follows:

7    **INTRODUCTION**

8    1.    Plaintiff alleges violations of various statutes, including the Labor Code and the

9    Business & Professions Code.

10    2.    Plaintiff alleges that Defendants, and each of them, failed to pay overtime wages,

11    failed to provide mandatory meal and rest breaks, and failed to pay all earned wages at the time of

12    discharge. Plaintiff alleges that the violations of statutes and Defendants' policies and practices

13    constitute unfair business practices, in violation of the Business & Professions Code.

14    **JURISDICTION & VENUE**

15    3.    Venue is proper in Stanislaus County because Plaintiff resides in Stanislaus County,

16    Defendants were conducting their respective businesses in Stanislaus County, and all of the events,

17    transactions and injuries giving rise to the causes of action stated herein took place in Stanislaus

18    County.

19    4.    The causes of action and damages stated herein entitle Plaintiff to recover in excess

20    of $25,000.00 and are thus within the jurisdiction of this Court.

21    **THE PARTIES**

22    5.    Plaintiff is a natural person who is, and at all relevant times was, a resident of

23    Stanislaus County, California. Plaintiff was previously employed by Defendants at CONAGRA's

24    Oakdale facility located in Stanislaus County.

25    6.    Plaintiff is informed and believes, and based thereon alleges, that Defendant

26    ENGINEERING AUTOMATION & DESIGN, INC. (hereinafter "EAD"), is a Nebraska

27    corporation licensed to do business in the State of California with its principal place of business

28    located at 3635 S. 149th Street in Omaha, Nebraska 68144. During all relevant times, EAD was

2

COMPLAINT FOR DAMAGES AND JURY DEMAND

1    conducting business at CONAGRA's Oakdale facility located at 554 South Yosemite Boulevard,

2    Oakdale, CA 95361.

3         7.    Plaintiff is informed and believes, and thereon alleges, that Defendant SMITH

4    SECKMAN REID, INC. (hereinafter "SSR") is a Tennessee corporation licensed to do business in

5    the State of California with its principal place of business in located at 2995 Sidco Drive, Nashville,

6    Tennessee 37204.   During all relevant times, SSR was conducting business at CONAGRA's

7    Oakdale facility located at 554 South Yosemite Boulevard, Oakdale, CA 95361.

8         8.    Plaintiff is informed and believes, and thereon alleges, that Defendant CONAGRA

9    BRANDS, INC. (hereinafter "CONAGRA") is a Delaware corporation licensed to do business in

10   the State of California with its principal place of business located at 222 Merchandise Mart Plaza,

11   Chicago, Illinois 60654.   During all relevant times, CONAGRA was conducting business at a

12   facility located at 554 South Yosemite Boulevard, Oakdale, CA 95361.   Plaintiff is informed and

13   believe, and based thereon alleges, that at all relevant times, CONAGRA was a joint employer of

14   Plaintiff with EAD from January 17, 2017 to June 15, 2018, and then with SSR from June 16, 2018

15   to December 4, 2019.

16        9.    Plaintiff is ignorant of the true names and capacities, whether individual, corporate,

17   associate, or otherwise, of defendants sued herein as DOES 1 through 50, inclusive, and therefore

18   sues these defendants by such fictitious names pursuant to California Code of Civil Procedure §

19   474. Plaintiff will amend the complaint to allege their true names and capacities when ascertained.

20   Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named

21   defendants was intentionally, negligently, or in some other manner responsible for the occurrences

22   alleged herein, and that Plaintiff's injuries and damages as alleged herein were proximately caused

23   by such acts.

24        10.   Plaintiff is informed and believes, and based thereon alleges, that at all times herein

25   mentioned, each Defendant was the agent, principal and/or employee of each other Defendant in

26   the acts and conduct alleged herein and therefore incurred liability to Plaintiff for the acts alleged

27   below. Plaintiff is further informed and believes, and based thereon alleges, that at all times herein

28

3

1    mentioned, all Defendants acted within the course and scope of their employment and/or said

2    agency.

3        11.    Defendants EAD, SSR, CONAGRA, and DOES 1 through 50 are hereinafter

4    referred to collectively as "Defendants."

5                          **JOINT EMPLOYER ALLEGATIONS**

6        12.    Plaintiff is informed and believes, and based thereon alleges, that there exists, and

7    at all times herein mentioned there existed, a joint employment relationship by and between

8    CONAGRA and EAD, and then CONAGRA and SSR as to Plaintiff.  Based on the conduct alleged

9    herein, CONAGRA and EAD, then CONAGRA and SSR acted together as Plaintiff's joint

10   employers at all times relevant hereto and are jointly liable for all damages asserted herein.

