# EXHIBIT D

# EXHIBIT D

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** ENGINEERING AUTOMATION & DESIGN, INC.
*(AVISO AL DEMANDADO):* dba EAD MANAGEMENT SERVICES, INC., a
Nebraska corporation, SMITH SECKMAN REID, INC., a Tennessee corporation,
CONAGRA BRANDS, INC., a Delaware corporation, and DOES 1 to 50

**YOU ARE BEING SUED BY PLAINTIFF:** ROBERT MISKA
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |
| Electronically Filed |
| 7/14/2020 1:34 PM |
| Superior Court of California |
| County of Stanislaus |
| Clerk of the Court |
| By: Mouang Saechao, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* CV-20-003027 |
| --- | --- |

Superior Court of California, County of Stanislaus
801 10th Street
Modesto, California 95354

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: David D. Cardone/Christine Y. Dixon
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

DUNN DESANTIS WALT & KENDRICK LLP
750 B Street, Suite 2620, San Diego, CA 92101                                    619.573.4488

| DATE: *(Fecha)* 7/14/2020 1:34 PM | Clerk, by *(Secretario)* *Mouang Saechao* Mouang Saechao | , Deputy *(Adjunto)* |
| --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* CONAGRA BRANDS, INC., a Delaware corporation

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date):* 7/23/2020

| | Page 1 of 1 |
| --- | --- |

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder™

1   David D. Cardone, Esq. (SBN 254954)
    Christine Y. Dixon, Esq. (SBN 297496)
2   DUNN DESANTIS WALT & KENDRICK, LLP
    750 B Street, Suite 2620
3   San Diego, CA 92101
    Telephone: (619) 573-4488
4   Facsimile: (619) 255-4868
    DCardone@ddwklaw.com
5   CDixon@ddwklaw.com

6   Attorneys for Plaintiff ROBERT MISKA

7

Electronically Filed
7/14/2020 1:34 PM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Mouang Saechao, Deputy

$435 PAID

8                 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                             **COUNTY OF STANISLAUS**

| | |
|---|---|
| 10  ROBERT MISKA, | CASE NO. CV-20-003027 |
| 11           Plaintiff, | **COMPLAINT FOR DAMAGES AND JURY DEMAND** |
| 12  vs. | |
| 13  ENGINEERING AUTOMATION & DESIGN, INC. dba EAD | 1) **FAILURE TO PAY MINIMUM WAGES (Labor Code §§ 1194, 1197, 1197.1)** |
| 14  MANAGEMENT SERVICES, INC., a Nebraska corporation, SMITH | 2) **FAILURE TO PAY OVERTIME WAGES (Labor Code §§ 223, 510, 1194,** |
| 15  SECKMAN REID, INC., a Tennessee corporation, CONAGRA BRANDS, | **1198 and Applicable Wage Order)** |
| 16  INC., a Delaware corporation, and DOES 1 to 50, | 3) **FAILURE TO PROVIDE MEAL AND REST BREAKS (Labor Code §§ 226.7, 512 and Applicable Wage Order)** |
| 17           Defendants. | 4) **FAILURE TO PAY ALL WAGES DUE AT TIME OF DISCHARGE (Labor** |
| 18 | **Code §§ 201, 202, 203, 208, 227.3)** |
| 19 | 5) **FAILURE TO MAKE TIMELY PAYMENTS (Labor Code § 204)** |
| 20 | 6) **FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS (Labor Code §** |
| 21 | **226)** |
| 22 | 7) **FAILURE TO PROVIDE ONE DAY'S REST IN SEVEN (Labor Code §§ 551, 552)** |
| 23 | 8) **FAILURE TO TIMELY PRODUCE PERSONNEL AND PAYROLL RECORDS (Labor Code §§ 226(c), 1198.5(b))** |
| 24 | |
| 25 | 9) **UNFAIR COMPETITION (Bus. & Prof. Code § 17200 *et seq.*)** |
| 26 | |

27

28                                      This case has been assigned to Judge Sandhu, Sonny S.
                                        Department ___ Dept. 24 ___, for all purposes including Trial.

1
_____
COMPLAINT FOR DAMAGES AND JURY DEMAND

1    COMES now Plaintiff ROBERT MISKA (hereinafter "Plaintiff") who, by and through his

2    counsel, hereby files this Complaint against Defendants ENGINEERING AUTOMATION &

3    DESIGN, INC. dba EAD MANAGEMENT SERVICES, INC., a Nebraska corporation ("EAD"),

4    SMITH SECKMAN REID, INC., a Tennessee corporation ("SSR"), CONAGRA BRANDS, INC.,

5    a Delaware corporation ("CONAGRA"), and DOES 1 to 50, inclusive, (collectively referred as

6    "Defendants"), and each of them, and complains and alleges as follows:

7                                    **INTRODUCTION**

8        1.    Plaintiff alleges violations of various statutes, including the Labor Code and the

9    Business & Professions Code.

10       2.    Plaintiff alleges that Defendants, and each of them, failed to pay overtime wages,

11   failed to provide mandatory meal and rest breaks, and failed to pay all earned wages at the time of

12   discharge.  Plaintiff alleges that the violations of statutes and Defendants' policies and practices

13   constitute unfair business practices, in violation of the Business & Professions Code.

14                              **JURISDICTION & VENUE**

15       3.    Venue is proper in Stanislaus County because Plaintiff resides in Stanislaus County,

16   Defendants were conducting their respective businesses in Stanislaus County, and all of the events,

17   transactions and injuries giving rise to the causes of action stated herein took place in Stanislaus

18   County.

19       4.    The causes of action and damages stated herein entitle Plaintiff to recover in excess

20   of $25,000.00 and are thus within the jurisdiction of this Court.

21                                   **THE PARTIES**

22       5.    Plaintiff is a natural person who is, and at all relevant times was, a resident of

23   Stanislaus County, California.  Plaintiff was previously employed by Defendants at CONAGRA's

24   Oakdale facility located in Stanislaus County.

25       6.    Plaintiff is informed and believes, and based thereon alleges, that Defendant

26   ENGINEERING AUTOMATION & DESIGN, INC. (hereinafter "EAD"), is a Nebraska

27   corporation licensed to do business in the State of California with its principal place of business

28   located at 3635 S. 149th Street in Omaha, Nebraska 68144.  During all relevant times, EAD was

COMPLAINT FOR DAMAGES AND JURY DEMAND

1 | conducting business at CONAGRA's Oakdale facility located at 554 South Yosemite Boulevard,
2 | Oakdale, CA 95361.

