# EXHIBIT F

# EXHIBIT F

1   David D. Cardone, Esq. (SBN 254954)
    Christine Y. Dixon, Esq. (SBN 297496)
2   DUNN DESANTIS WALT & KENDRICK, LLP
    750 B Street, Suite 2620
3   San Diego, CA 92101
    Telephone:  (619) 573-4488
4   Facsimile:   (619) 255-4868
    DCardone@ddwklaw.com
5   CDixon@ddwklaw.com

6   Attorneys for Plaintiff ROBERT MISKA, individually and on
    behalf of all other Aggrieved Employees
7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                       **COUNTY OF STANISLAUS**

10  ROBERT MISKA, individually and on       CASE NO.    CV-20-003027
    behalf of all other Aggrieved
11  Employees,                              **FIRST AMENDED COMPLAINT FOR
                                            DAMAGES AND JURY DEMAND**
12          Plaintiff,
                                            1)  **FAILURE TO PAY MINIMUM
13  vs.                                         WAGES (Labor Code §§ 1194, 1197,
                                                1197.1)**
14  ENGINEERING AUTOMATION &                2)  **FAILURE TO PAY OVERTIME
    DESIGN, INC. dba EAD                        WAGES (Labor Code §§ 223, 510, 1194,
15  MANAGEMENT SERVICES, INC., a                1198 and Applicable Wage Order)**
    Nebraska corporation, SMITH             3)  **FAILURE TO PROVIDE MEAL AND
16  SECKMAN REID, INC., a Tennessee             REST BREAKS (Labor Code §§ 226.7,
    corporation, CONAGRA BRANDS,                512 and Applicable Wage Order)**
17  INC., a Delaware corporation, and       4)  **FAILURE TO PAY ALL WAGES DUE
    DOES 1 to 50,                               AT TIME OF DISCHARGE (Labor
18                                              Code §§ 201, 202, 203, 208, 227.3)**
            Defendants.                     5)  **FAILURE TO MAKE TIMELY
19                                              PAYMENTS (Labor Code § 204)**
                                            6)  **FAILURE TO PROVIDE ITEMIZED
20                                              WAGE STATEMENTS (Labor Code §
                                                226)**
21                                          7)  **FAILURE TO PROVIDE ONE DAY'S
                                                REST IN SEVEN (Labor Code §§ 551,
22                                              552)**
                                            8)  **FAILURE TO TIMELY PRODUCE
23                                              PERSONNEL AND PAYROLL
                                                RECORDS (Labor Code §§ 226(c),
24                                              1198.5(b))**
                                            9)  **UNFAIR COMPETITION (Bus. &
25                                              Prof. Code § 17200 et seq.)**
                                            10) **California Labor Code Private
26                                              Attorneys General Act (PAGA) (Labor
                                                Code § 2698 et seq.)**
27

28

                                        1

8/18/2020

1     COMES now Plaintiff ROBERT MISKA (hereinafter "Plaintiff") who, on behalf of himself

2  and all other Aggrieved Employees (defined *infra*), by and through his counsel, hereby files this

3  First Amended Complaint against Defendants ENGINEERING AUTOMATION & DESIGN, INC.

4  dba EAD MANAGEMENT SERVICES, INC., a Nebraska corporation ("EAD"), SMITH

5  SECKMAN REID, INC., a Tennessee corporation ("SSR"), CONAGRA BRANDS, INC., a

6  Delaware corporation ("CONAGRA"), and DOES 1 to 50, inclusive, (collectively referred as

7  "Defendants"), and each of them, and complains and alleges as follows:

8                                      **INTRODUCTION**

9     1.    Plaintiff brings this case alleging violations of various statutes, including the Labor

10  Code and the Business & Professions Code.

11     2.    Plaintiff alleges that Defendants, and each of them, engaged in a pattern of wage

12  and hour violations under the California Labor Code, the Industrial Welfare Commission ("IWC")

13  Wage Orders, and the California Business & Professions Code.

14     3.    Plaintiff also brings this representative action pursuant to the Private Attorneys

15  General Act of 2004, California Labor Code § 2698, *et seq.* ("PAGA") against SSR and

16  CONAGRA for engaging in a pattern of wage and hour violations under the California Labor Code

17  and the applicable IWC Wage Order. Plaintiff brings this action on behalf of all other current and

18  former non-exempt employees of SSR and CONAGRA in the State of California who have suffered

19  at least one of the Labor Code violations described herein during the applicable relevant time period

20  (hereinafter "Aggrieved Employees").

21     4.    Plaintiff is informed and believes, and on that basis alleges, that Defendants

22  decreased their employment-related costs by systematically violating California wage and hour

23  laws and engaging in unlawful and unfair business practices.

24     5.    Defendants' systematic pattern of Labor Code and IWC Wage Order violations

25  towards Plaintiff and other Aggrieved Employees in California includes, but is not limited to:

26  failure to pay all overtime wages; failure to pay all minimum and regular wages for all hours

27  worked; failure to authorize and permit off-duty meal periods of at least 30 minutes before the

28  commencement of the sixth hour of work; failure to authorize and permit off-duty paid rest periods,

2

FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND

1  failure to provide accurate itemized wage statements; failure to maintain accurate records; failure

2  to provide one day's rest in seven; and failure to timely pay all earned wages due upon separation

3  of employment.

### JURISDICTION & VENUE

5  6.      Venue is proper in Stanislaus County because Plaintiff resides in Stanislaus County,

6  Defendants were conducting their respective businesses in Stanislaus County, and all of the events,

7  transactions and injuries giving rise to the causes of action stated herein took place in Stanislaus

8  County.

9  7.      The causes of action and damages stated herein entitle Plaintiff to recover in excess

10  of $25,000.00 and are thus within the jurisdiction of this Court.

11  8.      Plaintiff has exhausted his administrative remedies pursuant to California Labor

12  Code § 2699.3. On or about June 9, 2020, Plaintiff gave written notice of his intent to seek penalties

13  pursuant to Labor Code § 2698 by filing his notice online with the Labor and Workforce

14  Development Agency and by certified mail to SSR and CONAGRA of the specific provisions of

15  the Labor Code that they have violated against Plaintiff and certain current and former employees

16  of SSR and CONAGRA, including the facts and theories to support the violations. Plaintiff also

17  paid the filing fee required under Labor Code § 2699.3. On August 14, 2020, more than 65 days

18  had elapsed since the filing of Plaintiff's June 9, 2020 notice and the Labor and Workforce

19  Development Agency has not indicated that it intends to investigate SSR and CONAGRA's Labor

20  Code violations discussed in the notice. Accordingly, Plaintiff may commence the instant civil

21  action to recover penalties for himself and other current and former Aggrieved Employees under

22  Labor Code § 2699, pursuant to Labor Code § 2699.3.

### THE PARTIES

24  9.      Plaintiff is a natural person who is, and at all relevant times was, a resident of

25  Stanislaus County, California. Plaintiff was previously employed by Defendants at CONAGRA's

26  Oakdale facility located in Stanislaus County at 554 South Yosemite Avenue, Oakdale, CA 95361

27  (the "Oakdale Facility").

28

3

FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND

1    10.    Plaintiff is informed and believes, and based thereon alleges, that Defendant EAD

2    is a Nebraska corporation licensed to do business in the State of California, with its principal place

3    of business located at 3635 S. 149th Street in Omaha, Nebraska 68144. During all relevant times,

4    EAD was conducting business at CONAGRA's Oakdale Facility.

5    11.    Plaintiff is informed and believes, and based thereon alleges, that Defendant SSR is

6    a Tennessee corporation licensed to do business in the State of California, with its principal place

7    of business located at 2995 Sidco Drive, Nashville, Tennessee 37204. During all relevant times,

8    SSR was conducting business at CONAGRA's Oakdale Facility.

9    12.    Plaintiff is informed and believes, and based thereon alleges, that Defendant

10   CONAGRA is a Delaware corporation licensed to do business in the State of California, with its

11   principal place of business located at 222 Merchandise Mart Plaza, Chicago, Illinois 60654. During

12   all relevant times, CONAGRA was conducting business at the Oakdale Facility. Plaintiff is

13   informed and believes, and based thereon alleges, that at all relevant times, CONAGRA was a joint

14   employer of Plaintiff with EAD from January 17, 2017 to June 15, 2018, and then with SSR from

15   June 16, 2018 to December 4, 2019.

16   13.    Plaintiff is ignorant of the true names and capacities, whether individual, corporate,

17   associate, or otherwise, of defendants sued herein as DOES 1 through 50, inclusive, and therefore

18   sues these defendants by such fictitious names pursuant to California Code of Civil Procedure §

19   474. Plaintiff will amend the complaint to allege their true names and capacities when ascertained.