11       13.    At all times alleged herein, Plaintiff's performance simultaneously benefited both

12   CONAGRA and EAD, and then CONAGRA and SSR, and each of them. CONAGRA and EAD,

13   and then CONAGRA and SSR also had the joint authority to hire, transfer, promote, discipline or

14   discharge Plaintiff, as well as to control Plaintiff's working conditions (such as his work schedule),

15   and the joint discretion to determine the amount of compensation earned by Plaintiff.

16       14.    When the EAD contract with CONAGRA expired, CONAGRA engaged with SSR

17   to replace EAD at its Oakdale facility and instructed SSR to hire Plaintiff and several coworkers in

18   order to keep them working at CONAGRA's Oakdale facility.  Based thereon, SSR did hire

19   Plaintiff and his coworkers to continue working at CONAGRA's Oakdale facility.

20       15.    As such, at all times alleged herein, CONAGRA and EAD, and then CONAGRA

21   and SSR continuously and jointly shared control over the construction management operations at

22   the Oakdale facility such that their operations were intermingled, including but not limited to, the

23   centralized control of labor relations.

24       16.    During the relevant times alleged herein, Plaintiff reported to management of

25   CONAGRA and EAD, and then CONAGRA and SSR, at CONAGRA's Oakdale facility.

26                              **FACTUAL BACKGROUND**

27       17.    At all times during the applicable liability period, CONAGRA was (and still is) a

28   global food industry corporation.  Plaintiff is informed and believes, and based thereon alleges, that

                                            4

COMPLAINT FOR DAMAGES AND JURY DEMAND

1  CONAGRA owns and operates numerous facilities and warehouses throughout California, such as

2  the facility located at 554 South Yosemite Boulevard in Oakdale, California (the "Oakdale

3  facility"), where Plaintiff worked.

4      18.    EAD and SSR provided construction management services to CONAGRA at

5  CONAGRA's Oakdale facility.

6      19.    Plaintiff was hired on January 17, 2017 by EAD to be a construction manager at

7  CONAGRA's Oakdale facility.

8      20.    When EAD's contract with CONAGRA expired, CONAGRA instructed SSR (who

9  took over the construction management services at CONAGRA's Oakdale facility) to hire Plaintiff

10  and several other former EAD employees in order to keep them at the Oakdale facility.

11      21.    Plaintiff is informed and believes, and based thereon alleges, Defendants currently

12  employ a substantial number of employees in the State of California.

13  ***Plaintiff's Employment by EAD at CONAGRA's Oakdale Facility***

14      22.    On or around January 17, 2017, Plaintiff was hired by EAD to work at CONAGRA's

15  Oakdale facility. Plaintiff was employed as a construction manager for CONAGRA's Oakdale,

16  California facility until June 15, 2018.

17      23.    As a construction manager, Plaintiff was expected to maintain a professional and

18  satisfactory relationship with CONAGRA, to manage and coordinate all aspects of the construction

19  effort, interface with CONAGRA representatives, and to review and approve construction related

20  portions of project proposals and subcontractor invoices.

21      24.    Plaintiff worked diligently for EAD and CONAGRA and he enjoyed a positive

22  reputation with his colleagues.

23      25.    However, during his employment by EAD and CONAGRA, Plaintiff was regularly

24  scheduled to work anywhere between 40 to 80 hours per workweek and seven days per workweek.

25  Plaintiff's wages each pay period varied significantly based on the number of hours he worked.

26      26.    Plaintiff regularly worked more than 80 hours per pay period.

27      27.    It was a known but unwritten policy that EAD and CONAGRA would not pay

28  construction managers wages for hours 80 to 92 that were worked during a pay period.  Plaintiff

5

1  was not compensated for hours 80 to 92 that he worked in a pay period for his work at the Oakdale

2  facility while jointly employed by EAD and CONAGRA.  EAD and CONAGRA would only

3  compensate Plaintiff for hours 0 to 80, then any hours worked over 92 in a pay period.  Any hours

4  worked over 92 in a pay period were payed at Plaintiff's regular wage rate.

5         28.    At all times relevant to this action, EAD and CONAGRA controlled Plaintiff's

6  wages, hours, and working conditions.  EAD and CONAGRA directed and supervised Plaintiff's

7  work, EAD and CONAGRA set the respective rates of pay for the work performed and their method

8  of compensation, and EAD and CONAGRA provided Plaintiff with a place to work and determined

9  their hours and the conditions of his employment.  EAD and CONAGRA exclusively controlled

10  the day-to-day operations at their worksite.  EAD and CONAGRA had the power to either cause

11  Plaintiff to work or prevent him from working on EAD's and CONAGRA's behalf.  EAD and

12  CONAGRA had exclusive control over Plaintiff's work activities and the tasks he performed were

13  for the benefit of EAD and CONAGRA and an integral part of EAD and CONAGRA's regular

14  business operations.

15         29.    At all times relevant to this action, Plaintiff was employed to perform job duties on

16  EAD's and CONAGRA's behalf.  The primary obligations and responsibilities of Plaintiff included

17  performing job duties for the purpose of providing services in EAD and CONAGRA's Oakdale

18  facility.