3 | 7.    Plaintiff is informed and believes, and thereon alleges, that Defendant SMITH
4 | SECKMAN REID, INC. (hereinafter "SSR") is a Tennessee corporation licensed to do business in
5 | the State of California with its principal place of business in located at 2995 Sidco Drive, Nashville,
6 | Tennessee 37204.   During all relevant times, SSR was conducting business at CONAGRA's
7 | Oakdale facility located at 554 South Yosemite Boulevard, Oakdale, CA 95361.

8 | 8.    Plaintiff is informed and believes, and thereon alleges, that Defendant CONAGRA
9 | BRANDS, INC. (hereinafter "CONAGRA") is a Delaware corporation licensed to do business in
10 | the State of California with its principal place of business located at 222 Merchandise Mart Plaza,
11 | Chicago, Illinois 60654.   During all relevant times, CONAGRA was conducting business at a
12 | facility located at 554 South Yosemite Boulevard, Oakdale, CA 95361.  Plaintiff is informed and
13 | believe, and based thereon alleges, that at all relevant times, CONAGRA was a joint employer of
14 | Plaintiff with EAD from January 17, 2017 to June 15, 2018, and then with SSR from June 16, 2018
15 | to December 4, 2019.

16 | 9.    Plaintiff is ignorant of the true names and capacities, whether individual, corporate,
17 | associate, or otherwise, of defendants sued herein as DOES 1 through 50, inclusive, and therefore
18 | sues these defendants by such fictitious names pursuant to California Code of Civil Procedure §
19 | 474. Plaintiff will amend the complaint to allege their true names and capacities when ascertained.
20 | Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named
21 | defendants was intentionally, negligently, or in some other manner responsible for the occurrences
22 | alleged herein, and that Plaintiff's injuries and damages as alleged herein were proximately caused
23 | by such acts.

24 | 10.    Plaintiff is informed and believes, and based thereon alleges, that at all times herein
25 | mentioned, each Defendant was the agent, principal and/or employee of each other Defendant in
26 | the acts and conduct alleged herein and therefore incurred liability to Plaintiff for the acts alleged
27 | below. Plaintiff is further informed and believes, and based thereon alleges, that at all times herein
28 |

3

1  mentioned, all Defendants acted within the course and scope of their employment and/or said

2  agency.

3        11.    Defendants EAD, SSR, CONAGRA, and DOES 1 through 50 are hereinafter

4  referred to collectively as "Defendants."

5                               **JOINT EMPLOYER ALLEGATIONS**

6        12.    Plaintiff is informed and believes, and based thereon alleges, that there exists, and

7  at all times herein mentioned there existed, a joint employment relationship by and between

8  CONAGRA and EAD, and then CONAGRA and SSR as to Plaintiff. Based on the conduct alleged

9  herein, CONAGRA and EAD, then CONAGRA and SSR acted together as Plaintiff's joint

10  employers at all times relevant hereto and are jointly liable for all damages asserted herein.

11        13.    At all times alleged herein, Plaintiff's performance simultaneously benefited both

12  CONAGRA and EAD, and then CONAGRA and SSR, and each of them. CONAGRA and EAD,

13  and then CONAGRA and SSR also had the joint authority to hire, transfer, promote, discipline or

14  discharge Plaintiff, as well as to control Plaintiff's working conditions (such as his work schedule),

15  and the joint discretion to determine the amount of compensation earned by Plaintiff.

16        14.    When the EAD contract with CONAGRA expired, CONAGRA engaged with SSR

17  to replace EAD at its Oakdale facility and instructed SSR to hire Plaintiff and several coworkers in

18  order to keep them working at CONAGRA's Oakdale facility.  Based thereon, SSR did hire

19  Plaintiff and his coworkers to continue working at CONAGRA's Oakdale facility.

20        15.    As such, at all times alleged herein, CONAGRA and EAD, and then CONAGRA

21  and SSR continuously and jointly shared control over the construction management operations at

22  the Oakdale facility such that their operations were intermingled, including but not limited to, the

23  centralized control of labor relations.

24        16.    During the relevant times alleged herein, Plaintiff reported to management of

25  CONAGRA and EAD, and then CONAGRA and SSR, at CONAGRA's Oakdale facility.

26                                  **FACTUAL BACKGROUND**

27        17.    At all times during the applicable liability period, CONAGRA was (and still is) a

28  global food industry corporation. Plaintiff is informed and believes, and based thereon alleges, that

COMPLAINT FOR DAMAGES AND JURY DEMAND

1   CONAGRA owns and operates numerous facilities and warehouses throughout California, such as

2   the facility located at 554 South Yosemite Boulevard in Oakdale, California (the "Oakdale

3   facility"), where Plaintiff worked.

4        18.   EAD and SSR provided construction management services to CONAGRA at

5   CONAGRA's Oakdale facility.

6        19.   Plaintiff was hired on January 17, 2017 by EAD to be a construction manager at

7   CONAGRA's Oakdale facility.

8        20.   When EAD's contract with CONAGRA expired, CONAGRA instructed SSR (who

9   took over the construction management services at CONAGRA's Oakdale facility) to hire Plaintiff

10  and several other former EAD employees in order to keep them at the Oakdale facility.

11       21.   Plaintiff is informed and believes, and based thereon alleges, Defendants currently

12  employ a substantial number of employees in the State of California.

13  ***Plaintiff's Employment by EAD at CONAGRA's Oakdale Facility***

14       22.   On or around January 17, 2017, Plaintiff was hired by EAD to work at CONAGRA's

15  Oakdale facility. Plaintiff was employed as a construction manager for CONAGRA's Oakdale,

16  California facility until June 15, 2018.

17       23.   As a construction manager, Plaintiff was expected to maintain a professional and

18  satisfactory relationship with CONAGRA, to manage and coordinate all aspects of the construction

19  effort, interface with CONAGRA representatives, and to review and approve construction related

20  portions of project proposals and subcontractor invoices.