20   Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named

21   defendants was intentionally, negligently, or in some other manner responsible for the occurrences

22   alleged herein, and that Plaintiff's injuries and damages as alleged herein were proximately caused

23   by such acts.

24   14.    Plaintiff is informed and believes, and based thereon alleges, that at all times herein

25   mentioned, each Defendant was the agent, principal and/or employee of each of the other

26   Defendants in the acts and conduct alleged herein and therefore incurred liability to Plaintiff for the

27   acts alleged below. Plaintiff is further informed and believes, and based thereon alleges, that at all

28

4

1    times herein mentioned, all Defendants acted within the course and scope of their employment

2    and/or said agency.

3        15.    Defendants EAD, SSR, CONAGRA, and DOES 1 through 50 are hereinafter

4    referred to collectively as "Defendants."

5                    **JOINT EMPLOYER ALLEGATIONS**

6        16.    Plaintiff is informed and believes, and based thereon alleges, that there existed a

7    unity of interest between CONAGRA and EAD, then between CONAGRA with SSR that the

8    individuality and separateness of these Defendants ceased to exist.

9        17.    Plaintiff is informed and believes, and based thereon alleges, that there existed a

10    joint employment relationship by and between CONAGRA and EAD, then between CONAGRA

11    and SSR as to Plaintiff and, on information and belief, the Aggrieved Employees because:

12        a.    On information and belief, Plaintiff alleges that CONAGRA and EAD, then

13    CONAGRA and SSR had the joint authority to hire, transfer, promote, discipline or discharge

14    Plaintiff and, on information and belief, the Aggrieved Employees. As such, at all times alleged

15    herein, CONAGRA and EAD, then CONAGRA and SSR shared control over the construction

16    management operations at CONAGRA's Oakdale Facility such that their operations were

17    intermingled, including but not limited to, the centralized control of labor relations.

18        b.    According to information and belief, when EAD's contract with CONAGRA

19    expired, CONAGRA instructed SSR hire Plaintiff and several other EAD employees to keep them

20    working at CONAGRA's Oakdale Facility. In or around June 2018, SSR hired Plaintiff and his

21    coworkers from EAD to work at CONAGRA's Oakdale Facility.

22        c.    At all times relevant to this action, CONAGRA and EAD, then CONAGRA

23    and SSR controlled the wages, hours, and working conditions of Plaintiff and, on information and

24    belief, the Aggrieved Employees. CONAGRA and EAD, then CONAGRA and SSR directed and

25    supervised Plaintiff and, on information and belief, the Aggrieved Employees' work. Upon

26    information and belief, CONAGRA and EAD, then CONAGRA and SSR set the respective rates

27    of pay for the work performed and the method of compensation. CONAGRA and EAD, then

28    CONAGRA and SSR provided Plaintiff and, on information and belief, the Aggrieved Employees

FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND

1   with a place to work and determined their hours and the conditions of their employment.
2   CONAGRA and EAD, then CONAGRA and SSR exclusively controlled the day-to-day operations
3   at their worksite. CONAGRA and EAD, then CONAGRA and SSR had the power to either cause
4   Plaintiff and, on information and belief, the Aggrieved Employees to work or prevent them from
5   working on their behalf. CONAGRA and EAD, then CONAGRA and SSR had exclusive control
6   over Plaintiff's and, on information and belief, the Aggrieved Employees' work activities. The
7   tasks they performed were for the benefit of CONAGRA and EAD, then CONAGRA and SSR and
8   an integral part of CONAGRA and EAD's, then CONAGRA and SSR's regular business
9   operations. The primary obligations and responsibilities of Plaintiff and, on information and belief,
10  the Aggrieved Employees included performing construction management services in CONAGRA's
11  Oakdale Facility.

12          d.      At all times alleged herein, Plaintiff and, on information and belief, the
13  Aggrieved Employees reported to the management personnel of both CONAGRA and EAD, then
14  both CONAGRA and SSR at CONAGRA's Oakdale Facility.

15          e.      At all times alleged herein, Plaintiff and, on information and belief, the
16  Aggrieved Employees performed services for each and every one of the Defendants, and to the
17  mutual benefit of all Defendants, and all the Defendants shared control of Plaintiff and, on
18  information and belief, the Aggrieved Employees as employees, either directly or indirectly, and
19  the manner in which Defendants' business was and is conducted.

20          18.     As a result of the aforementioned facts, Plaintiff is informed and believes, and based
21  thereon alleges that CONAGRA and EAD, then CONAGRA and SSR were Plaintiff's and, on
22  information and belief, the Aggrieved Employees' joint employers by at all times relevant hereto
23  and are thus jointly liable for all damages asserted herein.

24                              **FACTUAL BACKGROUND**

25          19.     Plaintiff brings this action on behalf of himself and the Aggrieved Employees
26  employed by, or formerly employed by, Defendants during the applicable liability period.

27          20.     At all times during the applicable liability period, CONAGRA was (and still is) a
28  global corporation that distributes food products. Plaintiff is informed and believes, and based

                                      6

1    thereon alleges, that CONAGRA owns and operates numerous facilities and warehouses
2    throughout California, such as the Oakdale Facility, where Plaintiff worked.

3        21.    EAD and SSR provided construction management services to CONAGRA at its
4    Oakdale Facility.

5        22.    In January 2017, Plaintiff commenced employment with EAD as a construction
6    manager at CONAGRA's Oakdale Facility.

7        23.    In or around June 2018, EAD's contract with CONAGRA expired. On information
8    and belief, CONAGRA instructed SSR (who was taking over the construction management services
9    at CONAGRA's Oakdale Facility) to hire Plaintiff and several other former EAD employees in
10    order to keep them at the Oakdale Facility.

11    ***Plaintiff's Employment by EAD at CONAGRA's Oakdale Facility***

12        24.    On or around January 17, 2017, Plaintiff was formally hired by EAD. Thereafter,
13    Plaintiff worked as a construction manager at CONAGRA's Oakdale Facility.

14        25.    As a construction manager, Plaintiff was expected to maintain a professional and
15    satisfactory relationship with CONAGRA, manage and coordinate all aspects of the construction
16    effort, interface with CONAGRA representatives, and review and approve construction-related
17    portions of project proposals and subcontractor invoices.

18        26.    At all times mentioned herein, Plaintiff worked approximately 40 hours per week,
19    in addition to regular overtime work. Plaintiff earned an hourly rate of $38.47 from about January
20    17, 2017 through February 2, 2018. From February 2, 2018 until June 15, 2018, Plaintiff earned an
21    hourly rate of $40.87.

22        27.    At all times mentioned herein, EAD and CONAGRA had a facially compliant
23    overtime compensation policy. However, in practice, Defendants failed and refused to compensate
24    and/or properly compensate certain employees, specifically construction managers, like Plaintiff,
25    for their overtime work.

26        28.    On the occasions when Plaintiff received some compensation for his overtime work,
27    Defendants calculated the overtime compensation based on the regular rate of pay, in violation of
28    the California Labor Code.

7

FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND

1    29.    At all times relevant to this action, EAD and CONAGRA had an unwritten policy

2    and practice whereby Plaintiff was regularly required to work in excess of five consecutive hours

3    without being permitted to take a 30-minute, continuous and uninterrupted, duty-free meal period.