19         30.    At all times relevant to this action, EAD and CONAGRA had an unwritten policy

20  and practice whereby Plaintiff was regularly required to work in excess of five consecutive hours

21  without being permitted to take a 30-minute, continuous and uninterrupted, duty-free meal period.

22  Plaintiff was not permitted to take at least a 30-minute, continuous and uninterrupted, duty-free

23  meal period that began before the end of his fifth hour of work.  EAD and CONAGRA also had an

24  unwritten policy and practice whereby Plaintiff was not permitted to take a 10-minute, off-duty,

25  paid rest period for each four hours (or major fraction thereof) worked.  Plaintiff was forced to work

26  "off-the-clock" because he was not paid for hours 80 to 92 that he worked during a pay period.

27  Plaintiff was also regularly scheduled to work all seven days of the workweek and, thus, was not

28  provided one-day's rest in seven.

COMPLAINT FOR DAMAGES AND JURY DEMAND

31. At all times relevant to this action, EAD and CONAGRA maintained a policy and practice of not lawfully paying Plaintiff for overtime worked.

32. EAD and CONAGRA also wrongfully withheld compensation for time worked, denied or cut short earned rest and/or meal periods without proper compensation, failed to provide accurate itemized wage statements, and failed to timely pay wages. Additionally, EAD and CONAGRA failed to pay all wages earned and unpaid upon the termination of Plaintiff's employment by EAD and CONAGRA.

33. For at least four years prior to the filing of this action and through the present, EAD and CONAGRA wrongfully withheld compensation for time suffered and permitted to work, denied or cut short earned rest and/or meal periods without proper compensation, failed to provide accurate itemized wage statements, and failed to timely pay wages (including minimum and overtime wages). EAD and CONAGRA maintained and enforced against Plaintiff unlawful employment practices in violation of California wage and hour laws, including:

    a. Failing to pay Plaintiff at least minimum wage for all hours worked;

    b. Failing to pay Plaintiff for all overtime time worked pursuant to the California Labor Code and applicable Wage Orders;

    c. Failing to permit Plaintiff to take paid rest periods of at least ten minutes per four hours worked or major fraction thereof and failing to pay Plaintiff one hour of pay at his regular rate of compensation for each day a rest period was not provided, as required by California law;

    d. Failing to authorize and permit Plaintiff to take meal periods of at least thirty (30) minutes for a work period of more than five (5) hours and failing to pay such employees one hour of pay at his regular rate of compensation for each day a meal period was not provided, as required by California law;

    e. Failing to provide Plaintiff accurate itemized wage statements, as required by California law; and

    f. Failing to pay Plaintiff all wages due at the end of his employment;

    g. Failing to pay Plaintiff statutory penalties pursuant to the California Labor Code.

7

COMPLAINT FOR DAMAGES AND JURY DEMAND

34.    On information and belief, and based thereupon, Plaintiff alleges EAD and CONAGRA were well aware that Plaintiff was not provided with the foregoing. EAD and CONAGRA's denial of wages and other compensation due to Plaintiff was willful and deliberate.

35.    In or about June 2018, EAD's contract with CONAGRA to manage construction at the Oakdale facility was not going to be renewed and CONAGRA arranged for the new construction management firm (SSR) to hire Plaintiff in order for Plaintiff to continue working at CONAGRA's Oakdale facility. CONAGRA also arranged for other former joint EAD employees to continue working at its Oakdale facility under the new contract with SSR.

36.    This action seeks recovery of wages and compensation due and owing to Plaintiff under California law and for the maximum period allowed.

***Plaintiff's Employment by SSR at CONAGRA's Oakdale Facility***

37.    On or around April 30, 2018, Plaintiff was offered a position by SSR to work at CONAGRA's Oakdale facility. He was hired by SSR at the behest of CONAGRA. SSR also hired several former joint employees of CONAGRA and EAD, at the behest of CONAGRA in order for them to continue working at CONAGRA's Oakdale facility.

38.    Plaintiff's employment for CONAGRA and SSR began on or around June 16, 2018. The terms of his employment included Plaintiff being paid an hourly rate with overtime being compensated on a straight-time basis.

39.    Plaintiff was expected by CONAGRA and SSR to plan and execute project plans, to timely deliver quality products and services, proactively manage project financials and to serve as the liaison between SSR and CONAGRA.