21       24.   Plaintiff worked diligently for EAD and CONAGRA and he enjoyed a positive

22  reputation with his colleagues.

23       25.   However, during his employment by EAD and CONAGRA, Plaintiff was regularly

24  scheduled to work anywhere between 40 to 80 hours per workweek and seven days per workweek.

25  Plaintiff's wages each pay period varied significantly based on the number of hours he worked.

26       26.   Plaintiff regularly worked more than 80 hours per pay period.

27       27.   It was a known but unwritten policy that EAD and CONAGRA would not pay

28  construction managers wages for hours 80 to 92 that were worked during a pay period.  Plaintiff

1   was not compensated for hours 80 to 92 that he worked in a pay period for his work at the Oakdale
2   facility while jointly employed by EAD and CONAGRA.  EAD and CONAGRA would only
3   compensate Plaintiff for hours 0 to 80, then any hours worked over 92 in a pay period.  Any hours
4   worked over 92 in a pay period were payed at Plaintiff's regular wage rate.

5          28.     At all times relevant to this action, EAD and CONAGRA controlled Plaintiff's
6   wages, hours, and working conditions.  EAD and CONAGRA directed and supervised Plaintiff's
7   work, EAD and CONAGRA set the respective rates of pay for the work performed and their method
8   of compensation, and EAD and CONAGRA provided Plaintiff with a place to work and determined
9   their hours and the conditions of his employment.  EAD and CONAGRA exclusively controlled
10  the day-to-day operations at their worksite.  EAD and CONAGRA had the power to either cause
11  Plaintiff to work or prevent him from working on EAD's and CONAGRA's behalf.  EAD and
12  CONAGRA had exclusive control over Plaintiff's work activities and the tasks he performed were
13  for the benefit of EAD and CONAGRA and an integral part of EAD and CONAGRA's regular
14  business operations.

15         29.     At all times relevant to this action, Plaintiff was employed to perform job duties on
16  EAD's and CONAGRA's behalf.  The primary obligations and responsibilities of Plaintiff included
17  performing job duties for the purpose of providing services in EAD and CONAGRA's Oakdale
18  facility.

19         30.     At all times relevant to this action, EAD and CONAGRA had an unwritten policy
20  and practice whereby Plaintiff was regularly required to work in excess of five consecutive hours
21  without being permitted to take a 30-minute, continuous and uninterrupted, duty-free meal period.
22  Plaintiff was not permitted to take at least a 30-minute, continuous and uninterrupted, duty-free
23  meal period that began before the end of his fifth hour of work.  EAD and CONAGRA also had an
24  unwritten policy and practice whereby Plaintiff was not permitted to take a 10-minute, off-duty,
25  paid rest period for each four hours (or major fraction thereof) worked.  Plaintiff was forced to work
26  "off-the-clock" because he was not paid for hours 80 to 92 that he worked during a pay period.
27  Plaintiff was also regularly scheduled to work all seven days of the workweek and, thus, was not
28  provided one-day's rest in seven.

6

COMPLAINT FOR DAMAGES AND JURY DEMAND

31.    At all times relevant to this action, EAD and CONAGRA maintained a policy and practice of not lawfully paying Plaintiff for overtime worked.

32.    EAD and CONAGRA also wrongfully withheld compensation for time worked, denied or cut short earned rest and/or meal periods without proper compensation, failed to provide accurate itemized wage statements, and failed to timely pay wages.    Additionally, EAD and CONAGRA failed to pay all wages earned and unpaid upon the termination of Plaintiff's employment by EAD and CONAGRA.

33.    For at least four years prior to the filing of this action and through the present, EAD and CONAGRA wrongfully withheld compensation for time suffered and permitted to work, denied or cut short earned rest and/or meal periods without proper compensation, failed to provide accurate itemized wage statements, and failed to timely pay wages (including minimum and overtime wages).    EAD and CONAGRA maintained and enforced against Plaintiff unlawful employment practices in violation of California wage and hour laws, including:

   a.  Failing to pay Plaintiff at least minimum wage for all hours worked;

   b.  Failing to pay Plaintiff for all overtime time worked pursuant to the California Labor Code and applicable Wage Orders;

   c.  Failing to permit Plaintiff to take paid rest periods of at least ten minutes per four hours worked or major fraction thereof and failing to pay Plaintiff one hour of pay at his regular rate of compensation for each day a rest period was not provided, as required by California law;

   d.  Failing to authorize and permit Plaintiff to take meal periods of at least thirty (30) minutes for a work period of more than five (5) hours and failing to pay such employees one hour of pay at his regular rate of compensation for each day a meal period was not provided, as required by California law;

   e.  Failing to provide Plaintiff accurate itemized wage statements, as required by California law; and

   f.  Failing to pay Plaintiff all wages due at the end of his employment;

   g.  Failing to pay Plaintiff statutory penalties pursuant to the California Labor Code.

7

COMPLAINT FOR DAMAGES AND JURY DEMAND

34.    On information and belief, and based thereupon, Plaintiff alleges EAD and CONAGRA were well aware that Plaintiff was not provided with the foregoing. EAD and CONAGRA's denial of wages and other compensation due to Plaintiff was willful and deliberate.

35.    In or about June 2018, EAD's contract with CONAGRA to manage construction at the Oakdale facility was not going to be renewed and CONAGRA arranged for the new construction management firm (SSR) to hire Plaintiff in order for Plaintiff to continue working at CONAGRA's Oakdale facility. CONAGRA also arranged for other former joint EAD employees to continue working at its Oakdale facility under the new contract with SSR.

36.    This action seeks recovery of wages and compensation due and owing to Plaintiff under California law and for the maximum period allowed.

***Plaintiff's Employment by SSR at CONAGRA's Oakdale Facility***

37.    On or around April 30, 2018, Plaintiff was offered a position by SSR to work at CONAGRA's Oakdale facility. He was hired by SSR at the behest of CONAGRA. SSR also hired several former joint employees of CONAGRA and EAD, at the behest of CONAGRA in order for them to continue working at CONAGRA's Oakdale facility.