4    Plaintiff was not permitted to take at least a 30-minute, continuous and uninterrupted, duty-free

5    meal period that began before the end of his fifth hour of work because he was expected to finish

6    his tasks prior to taking a meal period and/or his meal periods were interrupted because he was

7    expected to (and did) respond to issues that arose during his meal periods at the Oakdale Facility.

8    30.    EAD and CONAGRA also had an unwritten policy and practice whereby Plaintiff

9    was not permitted to take a 10-minute, off-duty, paid rest period for each four hours (or major

10    fraction thereof) worked because he was expected to (and did) respond to issues that arose during

11    his rest periods at the Oakdale Facility.

12    31.    EAD and CONAGRA also forced Plaintiff to work "off-the-clock" when

13    performing overtime work. On many occasions, Plaintiff received no compensation whatsoever for

14    his overtime work. On other occasions, he was compensated at the incorrect rate for his overtime

15    work.

16    32.    Plaintiff was also regularly scheduled to work all seven days of the workweek and,

17    thus, was not provided one-day's rest in seven.

18    33.    EAD and CONAGRA also wrongfully withheld compensation for time worked,

19    denied or cut short earned rest and/or meal periods without proper compensation, failed to provide

20    accurate itemized wage statements, and failed to timely pay wages. Additionally, EAD and

21    CONAGRA failed to pay all wages earned and unpaid upon the termination of Plaintiff's

22    employment by EAD and CONAGRA.

23    34.    For at least four years prior to the filing of this action and through the present, EAD

24    and CONAGRA wrongfully withheld compensation for time suffered and permitted to work,

25    denied or cut short earned rest and/or meal periods without proper compensation, failed to provide

26    accurate itemized wage statements, and failed to timely pay wages (including minimum and

27    overtime wages). EAD and CONAGRA maintained and enforced against Plaintiff unlawful

28    employment practices in violation of California wage and hour laws, including:

8

a.  Failing to pay Plaintiff at least minimum wage for all hours worked;

b.  Failing to pay Plaintiff for all overtime time worked pursuant to the California Labor Code and applicable Wage Orders;

c.  Failing to permit Plaintiff to take paid rest periods of at least ten minutes per four hours worked or major fraction thereof and failing to pay Plaintiff one hour of pay at his regular rate of compensation for each day a rest period was not provided, as required by California law;

d.  Failing to authorize and permit Plaintiff to take meal periods of at least thirty (30) minutes for a work period of more than five (5) hours and failing to pay Plaintiff one hour of pay at his regular rate of compensation for each day a meal period was not provided, as required by California law;

e.  Failing to provide Plaintiff accurate itemized wage statements, as required by California law;

f.  Failing to pay Plaintiff all wages due at the end of his employment; and

g.  Failing to pay Plaintiff statutory penalties pursuant to the California Labor Code.

35.  On information and belief, and based thereupon, Plaintiff alleges EAD and CONAGRA understood Plaintiff was not provided with the foregoing. EAD and CONAGRA's denial of wages and other compensation due to Plaintiff was willful and deliberate.

36.  In or about June 2018, EAD's contract with CONAGRA to manage construction at the Oakdale Facility was not going to be renewed and CONAGRA arranged for the new construction management firm, SSR, to hire Plaintiff in order for Plaintiff to continue working at CONAGRA's Oakdale Facility. CONAGRA also arranged for other former joint EAD employees to continue working at its Oakdale Facility under the new contract with SSR.

37.  This action seeks recovery of wages and compensation due and owed to Plaintiff under California law and for the maximum period allowed.

***Plaintiff's Employment by SSR at CONAGRA's Oakdale Facility***

38.  On or around April 30, 2018, Plaintiff was offered a position by SSR to work at CONAGRA's Oakdale Facility. He was hired by SSR at the behest of CONAGRA. SSR also hired

9

1  several former joint employees of CONAGRA and EAD, at the behest of CONAGRA for them to

2  continue working at CONAGRA's Oakdale Facility.

3      39.    Plaintiff's employment for CONAGRA and SSR began on or around June 16, 2018.

4  The terms of his employment included Plaintiff being paid an hourly rate with overtime being

5  compensated on a straight-time basis. At the time of his hiring, Plaintiff earned an hourly rate of

6  $42.71.

7      40.    Plaintiff is informed and believes, and based thereon alleges, that the Aggrieved

8  Employees' employment for CONAGRA and SSR also began on or around June 16, 2018 and the

9  Aggrieved Employees were also paid at their regular rate of pay for overtime work.

10     41.    Plaintiff and, upon information and belief, the Aggrieved Employees were expected

11 by CONAGRA and SSR to plan and execute project plans, timely deliver quality products and

12 services, proactively manage project financials, and serve as the liaison between SSR and

13 CONAGRA.

14     42.    Plaintiff and, upon information and belief, the Aggrieved Employees were paid by

15 the hour and at their respective regular rates of pay for overtime work.

16     43.    On December 4, 2019, Plaintiff's employment with CONAGRA and SSR

17 terminated. At the time his employment was terminated, Plaintiff earned an hourly rate of $43.78.

18     44.    During their joint employment by SSR and CONAGRA, Plaintiff and, upon

19 information and belief, the Aggrieved Employees were regularly scheduled by SSR and

20 CONAGRA to work more than 40 hours per workweek, and seven days per workweek. At all times

21 relevant to this action, SSR and CONAGRA maintained a policy and practice of not lawfully paying

22 Plaintiff and, upon information and belief, the Aggrieved Employees for overtime worked. Plaintiff

23 and, upon information and belief, the Aggrieved Employees were not paid at least one-and-one-

24 half their regular wage rate for all hours that they worked in excess of eight hours but less than

25 twelve hours per day, in excess of 40 hours per workweek, or for the first eight hours worked on

26 the seventh day worked in a workweek.

27     45.    At all times relevant to this action, SSR and CONAGRA had an unwritten policy

28 and practice whereby Plaintiff and, upon information and belief, the Aggrieved Employees were

10

FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND

1   regularly required to work in excess of five consecutive hours without being permitted to take a 30-
2   minute, continuous and uninterrupted, duty-free meal period. Plaintiff and, upon information and
3   belief, the Aggrieved Employees were not permitted to take at least a 30-minute, continuous and
4   uninterrupted, duty-free meal period that began before the end of their fifth hour of work because
5   they were expected to finish their tasks prior to taking a meal period and/or their meal periods were
6   interrupted because they were expected to (and did) respond to issues that arose during their meal
7   periods at the Oakdale Facility.

8       46.    SSR and CONAGRA also had an unwritten policy and practice whereby Plaintiff
9   and, upon information and belief, the Aggrieved Employees were not permitted to take a 10-minute,
10  off-duty, paid rest period for each four hours (or major fraction thereof) worked because they were
11  expected to (and did) respond to issues that arose during their rest periods at the Oakdale Facility.

12      47.    Plaintiff and, upon information and belief, the Aggrieved Employees were also
13  regularly scheduled to work all seven days of the workweek and, thus, were not provided one-day's
14  rest in seven. Plaintiff and, upon information and belief, the Aggrieved Employees also were not
15  paid the appropriate overtime rate for the hours worked on the seventh workday in the workweek.

16      48.    SSR and CONAGRA wrongfully withheld compensation for time worked, denied
17  or cut short earned rest and meal periods without proper compensation, failed to provide accurate
18  itemized wage statements, and failed to timely pay wages. Additionally, SSR and CONAGRA
19  failed to pay all wages earned and unpaid upon the termination of Plaintiff and, on information and
20  belief, the Aggrieved Employees' employment by SSR and CONAGRA.