40.    Plaintiff was paid by SSR on an hourly basis; overtime he worked was paid at his straight time rate.

41.    Plaintiff's joint employment by CONAGRA and SSR was terminated on December 4, 2019.

42.    During his joint employment by SSR and CONAGRA, Plaintiff was regularly scheduled by SSR and CONAGRA to work more than 40 hours per workweek, and seven days per workweek. At all times relevant to this action, SSR and CONAGRA maintained a policy and

8

COMPLAINT FOR DAMAGES AND JURY DEMAND

1 | practice of not lawfully paying Plaintiff for overtime worked.  Plaintiff was never paid at least one-
2 | and-one-half his regular wage rate for all hours that he worked in excess of eight hours but less
3 | than twelve hours per day, in excess of 40 hours per workweek, or for the first eight hours worked
4 | on the seventh day worked in a workweek.

5 |      43.    At all times relevant to this action, SSR and CONAGRA controlled Plaintiff's
6 | wages, hours, and working conditions.  SSR and CONAGRA directed and supervised Plaintiff's
7 | work, SSR and CONAGRA set the respective rates of pay for the work performed and their method
8 | of compensation, and SSR and CONAGRA provided Plaintiff with a place to work and determined
9 | their hours and the conditions of his employment.  SSR and CONAGRA exclusively controlled the
10 | day-to-day operations at their worksites.  SSR and CONAGRA had the power to either cause
11 | Plaintiff to work or prevent him from working on SSR and CONAGRA's behalf.  SSR and
12 | CONAGRA had exclusive control over Plaintiff's work activities and the tasks he performed were
13 | for the benefit of SSR and CONAGRA and an integral part of SSR and CONAGRA's regular
14 | business operations.

15 |      44.    At all times relevant to this action, Plaintiff was employed to perform job duties on
16 | SSR and CONAGRA's behalf.  The primary obligations and responsibilities of Plaintiff included
17 | performing job duties for the purpose of providing services in SSR's and CONAGRA's facilities
18 | and warehouses.

19 |      45.    At all times relevant to this action, SSR and CONAGRA had an unwritten policy
20 | and practice whereby Plaintiff was regularly required to work in excess of five consecutive hours
21 | without being permitted to take a 30-minute, continuous and uninterrupted, duty-free meal period.
22 | Plaintiff was not permitted to take at least a 30-minute, continuous and uninterrupted, duty-free
23 | meal period that began before the end of his fifth hour of work.  SSR and CONAGRA also had an
24 | unwritten policy and practice whereby Plaintiff was not permitted to take a 10-minute, off-duty,
25 | paid rest period for each four hours (or major fraction thereof) worked.  Plaintiff was also regularly
26 | scheduled to work all seven days of the workweek and, thus, was not provided one-day's rest in
27 | seven.
28

9

COMPLAINT FOR DAMAGES AND JURY DEMAND

46. SSR and CONAGRA wrongfully withheld compensation for time worked, denied or cut short earned rest and meal periods without proper compensation, failed to provide accurate itemized wage statements, and failed to timely pay wages. Additionally, SSR and CONAGRA failed to pay all wages earned and unpaid upon the termination of Plaintiff's employment by SSR and CONAGRA.

47. For at least four years prior to the filing of this action and through the present, SSR and CONAGRA wrongfully withheld compensation for time suffered and permitted to work, denied or cut short earned rest and meal periods without proper compensation, failed to provide accurate itemized wage statements, and failed to timely pay wages (including minimum and overtime wages). SSR and CONAGRA maintained and enforced against Plaintiff unlawful employment practices in violation of California wage and hour laws, including:

a. Failing to pay Plaintiff at least minimum wage for all hours worked;

b. Failing to pay Plaintiff for all overtime time worked pursuant to the California Labor Code and applicable Wage Orders;

c. Failing to permit Plaintiff to take paid rest periods of at least ten minutes per four hours worked or major fraction thereof and failing to pay him one hour of pay at his regular rate of compensation for each day a rest period was not provided, as required by California law;

d. Failing to authorize and permit Plaintiff to take meal periods of at least thirty (30) minutes for a work period of more than five (5) hours and failing to pay him one hour of pay at his regular rate of compensation for a meal period that was not provided, as required by California law;

e. Failing to provide Plaintiff accurate itemized wage statements, as required by California law;

f. Failing to pay Plaintiff all wages due at the end of his employment; and

g. Failing to pay Plaintiff statutory penalties pursuant to the California Labor Code.

10

COMPLAINT FOR DAMAGES AND JURY DEMAND

48.    On information and belief, and based thereupon, Plaintiff alleges SSR and CONAGRA were well aware that Plaintiff was not provided with the foregoing.    SSR and CONAGRA's denial of wages and other compensation due to Plaintiff was willful and deliberate.

49.    This action seeks recovery of wages and compensation due and owing to Plaintiff and for the maximum period allowed.

**FIRST CAUSE OF ACTION**
**Failure to Pay Minimum Wages in Violation of Labor Code §§ 1194, 1197**
**(By Plaintiff Against EAD, CONAGRA and DOES 1-25)**

50.    Plaintiff realleges and incorporates by reference all of the preceding paragraphs of this complaint, as though fully set forth in full at this point.