38.    Plaintiff's employment for CONAGRA and SSR began on or around June 16, 2018. The terms of his employment included Plaintiff being paid an hourly rate with overtime being compensated on a straight-time basis.

39.    Plaintiff was expected by CONAGRA and SSR to plan and execute project plans, to timely deliver quality products and services, proactively manage project financials and to serve as the liaison between SSR and CONAGRA.

40.    Plaintiff was paid by SSR on an hourly basis; overtime he worked was paid at his straight time rate.

41.    Plaintiff's joint employment by CONAGRA and SSR was terminated on December 4, 2019.

42.    During his joint employment by SSR and CONAGRA, Plaintiff was regularly scheduled by SSR and CONAGRA to work more than 40 hours per workweek, and seven days per workweek. At all times relevant to this action, SSR and CONAGRA maintained a policy and

8

COMPLAINT FOR DAMAGES AND JURY DEMAND

1  practice of not lawfully paying Plaintiff for overtime worked. Plaintiff was never paid at least one-
2  and-one-half his regular wage rate for all hours that he worked in excess of eight hours but less
3  than twelve hours per day, in excess of 40 hours per workweek, or for the first eight hours worked
4  on the seventh day worked in a workweek.

5      43.   At all times relevant to this action, SSR and CONAGRA controlled Plaintiff's
6  wages, hours, and working conditions. SSR and CONAGRA directed and supervised Plaintiff's
7  work, SSR and CONAGRA set the respective rates of pay for the work performed and their method
8  of compensation, and SSR and CONAGRA provided Plaintiff with a place to work and determined
9  their hours and the conditions of his employment. SSR and CONAGRA exclusively controlled the
10  day-to-day operations at their worksites. SSR and CONAGRA had the power to either cause
11  Plaintiff to work or prevent him from working on SSR and CONAGRA's behalf. SSR and
12  CONAGRA had exclusive control over Plaintiff's work activities and the tasks he performed were
13  for the benefit of SSR and CONAGRA and an integral part of SSR and CONAGRA's regular
14  business operations.

15      44.   At all times relevant to this action, Plaintiff was employed to perform job duties on
16  SSR and CONAGRA's behalf. The primary obligations and responsibilities of Plaintiff included
17  performing job duties for the purpose of providing services in SSR's and CONAGRA's facilities
18  and warehouses.

19      45.   At all times relevant to this action, SSR and CONAGRA had an unwritten policy
20  and practice whereby Plaintiff was regularly required to work in excess of five consecutive hours
21  without being permitted to take a 30-minute, continuous and uninterrupted, duty-free meal period.
22  Plaintiff was not permitted to take at least a 30-minute, continuous and uninterrupted, duty-free
23  meal period that began before the end of his fifth hour of work. SSR and CONAGRA also had an
24  unwritten policy and practice whereby Plaintiff was not permitted to take a 10-minute, off-duty,
25  paid rest period for each four hours (or major fraction thereof) worked. Plaintiff was also regularly
26  scheduled to work all seven days of the workweek and, thus, was not provided one-day's rest in
27  seven.

28

9

COMPLAINT FOR DAMAGES AND JURY DEMAND

46.    SSR and CONAGRA wrongfully withheld compensation for time worked, denied or cut short earned rest and meal periods without proper compensation, failed to provide accurate itemized wage statements, and failed to timely pay wages.  Additionally, SSR and CONAGRA failed to pay all wages earned and unpaid upon the termination of Plaintiff's employment by SSR and CONAGRA.

47.    For at least four years prior to the filing of this action and through the present, SSR and CONAGRA wrongfully withheld compensation for time suffered and permitted to work, denied or cut short earned rest and meal periods without proper compensation, failed to provide accurate itemized wage statements, and failed to timely pay wages (including minimum and overtime wages).  SSR and CONAGRA maintained and enforced against Plaintiff unlawful employment practices in violation of California wage and hour laws, including:

    a.  Failing to pay Plaintiff at least minimum wage for all hours worked;

    b.  Failing to pay Plaintiff for all overtime time worked pursuant to the California Labor Code and applicable Wage Orders;

    c.  Failing to permit Plaintiff to take paid rest periods of at least ten minutes per four hours worked or major fraction thereof and failing to pay him one hour of pay at his regular rate of compensation for each day a rest period was not provided, as required by California law;

    d.  Failing to authorize and permit Plaintiff to take meal periods of at least thirty (30) minutes for a work period of more than five (5) hours and failing to pay him one hour of pay at his regular rate of compensation for a meal period that was not provided, as required by California law;

    e.  Failing to provide Plaintiff accurate itemized wage statements, as required by California law;

    f.  Failing to pay Plaintiff all wages due at the end of his employment; and

    g.  Failing to pay Plaintiff statutory penalties pursuant to the California Labor Code.

10

1    48.    On information and belief, and based thereupon, Plaintiff alleges SSR and

2    CONAGRA were well aware that Plaintiff was not provided with the foregoing.  SSR and

3    CONAGRA's denial of wages and other compensation due to Plaintiff was willful and deliberate.

4    49.    This action seeks recovery of wages and compensation due and owing to Plaintiff

5    and for the maximum period allowed.

6                                   **FIRST CAUSE OF ACTION**
     **Failure to Pay Minimum Wages in Violation of Labor Code §§ 1194, 1197**
7              **(By Plaintiff Against EAD, CONAGRA and DOES 1-25)**

8    50.    Plaintiff realleges and incorporates by reference all of the preceding paragraphs of

9    this complaint, as though fully set forth in full at this point.

10   51.    Plaintiff was EAD and CONAGRA's joint employee because EAD and CONAGRA

11   engaged, suffered, or permitted Plaintiff to work for them and exercised significant control over

12   the his wages, hours of work, and working conditions.

13   52.    Plaintiff was not compensated by EAD and CONAGRA for hours 80 to 92 that he

14   worked during a pay period, in accordance with EAD and CONAGRA's known but unwritten

15   policy, in violation of Labor Code §§ 1194 and 1197.