21      49.    For at least four years prior to the filing of this action and through the present, SSR
22  and CONAGRA wrongfully withheld compensation for time suffered and permitted to work,
23  denied or cut short earned rest and meal periods without proper compensation, failed to provide
24  accurate itemized wage statements, and failed to timely pay wages (including minimum and
25  overtime wages). SSR and CONAGRA maintained and enforced against Plaintiff and, on
26  information and belief, the Aggrieved Employees unlawful employment practices in violation of
27  California wage and hour laws, including:

28

11

FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND

a. Failing to pay Plaintiff and, on information and belief, the Aggrieved Employees for all overtime worked at the appropriate overtime wage rate, pursuant to the California Labor Code and applicable Wage Orders;

b. Failing to permit Plaintiff and, on information and belief, the Aggrieved Employees to take paid rest periods of at least ten minutes per four hours worked or major fraction thereof and failing to pay them one hour of pay at their respective regular rates of compensation for each day a rest period was not provided, as required by California law;

c. Failing to authorize and permit Plaintiff and, on information and belief, the Aggrieved Employees to take meal periods of at least thirty (30) minutes for a work period of more than five (5) hours and failing to pay them one hour of pay at their respective regular rates of compensation for a meal period that was not provided, as required by California law;

d. Failing to provide Plaintiff and, on information and belief, the Aggrieved Employees accurate itemized wage statements, as required by California law;

e. Failing to pay Plaintiff and, on information and belief, the Aggrieved Employees all wages due at the end of their employment; and

f. Failing to pay Plaintiff and, on information and belief, the Aggrieved Employees statutory penalties pursuant to the California Labor Code.

50.    On information and belief, and based thereupon, Plaintiff alleges that SSR and CONAGRA understood Plaintiff and, on information and belief, the Aggrieved Employees were not provided with the foregoing. SSR and CONAGRA's denial of wages and other compensation due to Plaintiff and, on information and belief, the Aggrieved Employees was willful and deliberate.

51.    This action seeks recovery of wages and compensation due and owed to Plaintiff under California law and for the maximum period allowed as well as penalties owed to Plaintiff and, on information and belief, the Aggrieved Employees pursuant to PAGA.

///

///

FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND

1

2

**FIRST CAUSE OF ACTION**
**Failure to Pay Minimum Wages in Violation of Labor Code §§ 1194, 1197**
**(By Plaintiff Against EAD, CONAGRA and DOES 1-25)**

3       52.    Plaintiff realleges and incorporates by reference all of the preceding paragraphs of

4     this First Amended Complaint, as though set forth in full at this point.

5       53.    Plaintiff was EAD and CONAGRA's joint employee because EAD and CONAGRA

6     engaged, suffered, or permitted Plaintiff to work for them and exercised significant control over his

7     wages, hours of work, and working conditions.

8       54.    Plaintiff was not compensated by EAD and CONAGRA for hours 80 to 92 that he

9     worked during a pay period, in accordance with EAD and CONAGRA's known but unwritten

10    policy, in violation of Labor Code §§ 1194 and 1197.

11      55.    Labor Code § 1194.2, subdivision (a), states: "In any action under § … 1194… to

12    recover wages because of the payment of a wage less than the minimum wage fixed by an order of

13    the commission or by statute, an employee shall be entitled to recover liquidated damages in an

14    amount equal to the wages unlawfully unpaid and interest thereon."

15      56.    Insofar as EAD and CONAGRA, and each of them, failed to pay Plaintiff an amount

16    that was at least the same as the applicable minimum wage, EAD and CONAGRA, and each of

17    them, were and are in violation of Labor Code § 1194 and 1197, and Plaintiff is entitled to recover

18    damages pursuant to Labor Code § 1194.2(a).

19

20

21

**SECOND CAUSE OF ACTION**
**Failure to Pay Overtime in Violation of Labor Code §§ 510, 1194, 1198, and**
**applicable Wage Order**
**(By Plaintiff and the Aggrieved Employees Against all Defendants)**

22      57.    Plaintiff realleges and incorporates by reference all of the preceding paragraphs of

23    this First Amended Complaint, as though set forth in full at this point.

24      58.    Under California law, eight hours a day constitutes a day's work. Any work in

25    excess of eight hours a day, or 40 hours per week, entitles the worker to a premium. (Labor Code

26    §§ 510(a), 1198, Part 3 of IWC Wage Order 8.)

27      59.    Additionally, under California law, every employee is entitled to one day's rest in

28    seven in a workweek and no employer may cause its employees to work more than six days in

FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND

1    seven. (Labor Code §§ 551, 552.)  Any hours worked on the seventh consecutive day of work in a

2    workweek entitles the worker to a premium. (Labor Code §§ 510(a), 1198, Part 3 of IWC Wage

3    Order 8.)

4        60.    Plaintiff regularly worked more than eight hours a day and more than 40 hours per

5    workweek at the direction of Defendants, and each of them, when he was employed by EAD and

6    CONAGRA, and then by SSR and CONAGRA. Upon information and belief, Plaintiff alleges that

7    the Aggrieved Employees regularly worked more than eight hours a day and more than 40 hours

8    per workweek at the direction of SSR and CONAGRA. Plaintiff alleges, on information and belief,

9    that the electronic and/or paper timecard systems maintained by Defendants, and each of them, will

10   demonstrate when Plaintiff and, on information and belief, the Aggrieved Employees clocked in

11   for work and out when they concluded their day's work. Plaintiff and, upon information and belief,

12   the Aggrieved Employees are entitled to overtime compensation, pursuant to Labor Code § 510(a),

13   for the hours worked beyond eight hours in a single workday, or 40 hours in a week.

14       61.    Plaintiff regularly worked seven consecutive days in a workweek at the direction of

15   Defendants, and each of them, when he was employed by EAD and CONAGRA, and then by SSR

16   and CONAGRA. Upon information and belief, Plaintiff alleges that the Aggrieved Employees

17   regularly worked seven consecutive days in a workweek at the direction of SSR and CONAGRA.

18   Plaintiff alleges on information and belief that the electronic and/or paper timecard systems

19   maintained by Defendants, and each of them, will again demonstrate Plaintiff and, on information

20   and belief, the Aggrieved Employees worked seven consecutive days in a workweek. Plaintiff and,

21   upon information and belief, the Aggrieved Employees are entitled to overtime compensation,

22   pursuant to Labor Code § 510(a), for any hours worked on the seventh consecutive day of work in

23   a workweek.

24       62.    Plaintiff is entitled to recover his unpaid overtime wages, including interest thereon,

25   reasonable attorneys' fees, and costs of suit, pursuant to Labor Code § 1194(a).

26       63.    As a further result of SSR and CONAGRA's failure to pay the applicable overtime

27   wage rate, Plaintiff and, on information and belief, the Aggrieved Employees are entitled to

28   penalties pursuant to pursuant to Labor Code § 2698, *et seq.*

**THIRD CAUSE OF ACTION**
**Failure to Provide Rest and Meal Periods in Violation of Labor Code §§ 226.7, 512, IWC**
**Wage Order 8-2001 §§ 11, 12**
**(By Plaintiff and the Aggrieved Employees Against All Defendants)**

64.    Plaintiff realleges and incorporates by reference all of the preceding paragraphs of this First Amended Complaint, as though fully set forth in full at this point.

65.    California Labor Code § 226.7 states that an employer must provide an employee an off-duty, uninterrupted meal and rest period in compliance with the applicable order of the Industrial Welfare Commission. If an employee is not provided a rest period or a meal period, the employer must pay the employee one additional hour of pay, at the employee's regular rate of compensation, for each workday that the meal or rest period is not provided.

66.    California Industrial Welfare Commission Wage Order 8-2001 § 11 requires employers to provide all employees working more than five hours, but not less than six hours and with certain exceptions, a 30-minute, uninterrupted meal period. If an employee is not relieved of all duties during the meal period, the employer must pay the employee one additional hour of pay, at the employee's regular rate of compensation, for each workday that the meal period is not provided.

67.    California Industrial Welfare Commission Wage Order 8-2001 § 12 requires employers to authorize all employees to take a 10-minute paid rest period per four hours, or major fraction thereof, worked. If an employee is not provided a rest period, the employer must pay the employee one additional hour of pay, at the employee's regular rate of compensation, for each workday that the rest period is not provided.