51.    Plaintiff was EAD and CONAGRA's joint employee because EAD and CONAGRA engaged, suffered, or permitted Plaintiff to work for them and exercised significant control over the his wages, hours of work, and working conditions.

52.    Plaintiff was not compensated by EAD and CONAGRA for hours 80 to 92 that he worked during a pay period, in accordance with EAD and CONAGRA's known but unwritten policy, in violation of Labor Code §§ 1194 and 1197.

53.    Labor Code § 1194.2, subdivision (a), states: "In any action under § … 1194… to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

54.    Insofar as EAD and CONAGRA, and each of them, failed to pay Plaintiff an amount that was at least the same as the applicable minimum wage, EAD and CONAGRA, and each of them, were and are in violation of Labor Code § 1194 and 1197 and Plaintiff is entitled to recover damages pursuant to Labor Code § 1194.2(a).

**SECOND CAUSE OF ACTION**
**Failure to Pay Overtime Wages in Violation of Labor Code §§ 510, 1194, 1198, and applicable Wage Order**
**(By Plaintiff Against all Defendants)**

55.    Plaintiff realleges and incorporates by reference all of the preceding paragraphs of this complaint, as though fully set forth in full at this point.

11

COMPLAINT FOR DAMAGES AND JURY DEMAND

56. Under California law, eight hours a day constitutes a day's work. Any work in excess of eight hours a day, or 40 hours per week, entitles the worker to a premium. (Labor Code §§ 510(a), 1198, Part 3 of IWC Wage Order 8.)

57. Additionally, under California law, every employee is entitled to one-day's rest in seven in a workweek and no employer may cause its employees to work more than six days in seven. (Labor Code §§ 551, 552.) Any hours worked on the seventh consecutive day of work in a workweek entitles the worker to a premium. (Labor Code §§ 510(a), 1198, Part 3 of IWC Wage Order 8.)

58. Plaintiff regularly worked more than eight hours a day and more than 40 hours per workweek at the direction of Defendants, and each of them, when he was employed by EAD and CONAGRA, and then SSR and CONAGRA. Plaintiff alleges on information and belief that the electronic and/or paper timecard systems maintained by Defendants, and each of them, will demonstrate when Plaintiff clocked in for work and out when he concluded his day's work. Plaintiff is entitled to overtime compensation, pursuant to Labor Code § 510(a), for the hours worked beyond eight hours in a single work day, or 40 hours in a week.

59. Plaintiff regularly worked seven consecutive days in a workweek at the direction of Defendants, and each of them, when he was employed by EAD and CONAGRA, and then SSR and CONAGRA. Plaintiff alleges on information and belief that the electronic and/or paper timecard systems maintained by Defendants, and each of them, will again demonstrate Plaintiff worked seven consecutive days in a workweek. Plaintiff is entitled to overtime compensation, pursuant to Labor Code § 510(a), for any hours worked on the seventh consecutive day of work in a workweek.

60. Plaintiff is entitled to recover his unpaid overtime wages, including interest thereon, reasonable attorneys' fees, and costs of suit, pursuant to Labor Code § 1194(a).

## THIRD CAUSE OF ACTION
**Failure to Provide Rest and Meal Periods in Violation of Labor Code §§ 226.7, 512, IWC Wage Order 8-2001 §§ 11, 12**
**(By Plaintiff Against All Defendants)**

61. Plaintiff realleges and incorporates by reference all of the preceding paragraphs of this complaint, as though fully set forth in full at this point.

12

COMPLAINT FOR DAMAGES AND JURY DEMAND

62.    California Labor Code § 226.7 states that an employer must provide an employee an off-duty, uninterrupted meal and rest period in compliance with the applicable order of the Industrial Welfare Commission. If an employee is not provided a rest period or a meal period, the employer must pay the employee one additional hour of pay, at the employee's regular rate of compensation, for each workday that the meal or rest period is not provided.

63.    California Industrial Welfare Commission Wage Order 8-2001 § 11 requires employers to provide all employees working more than five hours, but not less than six hours and with certain exceptions, a 30-minute, uninterrupted meal period. If an employee is not relieved of all duties during the meal period, the employer must pay the employee one additional hour of pay, at the employee's regular rate of compensation, for each workday that the meal period is not provided.

64.    California Industrial Welfare Commission Wage Order 8-2001 § 12 requires employers to authorize all employees to take a 10-minute paid rest period per four hours, or major fraction thereof, worked. If an employee is not provided a rest period, the employer must pay the employee one additional hour of pay, at the employee's regular rate of compensation, for each workday that the rest period is not provided.

65.    Defendants, and each of them, had an unwritten policy and practice whereby Plaintiff was not permitted to take a 30-minute, off-duty meal period (that began before the end of the fifth hour of work) for any work period of five or more hours that he worked for Defendants. Plaintiff was required – and expected – to continue with his duties, which resulted in frequent late or missed meal periods.