16   53.    Labor Code § 1194.2, subdivision (a), states: "In any action under § ... 1194... to

17   recover wages because of the payment of a wage less than the minimum wage fixed by an order of

18   the commission or by statute, an employee shall be entitled to recover liquidated damages in an

19   amount equal to the wages unlawfully unpaid and interest thereon."

20   54.    Insofar as EAD and CONAGRA, and each of them, failed to pay Plaintiff an amount

21   that was at least the same as the applicable minimum wage, EAD and CONAGRA, and each of

22   them, were and are in violation of Labor Code § 1194 and 1197 and Plaintiff is entitled to recover

23   damages pursuant to Labor Code § 1194.2(a).

24                                 **SECOND CAUSE OF ACTION**
     **Failure to Pay Overtime Wages in Violation of Labor Code §§ 510, 1194, 1198, and**
25                              **applicable Wage Order**
                        **(By Plaintiff Against all Defendants)**
26

27   55.    Plaintiff realleges and incorporates by reference all of the preceding paragraphs of

28   this complaint, as though fully set forth in full at this point.

---

11

56.    Under California law, eight hours a day constitutes a day's work.  Any work in excess of eight hours a day, or 40 hours per week, entitles the worker to a premium.  (Labor Code §§ 510(a), 1198, Part 3 of IWC Wage Order 8.)

57.    Additionally, under California law, every employee is entitled to one-day's rest in seven in a workweek and no employer may cause its employees to work more than six days in seven. (Labor Code §§ 551, 552.)  Any hours worked on the seventh consecutive day of work in a workweek entitles the worker to a premium.  (Labor Code §§ 510(a), 1198, Part 3 of IWC Wage Order 8.)

58.    Plaintiff regularly worked more than eight hours a day and more than 40 hours per workweek at the direction of Defendants, and each of them, when he was employed by EAD and CONAGRA, and then SSR and CONAGRA.  Plaintiff alleges on information and belief that the electronic and/or paper timecard systems maintained by Defendants, and each of them, will demonstrate when Plaintiff clocked in for work and out when he concluded his day's work. Plaintiff is entitled to overtime compensation, pursuant to Labor Code § 510(a), for the hours worked beyond eight hours in a single work day, or 40 hours in a week.

59.    Plaintiff regularly worked seven consecutive days in a workweek at the direction of Defendants, and each of them, when he was employed by EAD and CONAGRA, and then SSR and CONAGRA.  Plaintiff alleges on information and belief that the electronic and/or paper timecard systems maintained by Defendants, and each of them, will again demonstrate Plaintiff worked seven consecutive days in a workweek.  Plaintiff is entitled to overtime compensation, pursuant to Labor Code § 510(a), for any hours worked on the seventh consecutive day of work in a workweek.

60.    Plaintiff is entitled to recover his unpaid overtime wages, including interest thereon, reasonable attorneys' fees, and costs of suit, pursuant to Labor Code § 1194(a).

**THIRD CAUSE OF ACTION**
**Failure to Provide Rest and Meal Periods in Violation of Labor Code §§ 226.7, 512, IWC**
**Wage Order 8-2001 §§ 11, 12**
**(By Plaintiff Against All Defendants)**

61.    Plaintiff realleges and incorporates by reference all of the preceding paragraphs of this complaint, as though fully set forth in full at this point.

12

COMPLAINT FOR DAMAGES AND JURY DEMAND

62.    California Labor Code § 226.7 states that an employer must provide an employee an off-duty, uninterrupted meal and rest period in compliance with the applicable order of the Industrial Welfare Commission.  If an employee is not provided a rest period or a meal period, the employer must pay the employee one additional hour of pay, at the employee's regular rate of compensation, for each workday that the meal or rest period is not provided.

63.    California Industrial Welfare Commission Wage Order 8-2001 § 11 requires employers to provide all employees working more than five hours, but not less than six hours and with certain exceptions, a 30-minute, uninterrupted meal period.  If an employee is not relieved of all duties during the meal period, the employer must pay the employee one additional hour of pay, at the employee's regular rate of compensation, for each workday that the meal period is not provided.

64.    California Industrial Welfare Commission Wage Order 8-2001 § 12 requires employers to authorize all employees to take a 10-minute paid rest period per four hours, or major fraction thereof, worked.  If an employee is not provided a rest period, the employer must pay the employee one additional hour of pay, at the employee's regular rate of compensation, for each workday that the rest period is not provided.

65.    Defendants, and each of them, had an unwritten policy and practice whereby Plaintiff was not permitted to take a 30-minute, off-duty meal period (that began before the end of the fifth hour of work) for any work period of five or more hours that he worked for Defendants.  Plaintiff was required – and expected – to continue with his duties, which resulted in frequent late or missed meal periods.

66.    Defendants, and each of them, had an unwritten policy and practice whereby Plaintiff was not permitted to take a ten minute, off-duty rest period for every four hours or major fraction thereof that he worked for Defendants.  Plaintiff was required – and expected – to continue with his duties, which often resulted in Plaintiff being unable to take rest periods.

67.    Plaintiff did not lawfully voluntarily or willfully waive his entitlement to rest periods and/or meal periods.  Any express or implied waivers obtained from Plaintiff were not willfully

13

1   obtained, were not voluntarily agreed to, or were a condition of employment, or made part of an

2   unlawful contract of adhesion.

3        68.    As a result of Defendants' failure to comply with meal period and rest period

4   regulations set forth in IWC Wage Order 8-2001 and California Labor Code § 226.7, Plaintiff is

5   entitled to be compensated for one hour of additional pay at the regular rate of compensation for

6   each day a rest period was not provided. Plaintiff is further entitled to be compensated for one hour

7   of additional pay at the regular rate of compensation for each day a meal period was not provided.

8   **FOURTH CAUSE OF ACTION**

9   **Failure to Timely Pay Wages in Violation of Labor Code §§ 201, 202, 203**
    **(By Plaintiff Against All Defendants)**

10       69.    Plaintiff realleges and incorporates by reference all of the preceding paragraphs of

11  this complaint, as though fully set forth in full at this point.