68.    Defendants, and each of them, had an unwritten policy and practice whereby Plaintiff and, on information and belief, the Aggrieved Employees were not permitted to take a 30-minute, off-duty meal period (that began before the end of the fifth hour of work) for any work period of five or more hours that they worked for Defendants. Plaintiff and, on information and belief, the Aggrieved Employees were required – and expected – to continue with their duties, which resulted in frequent late or missed meal periods, and work through their entire shifts without meal periods.

15

69.    Defendants, and each of them, had an unwritten policy and practice whereby Plaintiff and, on information and belief, the Aggrieved Employees were not permitted to take a ten minute, off-duty rest period for every four hours or major fraction thereof that they worked for Defendants. Plaintiff and, on information and belief, the Aggrieved Employees were required – and expected – to continue with their duties, which often resulted in Plaintiff and, on information and belief, the Aggrieved Employees being unable to take rest periods.

70.    Plaintiff and, based upon information and belief, the Aggrieved Employees did not lawfully voluntarily or willfully waive their entitlement to rest periods and/or meal periods. Any express or implied waivers obtained from Plaintiff and/or the Aggrieved Employees were not willfully obtained, were not voluntarily agreed to, or were a condition of employment, or made part of an unlawful contract of adhesion.

71.    As a result of Defendants' failure to comply with meal period and rest period regulations set forth in IWC Wage Order 8-2001 and California Labor Code § 226.7, Plaintiff is entitled to be compensated for one hour of additional pay at the regular rate of compensation for each rest period and/or meal period that was not provided. Plaintiff and, on information and belief, the Aggrieved Employees are further entitled to restitution in the amount of ten minutes of pay time for each rest period in addition to 30 minutes of pay time for each meal period that Defendants did not authorize or permit.

72.    As a further result of SSR and CONAGRA's failure to comply with meal period and rest period regulations set forth in IWC Wage Order 8-2001 and California Labor Code § 226.7, Plaintiff and, on information and belief, the Aggrieved Employees are entitled to penalties pursuant to Labor Code § 2698, *et seq.*

### FOURTH CAUSE OF ACTION
**Failure to Pay Timely Wages in Violation of Labor Code §§ 201, 202, 203**
**(By Plaintiff and the Aggrieved Employee Against All Defendants)**

73.    Plaintiff realleges and incorporates by reference all of the preceding paragraphs of this First Amended Complaint, as though set forth in full at this point.

///

///

16

74. California Labor Code § 201, subdivision (a), provides in pertinent part: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

75. California Labor Code § 202, subdivision (a), provides in pertinent part: "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

76. Plaintiff and, on information and belief, the Aggrieved Employees have separated from Defendants and were not paid, at the time of their respective terminations or resignations, all earned and unpaid wages, including unpaid minimum wages, unpaid overtime, and unpaid premiums for missed meal and rest periods.

77. At all times pertinent hereto, Defendants had it within their abilities to consult their business records and properly calculate and pay all of the said unpaid wages at the time of Plaintiff's and, on information and belief, the Aggrieved Employees' terminations. However, Defendants, and each of them, willfully and intentionally failed and refused to pay the earned and unpaid wages to Plaintiff and, on information and belief, each of the Aggrieved Employees.

78. Plaintiff and, upon information and belief, the Aggrieved Employees did not hide themselves or in any manner refuse or obfuscate any attempt by Defendants to tender the balance of the earned and unpaid wages.

79. Pursuant to California law, Plaintiff is entitled to a penalty equal to his regular daily rate, up to a maximum of thirty (30) days, pursuant to California Labor Code § 203 in an amount to be determined at trial, and attorneys' fees, costs, and interest pursuant to California Labor Code § 218.5.

80. As a further result of SSR and CONAGRA's failure to pay all earned wages at the time of Plaintiff and, on information and belief, the Aggrieved Employees' terminations as set forth in California Labor Code §§ 201 and 202, Plaintiff and, on information and belief, the Aggrieved Employees are entitled to penalties pursuant to pursuant to Labor Code § 2698, *et seq*.

17

**FIFTH CAUSE OF ACTION**
**Failure to Pay Wages in Violation of Labor Code §§ 204, 210**
**(By Plaintiff and the Aggrieved Employees Against All Defendants)**

81.    Plaintiff realleges and incorporates by reference all of the preceding paragraphs of this First Amended Complaint, as though set forth in full at this point.

82.    California Labor Code § 204, subdivision (a), states that all wages earned are due and payable twice during each calendar month on days designated in advance by the employers.

83.    Plaintiff was not compensated by EAD and CONAGRA for hours 80 to 92 that he worked during a pay period. Thus, he never received compensation for those hours worked.

84.    Plaintiff and, upon information and belief alleges, the Aggrieved Employees regularly worked more than eight hours a day and more than 40 hours per workweek at the direction of the Defendants.

85.    Plaintiff and, upon information and belief, the Aggrieved Employees regularly worked seven consecutive days in a workweek at the direction of SSR and CONAGRA.

86.    Plaintiff alleges that neither he nor, upon information and belief, the Aggrieved Employees received the appropriate overtime wages for the time worked in excess of eight hours a day, in excess of 40 hours a week, or on the seventh consecutive day worked in a workweek.

87.    Plaintiff is entitled to recover his unpaid minimum and overtime wages, including interest thereon, reasonable attorneys' fees, and costs of suit, pursuant to Labor Code § 1194(a).

88.    Plaintiff and, upon information and belief, the Aggrieved Employees were not authorized or permitted to take rest periods or meal periods during their employment by Defendants.

89.    Plaintiff is entitled to premium pay for each day he was not permitted to take off-duty, uninterrupted rest periods and/or meal periods. Plaintiff and, upon information and belief, the Aggrieved Employees never received payment for said missed, shortened, and on-duty rest periods and/or meal periods.

90.    Defendants willfully failed to timely pay Plaintiff and, upon information and belief, the Aggrieved Employees all wages due for work performed, and this failure continued through the

18

1  time in which they were employed by Defendants. As a result, Defendants violated California Labor

2  Code § 204.

3      91.    California Labor Code § 210 states that employers who fail to pay wages in

4  accordance with Labor Code § 204 shall be subjected to a civil penalty that is recoverable in a civil

5  action.

6      92.    Plaintiff seeks his unpaid wages and penalties pursuant to California Labor Code §

7  210 in an amount to be determined at trial and attorneys' fees, costs, and interest pursuant to

8  California Labor Code § 218.5.

9      93.    As a further result of SSR and CONAGRA's failure to pay wages to Plaintiff and,

10 on information and belief, the Aggrieved Employees as set forth in California Labor Code § 204,

11 Plaintiff and the Aggrieved Employees are entitled to penalties pursuant to pursuant to Labor Code

12 § 2698, *et seq.*

13                **SIXTH CAUSE OF ACTION**
                **Failure to Provide Itemized Wage Statements**
14                **Violation of Labor Code §§ 226, 1174**
     **(By Plaintiff and the Aggrieved Employees Against SSR, CONAGRA and DOES 26 to 50)**
15

16     94.    Plaintiff realleges and incorporates by reference all of the preceding paragraphs of

17 this First Amended Complaint, as though set forth in full at this point.

18     95.    California Labor Code § 226, subdivision (a), requires employers to furnish to

19 employees, at the time of each payment of wages, an accurate itemized statement showing: (1)

20 gross wages earned; (2) total hours worked by the employee; (3) the number of piece-rate units

21 earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions;

22 (5) net wages earned, (6) the pay period; (7) the name of the employee and the last four digits of

23 his or her social security number or an employee identification number; (8) the name and address

24 of the employer; and (9) all applicable hourly rates in effect during the pay period and the

25 corresponding number of hours worked at each hourly rate by the employee.

26     96.    California Labor Code § 1174, subdivision (d), requires employers to keep adequate

27 time records.