66.    Defendants, and each of them, had an unwritten policy and practice whereby Plaintiff was not permitted to take a ten minute, off-duty rest period for every four hours or major fraction thereof that he worked for Defendants. Plaintiff was required – and expected – to continue with his duties, which often resulted in Plaintiff being unable to take rest periods.

67.    Plaintiff did not lawfully voluntarily or willfully waive his entitlement to rest periods and/or meal periods. Any express or implied waivers obtained from Plaintiff were not willfully

13

1    obtained, were not voluntarily agreed to, or were a condition of employment, or made part of an

2    unlawful contract of adhesion.

3        68.    As a result of Defendants' failure to comply with meal period and rest period

4    regulations set forth in IWC Wage Order 8-2001 and California Labor Code § 226.7, Plaintiff is

5    entitled to be compensated for one hour of additional pay at the regular rate of compensation for

6    each day a rest period was not provided.  Plaintiff is further entitled to be compensated for one hour

7    of additional pay at the regular rate of compensation for each day a meal period was not provided.

8                              **FOURTH CAUSE OF ACTION**
       **Failure to Timely Pay Wages in Violation of Labor Code §§ 201, 202, 203**
9                          **(By Plaintiff Against All Defendants)**

10        69.    Plaintiff realleges and incorporates by reference all of the preceding paragraphs of

11    this complaint, as though fully set forth in full at this point.

12        70.    California Labor Code § 201, subdivision (a) provides, in pertinent part: "If an

13    employer discharges an employee, the wages earned and unpaid at the time of discharge are due

14    and payable immediately."

15        71.    California Labor Code § 202, subdivision (a) provides, in pertinent part: "If an

16    employee not having a written contract for a definite period quits his or her employment, his or her

17    wages shall become due and payable not later than 72 hours thereafter, unless the employee has

18    given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled

19    to his or her wages at the time of quitting."

20        72.    Plaintiff was not paid all earned and unpaid wages at the time of his employment

21    terminated, including unpaid minimum wages, unpaid overtime, and unpaid premiums for missed

22    meal and rest periods.

23        73.    At all times pertinent hereto, Defendants, and each of them, had it within their

24    abilities to consult their business records and properly calculate and pay all of the said unpaid wages

25    at the time of Plaintiff's employment by EAD and CONAGRA, and then SSR and CONAGRA,

26    ended.  However, Defendants, and each of them, willfully and intentionally failed and refused to

27    pay the earned and unpaid wages to Plaintiff.

28

                                        14

74.     Plaintiff did not hide himself, or in any manner refuse or obfuscate any attempt by Defendants to tender the balance of his earned and unpaid wages.

75.     Pursuant to California law, Plaintiff is entitled to a penalty equal to his regular daily rate, up to a maximum of thirty (30) days.

76.     Plaintiff seeks penalties pursuant to California Labor Code § 203 in an amount to be determined at trial and attorneys' fees, costs, and interest pursuant to California Labor Code § 218.5.

### FIFTH CAUSE OF ACTION
**Failure to Pay Wages in Violation of Labor Code §§ 204, 210**
**(By Plaintiff Against All Defendants)**

77.     Plaintiff realleges and incorporates by reference all of the preceding paragraphs of this complaint, as though fully set forth in full at this point.

78.     California Labor Code § 204, subdivision (a) states that all wages earned are due and payable twice during each calendar month on days designated in advance by the employers.

79.     Plaintiff was not compensated by EAD and CONAGRA for hours 80 to 92 that he worked during a pay period, thus he never received compensation for those hours worked.

80.     Plaintiff was not compensated by Defendants the appropriate overtime pay rate for any overtime hours he worked at the direction of Defendants.

81.     Plaintiff regularly worked more than eight hours a day and more than 40 hours per workweek at the direction of Defendants, and each of them. Plaintiff also alleges that he regularly worked seven consecutive days in a workweek at the direction of Defendants. Plaintiff alleges that he never received the appropriate overtime wage rate for the time worked in excess of eight hours a day, in excess of 40 hours a week, or for all hours worked on the seventh consecutive day worked in a workweek.

82.     Plaintiff is entitled to recover his unpaid minimum and overtime wages, including interest thereon, reasonable attorneys' fees, and costs of suit, pursuant to Labor Code § 1194(a).

83.     Plaintiff was not authorized and permitted to take rest periods or meal periods during his employment by Defendants.

COMPLAINT FOR DAMAGES AND JURY DEMAND

84.    Plaintiff is entitled to premium pay for each day he was not permitted to take off-duty, uninterrupted rest periods and/or meal periods.  Plaintiff never received payment for said missed, shortened, and on-duty rest periods and/or meal periods.

85.    Defendants willfully failed to timely pay Plaintiff all wages due for work performed and this failure continued through the time in which he was employed by Defendants.  As a result, Defendants, and each of them, violated California Labor Code § 204.