12       70.    California Labor Code § 201, subdivision (a) provides, in pertinent part: "If an

13  employer discharges an employee, the wages earned and unpaid at the time of discharge are due

14  and payable immediately."

15       71.    California Labor Code § 202, subdivision (a) provides, in pertinent part: "If an

16  employee not having a written contract for a definite period quits his or her employment, his or her

17  wages shall become due and payable not later than 72 hours thereafter, unless the employee has

18  given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled

19  to his or her wages at the time of quitting."

20       72.    Plaintiff was not paid all earned and unpaid wages at the time of his employment

21  terminated, including unpaid minimum wages, unpaid overtime, and unpaid premiums for missed

22  meal and rest periods.

23       73.    At all times pertinent hereto, Defendants, and each of them, had it within their

24  abilities to consult their business records and properly calculate and pay all of the said unpaid wages

25  at the time of Plaintiff's employment by EAD and CONAGRA, and then SSR and CONAGRA,

26  ended. However, Defendants, and each of them, willfully and intentionally failed and refused to

27  pay the earned and unpaid wages to Plaintiff.

28

14

COMPLAINT FOR DAMAGES AND JURY DEMAND

1    74.    Plaintiff did not hide himself, or in any manner refuse or obfuscate any attempt by

2    Defendants to tender the balance of his earned and unpaid wages.

3    75.    Pursuant to California law, Plaintiff is entitled to a penalty equal to his regular daily

4    rate, up to a maximum of thirty (30) days.

5    76.    Plaintiff seeks penalties pursuant to California Labor Code § 203 in an amount to be

6    determined at trial and attorneys' fees, costs, and interest pursuant to California Labor Code §

7    218.5.

8
### FIFTH CAUSE OF ACTION
**Failure to Pay Wages in Violation of Labor Code §§ 204, 210**
9
**(By Plaintiff Against All Defendants)**

10    77.    Plaintiff realleges and incorporates by reference all of the preceding paragraphs of

11    this complaint, as though fully set forth in full at this point.

12    78.    California Labor Code § 204, subdivision (a) states that all wages earned are due

13    and payable twice during each calendar month on days designated in advance by the employers.

14    79.    Plaintiff was not compensated by EAD and CONAGRA for hours 80 to 92 that he

15    worked during a pay period, thus he never received compensation for those hours worked.

16    80.    Plaintiff was not compensated by Defendants the appropriate overtime pay rate for

17    any overtime hours he worked at the direction of Defendants.

18    81.    Plaintiff regularly worked more than eight hours a day and more than 40 hours per

19    workweek at the direction of Defendants, and each of them.  Plaintiff also alleges that he regularly

20    worked seven consecutive days in a workweek at the direction of Defendants.  Plaintiff alleges that

21    he never received the appropriate overtime wage rate for the time worked in excess of eight hours

22    a day, in excess of 40 hours a week, or for all hours worked on the seventh consecutive day worked

23    in a workweek.

24    82.    Plaintiff is entitled to recover his unpaid minimum and overtime wages, including

25    interest thereon, reasonable attorneys' fees, and costs of suit, pursuant to Labor Code § 1194(a).

26    83.    Plaintiff was not authorized and permitted to take rest periods or meal periods during

27    his employment by Defendants.

28

COMPLAINT FOR DAMAGES AND JURY DEMAND

84.    Plaintiff is entitled to premium pay for each day he was not permitted to take off-duty, uninterrupted rest periods and/or meal periods.  Plaintiff never received payment for said missed, shortened, and on-duty rest periods and/or meal periods.

85.    Defendants willfully failed to timely pay Plaintiff all wages due for work performed and this failure continued through the time in which he was employed by Defendants.  As a result, Defendants, and each of them, violated California Labor Code § 204.

86.    California Labor Code § 210 states that employers who fail to pay wages in accordance with Labor Code § 204 shall be subjected to a civil penalty that is recoverable in a civil action.

87.    Plaintiff seeks his unpaid wages and penalties pursuant to California Labor Code § 210 in an amount to be determined at trial and attorneys' fees, costs, and interest pursuant to California Labor Code § 218.5.

## SIXTH CAUSE OF ACTION
### Failure to Provide Itemized Wage Statements
### Violation of Labor Code §§ 226, 1174
### (By Plaintiff Against all Defendants)

88.    Plaintiff realleges and incorporates by reference all of the preceding paragraphs of this complaint, as though fully set forth in full at this point.

89.    California Labor Code § 226, subdivision (a) requires employers to furnish to employees, at the time of each payment of wages, an accurate itemized statement showing: (1) gross wages earned; (2) total hours worked by the employee; (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions; (5) net wages earned, (6) the pay period; (7) the name of the employee and the last four digits of his or her social security number or an employee identification number; (8) the name and address of the employer; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

90.    California Labor Code § 1174, subdivision (d) requires employers to keep adequate time records.

16

91.    Defendants knowingly and intentionally failed to furnish to Plaintiff accurate itemized wage statements that included all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, all hours worked, gross wages, and net wages.

92.    By failing to keep adequate records and furnish accurate itemized statements as required by California Labor Code §§ 226 and 1174, Defendants, and each of them, have injured Plaintiff. This failure has injured Plaintiff by depriving him of wage and hour earnings information to which he is entitled, making it difficult to calculate the unpaid wages due, causing him to not be paid wages to which he is entitled and violating his rights under California Labor Code § 226, to review itemized wage statement information by inspecting the employer's underlying records.

93.    Plaintiff seeks actual damages pursuant to California Labor Code § 226, subdivisions (e) and (g), in addition to interest and reasonable attorneys' fees and costs pursuant to Labor Code §§ 218.5, 218.6, and 1194(a).

**SEVENTH CAUSE OF ACTION**
**Failure to Provide One Day's Rest in Seven**
**Violation of Labor Code §§ 551, 552**
**(By Plaintiff Against all Defendants)**

94.    Plaintiff realleges and incorporates by reference all of the preceding paragraphs of this complaint, as though fully set forth in full at this point.

95.    Labor Code § 551 states: "Every person employed in any occupation of labor is entitled to one day's rest therefrom in seven."

96.    Labor Code § 552 provides that "[n]o employer of labor shall cause his employees to work more than six days in seven."