28 ///

FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND

1    97.    SSR and CONAGRA knowingly and intentionally failed to furnish to Plaintiff and,

2    upon information and belief, the Aggrieved Employees accurate itemized wage statements that

3    included all applicable hourly rates in effect during the pay period and the corresponding number

4    of hours worked at each hourly rate, all hours worked, gross wages, and net wages.

5    98.    By failing to keep adequate records and furnish accurate itemized statements as

6    required by California Labor Code §§ 226 and 1174, SSR and CONAGRA have injured Plaintiff

7    and, on information and belief, the Aggrieved Employees. This failure has injured Plaintiff and, on

8    information and belief, the Aggrieved Employees by depriving them of wage and hour earnings

9    information to which they are entitled, making it difficult to calculate the unpaid wages due, causing

10    them to not be paid wages to which they are entitled and violating their rights, under California

11    Labor Code § 226, to review itemized wage statement information by inspecting the employer's

12    underlying records.

13    99.    Plaintiff and, on information and belief, the Aggrieved Employees seek actual

14    damages pursuant to California Labor Code § 226, subdivisions (e) and (g), in addition to interest

15    and reasonable attorneys' fees and costs pursuant to Labor Code §§ 218.5, 218.6, and 1194(a).

16    100.    As a further result of SSR and CONAGRA's failure to furnish accurate wage

17    statements to Plaintiff and, on information and belief, the Aggrieved Employees as set forth in

18    California Labor Code § 204, Plaintiff and, on information and belief, the Aggrieved Employees

19    are entitled to penalties pursuant to Labor Code § 2698, *et seq.*

20    **SEVENTH CAUSE OF ACTION**
**Failure to Provide One Day's Rest in Seven**
21    **Violation of Labor Code §§ 551, 552**
**(Plaintiff and Aggrieved Employees Against SSR, CONAGRA and DOES 26 to 50)**
22

23    101.    Plaintiff realleges and incorporates by reference all of the preceding paragraphs of

24    this First Amended Complaint, as though fully set forth in full at this point.

25    102.    Labor Code § 551 states: "Every person employed in any occupation of labor is

26    entitled to one day's rest therefrom in seven."

27    103.    Labor Code § 552 provides that "[n]o employer of labor shall cause his employees

28    to work more than six days in seven."

20

104.    Plaintiff and, on information and belief, the Aggrieved Employees often worked seven days per week and did not receive the legally mandated one-day's rest in seven. SSR and CONAGRA caused Plaintiff and, on information and belief, the Aggrieved Employees to work more than six days in seven without one-day's rest as prescribed by Labor Code § 551.

105.    Therefore, Plaintiff and, on information and belief, the Aggrieved Employees seek their unpaid wages and civil penalties pursuant to California Labor Code § 558 in an amount to be determined at trial and attorneys' fees, costs, and interest pursuant to California Labor Code § 218.5. SSR and CONAGRA are further liable for civil penalties, attorneys' fees, and costs of suit pursuant to California Labor Code § 2698 *et seq.*

**EIGHTH CAUSE OF ACTION**
**Failure to Timely Produce Personnel and Payroll Records**
**Violation of Labor Code §§ 226(c), 1198.5(b)**
**(Plaintiff Against all Defendants)**

106.    Plaintiff realleges and incorporates by reference all of the preceding paragraphs of this First Amended Complaint, as though set forth in full at this point.

107.    Labor Code § 226(b), (c) requires employers to provide former employees the opportunity to inspect their payroll records or mail a copy of the payroll records within twenty-one (21) days of the date the employer receives a written request to do so.

108.    Labor Code § 226(f) states, if an employer fails to permit a former employee, or his or her representative, to inspect or provide a copy of the payroll records within twenty-one (21) days, the former employee may recover a penalty from the employer.

109.    Labor Code § 1198.5(b), (c) requires employers to provide former employees the opportunity to inspect their personnel records or mail a copy of the personnel records within thirty (30) days of the date the employer receives a written request to do so.

110.    Labor Code § 1198.5(k) states, if an employer fails to permit a former employee, or his or her representative, to inspect or provide a copy of the personnel records within thirty (30) days, the former employee may recover a penalty from the employer.

111.    On or around January 6, 2020, Plaintiff requested his personnel file from SSR, as he is entitled to do as a former employee pursuant to California Labor Code § 1198.5.

FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND

112.    On or around January 6, 2020, Plaintiff received, upon information and belief, an incomplete copy of his personnel file from SSR.

113.    On or about February 14, 2020, Plaintiff, by and through his attorneys, requested both his personnel file and his payroll records from each of the Defendants, as he is entitled to do as a former employee pursuant to California Labor Code §§ 226 and 1198.5.

114.    EAD, upon information and belief, produced an incomplete copy of Plaintiff's personnel file and payroll records on or about March 4, 2020. As of the filing of this complaint, the statutory period for EAD to produce complete copies of Plaintiff's personnel file and payroll records expired.

115.    SSR, upon information and belief, produced an incomplete copy of Plaintiff's personnel file and payroll records on or about March 2, 2020. As of the filing of this complaint, the statutory period for SSR to produce complete copies of Plaintiff's personnel file and payroll records expired.

116.    CONAGRA, as of the filing of this complaint, did not produce Plaintiff's personnel file or payroll records. The time in which CONAGRA was to produce such records has expired.

117.    Defendants failed to timely deliver, pursuant to Labor Code §§ 226, 1198.5, Plaintiff's complete personnel and payroll files.

118.    As a result of Defendants' untimely production of Plaintiff's personnel and payroll files, he is entitled to statutory penalties pursuant to Labor Code §§ 226, 1198.5.

### NINTH CAUSE OF ACTION
**Violation of California Unfair Competition Laws**
**(Business & Professions Code §§ 17200 *et seq.*)**
**(Plaintiff, individually and on behalf of the Aggrieved Employees Against all Defendants)**

119.    Plaintiff realleges and incorporates by reference all of the preceding paragraphs of this First Amended Complaint, as though set forth in full at this point.

120.    Defendants, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing, and utilizing the policies, customs, and practices outlined above, including, to wit: (1) not paying all wages, including

22

FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND

1 │ minimum wages and overtime wages; (2) failing to pay all earned wages in a timely fashion; and

2 │ (3) failing to pay premium wages for meal and rest periods not provided.

3 │      121.    Defendants' utilization of such unfair and unlawful business practices constitutes

4 │ unfair, unlawful competition and provides an unfair advantage over Defendants' competitors.

5 │      122.    Plaintiff seeks, on his behalf, on behalf of the Aggrieved Employees, and on behalf

6 │ of the general public, full restitution of monies, as necessary and according to proof, to restore any

7 │ and all monies withheld, acquired, and/or converted by Defendants by means of the unfair practices

8 │ complained of herein.

9 │      123.    The acts complained of herein occurred within the last four years preceding the

10 │ filing of this action.

11 │      124.    Plaintiff is informed and believes, and based thereon alleges, that at all times

12 │ pertinent hereto, Defendants have engaged in unlawful, deceptive, and unfair business practices, as

13 │ proscribed by Business & Professions Code §§ 17200 *et seq.*, including those set forth hereinabove,

14 │ thereby depriving Plaintiff and other members of the general public the minimum working

15 │ standards and conditions due to them under California's laws and Industrial Welfare Commission

16 │ wage orders as specifically described therein.

17 │ **TENTH CAUSE OF ACTION**
**California Labor Code Private Attorneys General Act**

18 │ **(By Plaintiff, individually and on behalf of the Aggrieved Employees Against SSR, CONAGRA and DOES 26 to 50)**

19 │

20 │      125.    Plaintiff realleges and incorporates by reference all of the preceding paragraphs of

21 │ this First Amended Complaint, as though fully set forth in full at this point.

22 │      126.    Pursuant to California Labor Code § 2699(a), any provision of the Labor Code that

23 │ provides for a civil penalty to be assessed and collected by the LWDA or any of its departments,

24 │ divisions, commissions, boards, agencies or employees for violation of the code may, as an

25 │ alternative, be recovered through a civil action brought by an Aggrieved Employee on behalf of

26 │ himself or herself and other current or former employees pursuant to the procedures specified in

27 │ Labor Code § 2699.3.