86.    California Labor Code § 210 states that employers who fail to pay wages in accordance with Labor Code § 204 shall be subjected to a civil penalty that is recoverable in a civil action.

87.    Plaintiff seeks his unpaid wages and penalties pursuant to California Labor Code § 210 in an amount to be determined at trial and attorneys' fees, costs, and interest pursuant to California Labor Code § 218.5.

**SIXTH CAUSE OF ACTION**
**Failure to Provide Itemized Wage Statements**
**Violation of Labor Code §§ 226, 1174**
**(By Plaintiff Against all Defendants)**

88.    Plaintiff realleges and incorporates by reference all of the preceding paragraphs of this complaint, as though fully set forth in full at this point.

89.    California Labor Code § 226, subdivision (a) requires employers to furnish to employees, at the time of each payment of wages, an accurate itemized statement showing: (1) gross wages earned; (2) total hours worked by the employee; (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions; (5) net wages earned, (6) the pay period; (7) the name of the employee and the last four digits of his or her social security number or an employee identification number; (8) the name and address of the employer; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

90.    California Labor Code § 1174, subdivision (d) requires employers to keep adequate time records.

16

COMPLAINT FOR DAMAGES AND JURY DEMAND

91.    Defendants knowingly and intentionally failed to furnish to Plaintiff accurate itemized wage statements that included all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, all hours worked, gross wages, and net wages.

92.    By failing to keep adequate records and furnish accurate itemized statements as required by California Labor Code §§ 226 and 1174, Defendants, and each of them, have injured Plaintiff. This failure has injured Plaintiff by depriving him of wage and hour earnings information to which he is entitled, making it difficult to calculate the unpaid wages due, causing him to not be paid wages to which he is entitled and violating his rights under California Labor Code § 226, to review itemized wage statement information by inspecting the employer's underlying records.

93.    Plaintiff seeks actual damages pursuant to California Labor Code § 226, subdivisions (e) and (g), in addition to interest and reasonable attorneys' fees and costs pursuant to Labor Code §§ 218.5, 218.6, and 1194(a).

### SEVENTH CAUSE OF ACTION
**Failure to Provide One Day's Rest in Seven**
**Violation of Labor Code §§ 551, 552**
**(By Plaintiff Against all Defendants)**

94.    Plaintiff realleges and incorporates by reference all of the preceding paragraphs of this complaint, as though fully set forth in full at this point.

95.    Labor Code § 551 states: "Every person employed in any occupation of labor is entitled to one day's rest therefrom in seven."

96.    Labor Code § 552 provides that "[n]o employer of labor shall cause his employees to work more than six days in seven."

97.    Plaintiff often worked seven days per week and did not receive the legally mandated one-day's rest in seven. Defendants, and each of them, caused Plaintiff to work more than six days in seven without one-day's rest as prescribed by Labor Code § 551.

98.    Therefore, Plaintiff seek his unpaid wages and penalties pursuant to California Labor Code § 558 in an amount to be determined at trial and attorneys' fees, costs, and interest pursuant to California Labor Code § 218.5.

17

## EIGHTH CAUSE OF ACTION
### Failure to Timely Produce Personnel and Payroll Records
### Violation of Labor Code §§ 226(c), 1198.5(b)
### (By Plaintiff Against all Defendants)

99.    Plaintiff realleges and incorporates by reference all of the preceding paragraphs of this complaint, as though fully set forth in full at this point.

100.    Labor Code § 226(b), (c) requires employers to provide former employees the opportunity to inspect their payroll records or mail a copy of the payroll records within twenty-one (21) days of the date the employer receives a written request to do so.

101.    Labor Code § 226(f) states, if an employer fails to permit a former employee, or his or her representative, to inspect or provide a copy of the payroll records within twenty-one (21) days, the former employee may recover a penalty from the employer.

102.    Labor Code § 1198.5(b), (c) requires employers to provide former employees the opportunity to inspect their personnel records or mail a copy of the personnel records within thirty (30) days of the date the employer receives a written request to do so.

103.    Labor Code § 1198.5(k) states, if an employer fails to permit a former employee, or his or her representative, to inspect or provide a copy of the personnel records within thirty (30) days, the former employee may recover a penalty from the employer.

104.    On or around January 6, 2020, Plaintiff requested his personnel file from SSR, as he is entitled to do as a former employee pursuant to California Labor Code § 1198.5.

105.    On or around January 6, 2020, Plaintiff received, upon information and belief alleges, an incomplete copy of his personnel file from SSR.

106.    On or about February 14, 2020, Plaintiff, by and through his attorneys, requested both his personnel file and his payroll records from each of the Defendants, as he is entitled to do as a former employee pursuant to California Labor Code §§ 226 and 1198.5.