97.    Plaintiff often worked seven days per week and did not receive the legally mandated one-day's rest in seven. Defendants, and each of them, caused Plaintiff to work more than six days in seven without one-day's rest as prescribed by Labor Code § 551.

98.    Therefore, Plaintiff seek his unpaid wages and penalties pursuant to California Labor Code § 558 in an amount to be determined at trial and attorneys' fees, costs, and interest pursuant to California Labor Code § 218.5.

17

**EIGHTH CAUSE OF ACTION**
**Failure to Timely Produce Personnel and Payroll Records**
**Violation of Labor Code §§ 226(c), 1198.5(b)**
**(By Plaintiff Against all Defendants)**

99.     Plaintiff realleges and incorporates by reference all of the preceding paragraphs of this complaint, as though fully set forth in full at this point.

100.     Labor Code § 226(b), (c) requires employers to provide former employees the opportunity to inspect their payroll records or mail a copy of the payroll records within twenty-one (21) days of the date the employer receives a written request to do so.

101.     Labor Code § 226(f) states, if an employer fails to permit a former employee, or his or her representative, to inspect or provide a copy of the payroll records within twenty-one (21) days, the former employee may recover a penalty from the employer.

102.     Labor Code § 1198.5(b), (c) requires employers to provide former employees the opportunity to inspect their personnel records or mail a copy of the personnel records within thirty (30) days of the date the employer receives a written request to do so.

103.     Labor Code § 1198.5(k) states, if an employer fails to permit a former employee, or his or her representative, to inspect or provide a copy of the personnel records within thirty (30) days, the former employee may recover a penalty from the employer.

104.     On or around January 6, 2020, Plaintiff requested his personnel file from SSR, as he is entitled to do as a former employee pursuant to California Labor Code § 1198.5.

105.     On or around January 6, 2020, Plaintiff received, upon information and belief alleges, an incomplete copy of his personnel file from SSR.

106.     On or about February 14, 2020, Plaintiff, by and through his attorneys, requested both his personnel file and his payroll records from each of the Defendants, as he is entitled to do as a former employee pursuant to California Labor Code §§ 226 and 1198.5.

107.     EAD, upon information and belief, produced an incomplete copy of Plaintiff's personnel file and payroll records on or about March 4, 2020. As of the filing of this complaint, the statutory period for EAD to produce complete copies of Plaintiff's personnel file and payroll records expired.

18

COMPLAINT FOR DAMAGES AND JURY DEMAND

108.    SSR, upon information and belief, produced an incomplete copy of Plaintiff's personnel file and payroll records on or about March 2, 2020.  As of the filing of this complaint, the statutory period for SSR to produce complete copies of Plaintiff's personnel file and payroll records expired.

109.    CONAGRA, as of the filing of this complaint, did not produce Plaintiff's personnel file or payroll records.  The time in which CONAGRA was to produce such records has expired.

110.    Defendants failed to timely deliver, pursuant to Labor Code §§ 226, 1198.5, Plaintiff's complete personnel and payroll files.

111.    As a result of Defendants' untimely production of Plaintiff's personnel and payroll files, he is entitled to statutory penalties pursuant to Labor Code §§ 226, 1198.5.

**NINTH CAUSE OF ACTION**
**Violation of California Unfair Competition Laws**
**(Business & Professions Code §§ 17200 *et seq.*)**
**(By Plaintiff Against all Defendants)**

112.    Plaintiff realleges and incorporates by reference all of the preceding paragraphs of this complaint, as though fully set forth in full at this point.

113.    Defendants, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing, and utilizing the policies, customs, and practices outlined above, including, to wit: (1) not paying all wages, including minimum wages and overtime wages; (2) failing to pay all earned wages in a timely fashion; and (3) failing to pay premium wages for meal and rest periods not provided.

114.    Defendants' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over Defendants' competitors.

115.    Plaintiff seeks, on behalf of the general public, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired, and/or converted by Defendants by means of the unfair practices complained of herein.

116.    The acts complained of herein occurred within the last four years preceding the filing of this action.

19

COMPLAINT FOR DAMAGES AND JURY DEMAND

117.    Plaintiff is informed and believes, and based thereon alleges, that at all times pertinent hereto, Defendants have engaged in unlawful, deceptive, and unfair business practices, as proscribed by Business & Professions Code §§ 17200 *et seq.*, including those set forth hereinabove, thereby depriving Plaintiff and other members of the general public the minimum working standards and conditions due to them under California's laws and Industrial Welfare Commission wage orders as specifically described therein.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For payment of lost wages, bonuses and benefits as well as other compensatory damages according to proof;

2. For general economic and non-economic damages, including emotional distress damages, in an amount according to proof;

3. For unpaid wages due including minimum wage, overtime, statutory, and contractual wages and statutory prejudgment interest pursuant to California Labor Code §§ 510, 1194, 1197, 1198, 1182.12, and California Business & Professions Code §§ 17200, *et seq.*;

4. For liquidated damages for non-payment of minimum wages pursuant to California Labor Code § 1194.2;

5. For premium wages for failure to authorize or permit rest breaks pursuant to California Labor Code § 226.7 with statutory prejudgment interest;

6. For premium wages for failure to provide meal periods pursuant to California Labor Code § 226.7 with statutory prejudgment interest;

7. For damages or penalties pursuant to Labor Code §§ 226, 1198.5;

8. For damages or penalties for inadequate wage and hour records pursuant to California Labor Code § 1174 in the statutory amount;

9. For penalties pursuant to Labor Code § 203;

10. For special damages according to proof;

20

COMPLAINT FOR DAMAGES AND JURY DEMAND

11. For pre-judgment and post-judgment interest as allowed by law;

12. For injunctive relief on each cause of action for which such injunctive relief is available;

13. For restitutionary relief on each cause of action for which such restitutionary relief is available;

14. For unpaid wages and penalties pursuant to California Labor Code § 558;

15. For costs of suit incurred herein;

16. For attorney's fees and expert witness fees as allowed by law;

17. For all civil penalties available at law;

18. For interest on the sum of damages awarded at the maximum legal rate; and

19. For such other and further relief as the Court may deem just and proper.

Dated: July 14, 2020                DUNN DESANTIS WALT & KENDRICK, LLP

                                    By:   _____
                                          David D. Cardone
                                          Christine Y. Dixon
                                          Attorneys for Plaintiff
                                          ROBERT MISKA