28 │ ///

1    127.    This cause of action involves allegations of violations of California Labor Code §§

2    201, 203, 204, 208, 210, 223, 226, 226.7, 227.3, 510, 512, 551, 552, 1174, 1194, and 1198, which,

3    pursuant to Labor Code § 2699.5, provide for a civil penalty to be assessed and collected by the

4    LWDA or recovered through a civil action brought by an Aggrieved Employee on behalf of himself

5    or herself and other current or former employees pursuant to the procedures specified in Labor

6    Code § 2699.3.

7    128.    SSR and CONAGRA employed Plaintiff (and the Aggrieved Employees are current

8    and former employees of SSR and CONAGRA) and Plaintiff has one or more of the alleged

9    violations committed against him. Therefore, Plaintiff is an "Aggrieved Employee" under PAGA

10    because the alleged violator employed him and he has had one or more of the alleged violations

11    committed against him. As such, Plaintiff is properly suited to represent the interests of other

12    Aggrieved Employees under the PAGA.

13    129.    Plaintiff seeks to recover civil penalties, but only those civil penalties that are

14    required to be shared with the LWDA and no individual relief or underpaid wages, on behalf of

15    himself and other Aggrieved Employees for SSR and CONAGRA's violations of the California

16    Labor Code, including but not limited to SSR and CONAGRA's violations of Labor Code §§ 201,

17    203, 204, 208, 210, 223, 226, 226.7, 227.3, 510, 512, 551, 552, 1174, 1194, and 1198.

18    130.    For all provisions of the California Labor Code for which a civil penalty is not

19    specifically provided, Labor Code § 2699(f) imposes upon SSR and CONAGRA, and each of them,

20    a penalty of one hundred dollars ($100.00) for each Aggrieved Employee per pay period for the

21    initial violation and two hundred dollars ($200.00) for each Aggrieved Employee per pay period

22    for each subsequent violation.

23    131.    SSR and CONAGRA violated Labor Code §§ 226.7, 512, and 1198 by failing to

24    provide Plaintiff and, on information and belief, the Aggrieved Employees lawfully compliant meal

25    periods and by failing to pay them meal period premium wages for each day a meal period was not

26    provided. Under Labor Code § 2699(f)(2), SSR and CONAGRA are subject to a civil penalty of

27    $100 for each Aggrieved Employee per pay period for the initial violation of Labor Code §§ 226.7

28    and 1198, and $200 for each Aggrieved Employee per pay period for each subsequent violation.

24

1     132.   SSR and CONAGRA violated Labor Code §§ 226.7 and 1198 by failing to authorize

2    and permit Plaintiff and, on information and belief, Aggrieved Employees to take duty-free rest

3    periods and by failing to pay them rest period premium wages for each day a rest period was not

4    provided. Under Labor Code § 2699(f)(2), SSR and CONAGRA are subject to a civil penalty of

5    $100 for each Aggrieved Employee per pay period for the initial violation of Labor Code §§ 226.7

6    and 1198, and $200 for each Aggrieved Employee per pay period for each subsequent violation.

7     133.   SSR and CONAGRA violated Labor Code §§ 223, 510, 1194, and 1198, by not

8    paying Plaintiff and, on information and belief, other Aggrieved Employees all overtime wages

9    earned for all the time they were suffered or permitted to work, engaged in work and/or under SSR

10    and CONAGRA's control, as alleged herein. At all relevant times, Plaintiff and, on information

11    and belief, other Aggrieved Employees were not paid all overtime when they worked in excess of

12    eight hours a workday or forty hours in a workweek. Thus, under Labor Code § 2699(f)(2), SSR

13    and CONAGRA are subject to a civil penalty of $100 for each Aggrieved Employee per pay period

14    for the initial violation of Labor Code §§ 223, 510, 1194, and 1198, and $200 for each Aggrieved

15    Employee per pay period for each subsequent violation.

16     134.   SSR and CONAGRA violated Labor Code §§ 201, 203, 208, 227.3 and 1198 by not

17    paying Plaintiff and, on information and belief, Aggrieved Employees all minimum, regular, and

18    overtime wages owed, and all meal and rest premium wages owed by the time set forth by law upon

19    their separation of employment, as alleged herein. Thus, under Labor Code § 2699(f)(2), SSR and

20    CONAGRA are subject to a civil penalty of $100 for each Aggrieved Employee per pay period for

21    the initial violation of Labor Code §§ 201, 203, 208, 227.3 and 1198, and $200 for each Aggrieved

22    Employee per pay period for each subsequent violation.

23     135.   SSR and CONAGRA violated Labor Code §§ 204 and 1198 by not paying Plaintiff

24    and, on information and belief, Aggrieved Employees all minimum, regular, and overtime wages

25    owed, and all meal and rest premium wages owed by the time set forth by law during their

26    employment, as alleged herein. Thus, under Labor Code § 2699(f)(2), SSR and CONAGRA are

27    subject to a civil penalty of $100 for each Aggrieved Employee per pay period for the initial

28

FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND

1    violation of Labor Code §§ 204 and 1198, and $200 for each Aggrieved Employee per pay period
2    for each subsequent violation.

3        136.    SSR and CONAGRA violated Labor Code §§ 551 and 552, by failing to provide
4    Plaintiff and, on information and belief, Aggrieved Employees one day's rest in seven and the
5    appropriate overtime wage rate for the hours worked on the seventh day of work in a workweek.
6    Thus, under Labor Code § 2699(f)(2), SSR and CONAGRA are subject to a civil penalty of $100
7    for each Aggrieved Employee per pay period for the initial violation of Labor Code §§ 551 and 552
8    and $200 for each Aggrieved Employee per pay period for each subsequent violation.

9        137.    Under Labor Code § 210(a), SSR and CONAGRA, in addition to, and entirely
10   independent and apart from any other penalty, is subject to a civil penalty for failing to pay the
11   wages of each Aggrieved Employee as provided in Labor Code § 204, as follows: (1) For any initial
12   violation, one hundred dollars ($100) for each failure to pay each Aggrieved Employee. (2) For
13   each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for
14   each failure to pay each Aggrieved Employee, plus 25 percent of the amount unlawfully withheld.
15   This amount shall be recovered on behalf of the Labor Commissioner.

16       138.    SSR and CONAGRA violated Labor Code §§ 226(a), 1174(d), and 1198 by failing
17   to maintain records detailing the start and end times of meal and rest periods, and knowingly and
18   intentionally failing to maintain and provide Plaintiff and, on information and belief, other
19   Aggrieved Employees of SSR and CONAGRA with wage statements itemizing accurately all
20   information required by Labor Code § 226(a), as alleged herein, including the total hours worked,
21   all regular hours worked, all overtime hours worked, the corresponding gross and net wages earned,
22   the applicable hourly rate per hour worked, the corresponding number of hours worked at each
23   hourly rate, any sort of employee identification number, and the address of the legal entity that is
24   the employer. Thus, under Labor Code § 2699(f)(2), SSR and CONAGRA are subject to a civil
25   penalty of $100 for each Aggrieved Employee per pay period for the initial violation of Labor Code
26   §§ 226(a) and 1198, and $200 for each Aggrieved Employee per pay period for each subsequent
27   violation.

28   ///

FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND

139.    Alternatively, Labor Code § 226.3 provides for a civil penalty in the amount of $250 per violation in an initial citation and $1,000 for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of § 226.

140.    Labor Code § 1174.5 provides for a civil penalty of $500 for any person employing labor who willfully fails to maintain accurate and complete records required by subdivision (d) of § 1174.

141.    SSR and CONAGRA are and were Plaintiff's and, on information and belief, other Aggrieved Employees' employers, or persons acting on their behalf, within the meaning of Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the Labor Code or any provision regulating hours and days of work in any IWC Wage Order and, as such, is subject to civil penalties for each underpaid employee as set forth in Labor Code § 558.