107.    EAD, upon information and belief, produced an incomplete copy of Plaintiff's personnel file and payroll records on or about March 4, 2020. As of the filing of this complaint, the statutory period for EAD to produce complete copies of Plaintiff's personnel file and payroll records expired.

18

COMPLAINT FOR DAMAGES AND JURY DEMAND

1    108.   SSR, upon information and belief, produced an incomplete copy of Plaintiff's

2    personnel file and payroll records on or about March 2, 2020. As of the filing of this complaint,

3    the statutory period for SSR to produce complete copies of Plaintiff's personnel file and payroll

4    records expired.

5    109.   CONAGRA, as of the filing of this complaint, did not produce Plaintiff's personnel

6    file or payroll records. The time in which CONAGRA was to produce such records has expired.

7    110.   Defendants failed to timely deliver, pursuant to Labor Code §§ 226, 1198.5,

8    Plaintiff's complete personnel and payroll files.

9    111.   As a result of Defendants' untimely production of Plaintiff's personnel and payroll

10   files, he is entitled to statutory penalties pursuant to Labor Code §§ 226, 1198.5.

11   **NINTH CAUSE OF ACTION**
     **Violation of California Unfair Competition Laws**
12   **(Business & Professions Code §§ 17200 *et seq.*)**
     **(By Plaintiff Against all Defendants)**
13

14   112.   Plaintiff realleges and incorporates by reference all of the preceding paragraphs of

15   this complaint, as though fully set forth in full at this point.

16   113.   Defendants, and each of them, have engaged and continue to engage in unfair and

17   unlawful business practices in California by practicing, employing, and utilizing the policies,

18   customs, and practices outlined above, including, to wit: (1) not paying all wages, including

19   minimum wages and overtime wages; (2) failing to pay all earned wages in a timely fashion; and

20   (3) failing to pay premium wages for meal and rest periods not provided.

21   114.   Defendants' utilization of such unfair and unlawful business practices constitutes

22   unfair, unlawful competition and provides an unfair advantage over Defendants' competitors.

23   115.   Plaintiff seeks, on behalf of the general public, full restitution of monies, as

24   necessary and according to proof, to restore any and all monies withheld, acquired, and/or

25   converted by Defendants by means of the unfair practices complained of herein.

26   116.   The acts complained of herein occurred within the last four years preceding the

27   filing of this action.

28

19

COMPLAINT FOR DAMAGES AND JURY DEMAND

117.    Plaintiff is informed and believes, and based thereon alleges, that at all times pertinent hereto, Defendants have engaged in unlawful, deceptive, and unfair business practices, as proscribed by Business & Professions Code §§ 17200 *et seq.*, including those set forth hereinabove, thereby depriving Plaintiff and other members of the general public the minimum working standards and conditions due to them under California's laws and Industrial Welfare Commission wage orders as specifically described therein.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.    For payment of lost wages, bonuses and benefits as well as other compensatory damages according to proof;

2.    For general economic and non-economic damages, including emotional distress damages, in an amount according to proof;

3.    For unpaid wages due including minimum wage, overtime, statutory, and contractual wages and statutory prejudgment interest pursuant to California Labor Code §§ 510, 1194, 1197, 1198, 1182.12, and California Business & Professions Code §§ 17200, *et seq.*;

4.    For liquidated damages for non-payment of minimum wages pursuant to California Labor Code § 1194.2;

5.    For premium wages for failure to authorize or permit rest breaks pursuant to California Labor Code § 226.7 with statutory prejudgment interest;

6.    For premium wages for failure to provide meal periods pursuant to California Labor Code § 226.7 with statutory prejudgment interest;

7.    For damages or penalties pursuant to Labor Code §§ 226, 1198.5;

8.    For damages or penalties for inadequate wage and hour records pursuant to California Labor Code § 1174 in the statutory amount;

9.    For penalties pursuant to Labor Code § 203;

10.    For special damages according to proof;

20

COMPLAINT FOR DAMAGES AND JURY DEMAND

1    11.    For pre-judgment and post-judgment interest as allowed by law;

2    12.    For injunctive relief on each cause of action for which such injunctive relief is

3            available;

4    13.    For restitutionary relief on each cause of action for which such restitutionary relief

5            is available;

6    14.    For unpaid wages and penalties pursuant to California Labor Code § 558;

7    15.    For costs of suit incurred herein;

8    16.    For attorney's fees and expert witness fees as allowed by law;

9    17.    For all civil penalties available at law;

10   18.    For interest on the sum of damages awarded at the maximum legal rate; and

11   19.    For such other and further relief as the Court may deem just and proper.

12

13   Dated: July 14, 2020                    DUNN DESANTIS WALT & KENDRICK, LLP

14                                  By:    _____

15                                         David D.  Cardone
                                           Christine Y.  Dixon
16                                         Attorneys for Plaintiff
                                           ROBERT MISKA
17

18

19

20

21

22

23

24

25

26

27

28

                                        21