21

COMPLAINT FOR DAMAGES AND JURY DEMAND

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
David D. Cardone, Esq. / Christine Y. Dixon, Esq.    SBN: 254954 / 297496
DUNN DESANTIS WALT & KENDRICK LLP
750 B Street, Suite 2620, San Diego, CA 92101
TELEPHONE NO.: 619.573.4488    FAX NO.:
ATTORNEY FOR *(Name):* Plaintiff ROBERT MISKA

SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS
STREET ADDRESS: 801 10th Street
MAILING ADDRESS: 801 10th Street
CITY AND ZIP CODE: Modesto, 95354
BRANCH NAME: City Towers Courthouse (Civil)

CASE NAME: ROBERT MISKA V. ENGINEERING AUTOMATION & DESIGN, INC. et al

**FOR COURT USE ONLY**

Electronically Filed
7/14/2020 1:34 PM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Mouang Saechao, Deputy

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: CV-20-003027 |
|---|---|---|
| [X] Unlimited  [ ] Limited<br>(Amount    (Amount<br>demanded    demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation**
**(Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Nine (9)
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 14, 2020
David D. Cardone, Esq. / Christine Y. Dixon, Esq.
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov*<br>Westlaw Doc & Form Builder* |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME, ADDRESS, PHONE, BAR NUMBER) | FOR COURT USE ONLY |
|---|---|
| **COURT GENERATED** | **FILED** |
| Attorney for: | JUL 1 4 2020 |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS**<br>Street Address:    City Towers Bldg., 801 10th St, 4th Floor, Modesto, CA 95354<br>Civil Clerk's Office: 801 10th Street, 4th Floor, Modesto, CA 95354 | CLERK OF THE SUPERIOR COURT<br>COUNTY OF STANISLAUS<br>BY_____<br>_____DEPUTY |
| Plaintiff/Petitioner: ROBERT MISKA<br>Defendant/Respondent: ENGINEERING AUTOMATIO & DESIGN INC, et al | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER CV-20-003027 |

1. NOTICE is given that a **Case Management Conference** has been scheduled as follows:

   Date:   11/16/2020    Time:  8:30   AM

   This case is assigned to Judge   SANDHU, SONNY S   , Dept.  24  , for all purposes, including trial.

   *Departments 21 & 22 are located at 801 10th Street, 6th Floor, Modesto, CA 95354
   *Departments 23 & 24 are located at 801 10th Street, 4th Floor, Modesto, CA 95354
   **All filings shall be filed in the Clerk's Office at the City Towers, 4th Floor address.**
   ........................................................................................................................................
   .......
   You have 30 calendar days to file a written response with this court after the legal papers and the summons were served on you. You must also serve a copy of your written response on the plaintiff.

2. You must file and serve a completed *Case Management Conference Statement* at least fifteen (15) calendar days before the case management conference.

3. You must be familiar with the case and be fully prepared to participate effectively in the case management conference.

4. At the case management conference the Court may make pretrial orders, including the following:
   a. An order establishing a discovery schedule.
   b. An order referring the case to arbitration.
   c. An order dismissing fictitious defendants.
   d. An order scheduling exchange of expert witness information.
   e. An order setting subsequent conferences and the trial date.
   f. Other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.).

Date:  JUL 1 4 2020      by _____Deputy Clerk
Mandatory Form
                                                    MOUANG SAECHAO
                    --SANCTIONS--
CV003    If you do not file the *Case Management Statement* required by local rule, or attend the case      11/10
         management conference or participate effectively in the conference, the court may impose
         sanctions (including dismissal of the case, striking of the answer, and payment of money).

Rule 3.110 of the California Rules of Court.

Time for Service of Complaint, Cross-Complaint, and Response

(a) [Application] This rule applies to the service of pleadings in civil cases except for collection cases under Rule 3.740 (a), Unlawful detainer actions, proceedings, under the Family Code, and other proceedings for which different service requirements are prescribed by law.

(b) [Service of complaint] The complaint must be served on all named defendants and proofs of service on those defendants must be filed with the court within 60 days after the filing of the complaint. When the complaint is amended to add a defendant, the added defendant must be served and proof of service must be filed within 30 days after the filing of the amended complaint.

(c) [Service of cross-complaint] A cross-complaint against a party who has appeared in the action must be accompanied by proof of service of the cross-complaint at the time it is filed. If the cross-complaint adds new parties, the cross-complaint must be served on all parties and proofs of service on the new parties must be filed within 30 days of the filing of the cross-complaint.

(d) [Timing of responsive pleadings] The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint.

(e) [Modification of timing: application for order extending time] The court, on its own motion or on the application of a party, may extend or otherwise modify the times provided in (b) - (d). An application for a court order extending the time to serve a pleading must be filed before the time for service has elapsed. The application must be accompanied by a declaration showing why service has not been completed, documenting the efforts that have been made to complete service, and specifying the date by which service is proposed to be completed.

(f) [Failure to serve] If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an Order to Show Cause why sanctions shall not be imposed.

(g) [Request for entry of default] If a responsive pleading is not served within the time limits specified in this rule and no extension of time has been granted, the plaintiff must file a request for entry of default within 10 days after the time for service has elapsed. The court may issue an Order to Show Cause why sanctions should not be imposed if the plaintiff fails to timely file the request for the entry of default.

(h) [Default judgment] When a default is entered, the party who requested the entry of default must obtain a default judgment against the defaulting party within 45 days after the default was entered, unless the court has granted an extension of time. The court may issue an Order to Show Cause why sanctions should not be imposed if that party fails to obtain entry of judgment against a defaulting party or to request an extension of time to apply for a default judgment within that time.

(i) [Order to Show Cause] Responsive papers to an Order to Show Cause issued under this rule must be filed and served at least 5 calendar days before the hearing.

CV003                                                                                              11/10