142.    Pursuant to Labor Code § 558, SSR and CONAGRA are subject to a civil penalty of $50.00 for an initial violation of Labor Code §§ 510 and 512, for each Aggrieved Employee, for each pay period for which the Aggrieved Employee was not provided with a timely off-duty 30-minute meal period, all overtime wages for all hours worked, and the required days of rest, as alleged herein. Furthermore, Labor Code § 558 imposes upon SSR and CONAGRA for each subsequent violation of Labor Code §§ 510 and 512, a civil penalty of $100.00 for each Aggrieved Employee for each pay period for which the Aggrieved Employee was not provided with a timely off-duty 30-minute meal period, and all overtime wages for all hours worked, as alleged herein.

143.    Labor Code § 558 also imposes upon SSR and CONAGRA for each initial violation of the Hours and Days of Work section of the applicable IWC Wage Order a civil penalty of $50.00 for each Aggrieved Employee for each pay period for which the Aggrieved Employee was not provided with a paid uninterrupted 10-minute rest period, as alleged herein. Furthermore, Labor Code § 558 imposes upon SSR and CONAGRA for each subsequent violation of the Hours and Days of Work section of the applicable IWC Wage Order a civil penalty of $100.00 for each Aggrieved Employee for each pay period for which the Aggrieved Employee was not provided with a paid uninterrupted 10-minute rest period, as alleged herein.

27

1    144.    For bringing this action, Plaintiff is additionally entitled to attorney's fees and costs

2    incurred herein.

3    145.    Plaintiff seeks to recover civil penalties on behalf of himself and other Aggrieved

4    Employees for SSR and CONAGRA's violations of the Labor Code, including but not limited to

5    SSR and CONAGRA's violations of Labor Code §§ 201, 203, 204, 208, 210, 223, 226, 226.7,

6    227.3, 510, 512, 551, 552, 1174, 1194, and 1198, pursuant to Labor Code § 2698, et seq. The exact

7    amount of the applicable penalties is in an amount to be shown according to proof at trial and within

8    the jurisdictional limitations of this Court.

9                                    **PRAYER**

10    WHEREFORE, Plaintiff, on behalf of himself and the Aggrieved Employees, prays for

11    judgment against Defendants, and each of them, as follows:

12    1.    For payment of lost wages, bonuses and benefits as well as other compensatory

13          damages according to proof;

14    2.    For general economic and non-economic damages, including emotional distress

15          damages, in an amount according to proof;

16    3.    For unpaid wages due including minimum wage, overtime, statutory, and

17          contractual wages and statutory prejudgment interest pursuant to California Labor

18          Code §§ 510, 1194, 1197, 1198, 1182.12, and California Business & Professions

19          Code §§ 17200, et seq.;

20    4.    For liquidated damages for non-payment of minimum wages pursuant to California

21          Labor Code § 1194.2;

22    5.    For premium wages for failure to authorize or permit rest breaks pursuant to

23          California Labor Code § 226.7 with statutory prejudgment interest;

24    6.    For premium wages for failure to provide meal periods pursuant to California Labor

25          Code § 226.7 with statutory prejudgment interest;

26    7.    For damages or penalties for inadequate wage and hour records pursuant to

27          California Labor Code § 1174 in the statutory amount;

28    8.    For damages or penalties pursuant to Labor Code §§ 226, 1198.5;

28

FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND

9.  For penalties pursuant to Labor Code § 203;

10. For special damages according to proof;

11. For pre-judgment and post-judgment interest as allowed by law;

12. For injunctive relief on each cause of action for which such injunctive relief is available;

13. For restitutionary relief on each cause of action for which such restitutionary relief is available;

14. For unpaid wages and penalties pursuant to California Labor Code § 558;

15. For penalties pursuant to California Labor Code §§ 2698 *et seq.*;

16. For costs of suit incurred herein;

17. For attorney's fees and expert witness fees as allowed by law;

18. For all civil penalties available at law;

19. For interest on the sum of damages awarded at the maximum legal rate; and

20. For such other and further relief as the Court may deem just and proper.

Dated: August 14, 2020                    DUNN DESANTIS WALT & KENDRICK, LLP

By: _____
David D. Cardone
Christine Y. Dixon
Attorneys for Plaintiff
ROBERT MISKA, individually and on
behalf of all other Aggrieved Employees

FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND

1    David D. Cardone, Esq. (SBN 254954)
     Christine Y. Dixon, Esq. (SBN 297496)
2    DUNN DESANTIS WALT & KENDRICK, LLP
     750 B Street, Suite 2620
3    San Diego, CA 92101
     Telephone:  (619) 573-4488
4    Facsimile:   (619) 255-4868
     DCardone@ddwklaw.com
5    CDixon@ddwklaw.com

6    Attorneys for Plaintiff ROBERT MISKA, individually and on
     behalf of all other Aggrieved Employees
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     COUNTY OF STANISLAUS

10   ROBERT MISKA, individually and on       CASE NO.    CV-20-003027
     behalf of all other Aggrieved
11   Employees,                              **PROOF OF SERVICE**

12          Plaintiff,

13   vs.

14   ENGINEERING AUTOMATION &
     DESIGN, INC. dba EAD
15   MANAGEMENT SERVICES, INC., a
     Nebraska corporation, SMITH
16   SECKMAN REID, INC., a Tennessee
     corporation, CONAGRA BRANDS,
17   INC., a Delaware corporation, and
     DOES 1 to 50,
18
            Defendants.
19

20          I, Amanda Felion, declare that: I am over the age of 18 years and not a party to the case; I

21   am employed in or am a resident of, the County of San Diego, California where the mailing occurs;

22   and my business address is 750 B Street, Suite 2620, San Diego, California 92101.

23   ____    On designated recipients through electronic transmission through Case Link/One Legal,
             LLC, the court's electronic service provider.  Upon completion of said transmission of said
24           documents, a certified receipt is issued to filing party acknowledging receipt by Case
             Link/One Legal, LLC's e-file system.  Once Case Line/One Legal, LLC has served all
25           designed recipients, proof of electronic service is available to the filing party.

26

27   _XX_  by causing personal delivery of the document(s) listed above to the person(s) at the
            address(es) set forth below on this date, as follows:  See attached service list.
28

                                            1

PROOF OF SERVICE

1    ___    by placing the document(s) listed above in a sealed overnight delivery service envelope and
2    affixing a pre-paid air bill, and causing the envelope to be delivered to an overnight delivery
     service agent for delivery, addressed as set forth below:

3    ___    by electronic transmission (e-mail). I caused the above-referenced document(s) to be sent
4    to the person(s) at the e-mail address: _____ I did not receive, within a
     reasonable time after the transmission, any electronic message or other indication that the
5    transmission was unsuccessful.

6    ___    by placing the document(s) listed above in a sealed envelope with postage thereon fully
7    prepaid, in the United States mail at San Diego, California addressed as set forth in the
     attached service list.

8
     I caused to be served the following document(s):
9

10   1. **FIRST AMENDED COMPLAINT**

11   I declare under penalty of perjury under the laws of the State of California that the foregoing
     is true and correct.
12

13   Dated: August 17, 2020                    _____
                                                Amanda Felion
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

PROOF OF SERVICE

1

## SERVICE LIST

2

| | |
|---|---|
| Conagra Brands, Inc.<br>2710 Gateway Oaks Drive<br>Suite 150N<br>Sacramento, CA 95833 | Agent for Service of Process to Conagra Brands, Inc.<br><br>VIA PERSONAL SERVICE |
| Smith Seckman Reid, Inc.<br>818 West 7th Street<br>Suite 930<br>Los Angeles, CA 90017 | Agent for Service of Process to Smith Seckman Reid, Inc.<br><br>VIA PERSONAL SERVICE |
| Benjamin Hase, Esq.<br>Lewis Brisbois<br>1700 Lincoln Street<br>Suite 4000<br>Denver, CO 80203 | Attorneys for Engineering Automation & Design, Inc., dba EAD Management Services, Inc.<br><br>VIA ELECTRONIC MAIL |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE