# EXHIBIT H

# EXHIBIT H

Electronically Filed
8/20/2020 12:15 PM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Mckayla Kole, Deputy
$435 PAID

1  KARIMAH J. LAMAR, Bar No. 246862
   LITTLER MENDELSON, P.C.
2  501 W. Broadway, Suite 900
   San Diego, CA 92101.3577
3  Telephone: 619.232.0441

4  Attorneys for Defendants
   SMITH SECKMAN REID, INC. and
5  CONAGRA BRANDS, INC.

6              SUPERIOR COURT OF CALIFORNIA

7                 COUNTY OF STANISLAUS

8  ROBERT MISKA,                          Case No. CV-20-003027

9              Plaintiff,                 ASSIGNED FOR ALL PURPOSES TO JUDGE
                                          SONNY S. SANDHU
10      v.

11 ENGINEERING AUTOMATION &               **DEFENDANTS SMITH SECKMAN REID,
   DESIGN, INC. dba EAD                   INC. AND CONAGRA BRANDS, INC.'S
12 MANAGEMENT SERVICES, INC., a           ANSWER TO PLAINTIFF'S FIRST
   Nebraska corporation; SMITH SECKMAN    AMENDED COMPLAINT FOR DAMAGES**
13 REID, INC., a Tennessee corporation;
   CONAGRA BRANDS, INC., a Delaware       First Amended Complaint Filed: July 14, 2020
14 corporation; and DOES 1-50,            Trial Date: Not Set

15             Defendants.

16

17        Defendants SMITH SECKMAN REID, INC. and CONAGRA BRANDS, INC.

18 ("Defendants") hereby answer ROBERT MISKA'S ("Plaintiff") First Amended Complaint for

19 Damages ("First Amended Complaint") as follows:

20                            **GENERAL DENIAL**

21        Pursuant to the provisions of California Code of Civil Procedure section 431.30, Defendants

22 generally and specifically deny (i) each and every allegation of Plaintiff's First Amended Complaint,

23 (ii) that Plaintiff and/or the allegedly aggrieved employees have been damaged/injured/harmed in any

24 way whatsoever, (iii) that Plaintiff and/or the allegedly aggrieved employees are entitled to any relief

25 in any amount or manner whatsoever from Defendants, and (iv) that Plaintiff, and/or the allegedly

26 aggrieved employees sustained injury, damage, detriment, harm, or loss by reason of any conduct,

27 action, error, or omission on the part of Defendants or any agent, employee, or other person acting

28 under Defendants' authority or control.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses, which they have designated, collectively, as "affirmative defenses." Defendants' designation of their defenses as "affirmative" is not intended to alter Plaintiff's burden of proof with regard to any element of his causes of action. Moreover, Defendants do not presently know all the factors concerning Plaintiff's and/or the allegedly aggrieved employees' conduct sufficient to state all affirmative defenses at this time.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. As a separate and distinct affirmative defense, Defendants allege that the First Amended Complaint and each and every alleged cause of action therein, fails to state facts sufficient to constitute a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Laches, Unclean Hands, Waiver and/or Estoppel)

2. As a separate and distinct affirmative defense, Defendants allege that the First Amended Complaint and each and every alleged cause of action therein, is barred in whole or in part by the equitable doctrines of laches, unclean hands, waiver and/or estoppel.

## THIRD AFFIRMATIVE DEFENSE
### (Statute of Limitations)

3. As a separate and distinct affirmative defense, Defendants allege that Plaintiff's First Amended Complaint is barred, in whole or in part, by the applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE
### (*De Minimis*)

4. As a separate and distinct affirmative defense, Defendants allege that, to the extent Plaintiff and/or the allegedly aggrieved employees have alleged a violation of the Labor Code based on alleged time spent by Plaintiff and/or the allegedly aggrieved employees on work-related activities for which compensation was owed but not paid, any such time was *de minimis* such that no further compensation is owed to them.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101
619.232.0441

2.

DEFENDANTS SMITH SECKMAN REID AND CONAGRA'S ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Take Breaks Provided for Under the Law)

5.   As a separate and distinct affirmative defense, Defendants allege that assuming *arguendo* that Plaintiff and/or the allegedly aggrieved employees are entitled to meal and/or rest breaks, Plaintiff and/or the allegedly aggrieved employees have no right to penalties under the California Labor Code because they (1) failed to take breaks that were provided to them in compliance with California law, (2) chose not to take the rest breaks that were authorized and permitted, or (3) waived their right to meal breaks under California Labor Code section 512(a).

## SIXTH AFFIRMATIVE DEFENSE

### (Payment of Overtime)

6.   As a separate and distinct affirmative defense, Defendants allege that any unpaid wage claims are barred, in whole or in part, because any policy pertaining to the payment of overtime wages complies with the California Labor Code.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiting Time Penalties)

7.   As a separate and distinct affirmative defense, Plaintiff and/or the allegedly aggrieved employees' claims pursuant to or related to California Labor Code section 203 are barred, in whole or in part, because: (a) Defendants have not willfully failed to pay such additional compensation, if any is owed; (b) a good faith dispute exists as to whether wages are owed; (c) the compensation/premiums sought do not constitute wages; and (d) to impose penalties in this case would be inequitable and unjust.

## EIGHTH AFFIRMATIVE DEFENSE

### (Wage Statements - Substantial Compliance)

8.   As a separate and distinct affirmative defense, Defendants allege that any claims by Plaintiff and/or the allegedly aggrieved employees predicated on Labor Code section 226(a), or any applicable Wage Order, fail because Defendants substantially complied with all applicable laws, statutes, regulations, and applicable Wage Orders.

3.

DEFENDANTS SMITH SECKMAN REID AND CONAGRA'S ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101
619.232.0441

## NINTH AFFIRMATIVE DEFENSE

**(Wage Statements - No Injury)**

9.  As a separate and distinct affirmative defense, Defendants allege that Plaintiff and/or the allegedly aggrieved employees are not entitled to any penalties because they did not suffer any injury as a result of a knowing and intentional or willful failure by Defendants to comply with California Labor Code section 226(a).

## TENTH AFFIRMATIVE DEFENSE

**(*Bona Fide* Dispute)**

10.  As a separate and distinct affirmative defense, Plaintiff's and/or the allegedly aggrieved employees' claims are barred, in whole or in part, because there is a *bona fide* good faith dispute as to whether and in what amount any compensation is due to Plaintiff and/or the allegedly aggrieved employees.

## ELEVENTH AFFIRMATIVE DEFENSE

**(Accord and Satisfaction)**

11.  As a separate and distinct affirmative defense, Defendants allege that Plaintiff's and/or the allegedly aggrieved employees' claims fail because they have been fully paid all amounts legally owed by Defendants, and by accepting the payments made to them, Plaintiff and/or the allegedly aggrieved employees have effectuated an accord and satisfaction of their claims.

## TWELFTH AFFIRMATIVE DEFENSE

**(No Standing - B&P Code § 17200, et seq.)**

12.  As a separate and distinct affirmative defense, Defendants allege that Plaintiff suffered no cognizable injury under California Business and Professions Code section 17200 et seq., and therefore lacks standing.

## THIRTEENTH AFFIRMATIVE DEFENSE

**(Business Practices – B&P Code § 17200 et seq.)**

13.  As a separate and distinct affirmative defense, Defendants allege that their business practices were not "unfair," "unlawful," or "fraudulent" within the meaning of Business and Professions Code sections 17200 et seq.

4.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101
619.232.0441

DEFENDANTS SMITH SECKMAN REID AND CONAGRA'S ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Restitution Barred – B&P Code § 17200, et seq.)

14. As a separate and distinct affirmative defense, Defendants allege that Plaintiff's and/or the allegedly aggrieved employees' claims for restitution pursuant to California Business and Professions Code sections 17200 et seq., are barred to the extent they constitute claims for damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Provide Records)

15. As a separate and distinct affirmative defense, any claims for failure to provide records fails, in whole or in part, because Defendants fully complied with any obligations of Labor Code sections 226 or 1198.5 within the requisite time after Plaintiff and/or the allegedly aggrieved employees provided a written authorization to request records under Labor Code sections 226 and 1198.5.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

16. As a separate and distinct affirmative defense, Defendants allege that each purported cause of action contained in the First Amended Complaint, or some of them, is barred, in whole or in part, or any recovery should be reduced, pursuant to the avoidable consequences doctrine.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Breach of Duties)

17. As a separate and distinct affirmative defense, Defendants allege that the First Amended Complaint and each cause of action therein, or some of them, are barred, in whole or in part, by Plaintiff's and/or the allegedly aggrieved employees' own breach of duties owed to Defendants under California Labor Code sections 2854, 2856, 2857, 2858 and/or 2859.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (*Res Judicata* or Collateral Estoppel)

18. As a separate and distinct affirmative defense, Defendants allege that the First Amended Complaint is barred, in whole or in part, because the claims are barred by the doctrines of *res judicata* or collateral estoppel.

5.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101
619.232.0441

DEFENDANTS SMITH SECKMAN REID AND CONAGRA'S ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES

## NINETEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

19. As a separate and distinct affirmative defense, Defendants allege that the First Amended Complaint and each cause of action set forth therein cannot be maintained because good cause existed for the actions taken by Defendants.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Knowledge or Consent)

20. As a separate and distinct affirmative defense, Defendants allege that if Plaintiff and/or the allegedly aggrieved employees were not properly compensated for all hours worked, Defendants had no knowledge, or reason to know, of such instances, the work was undertaken without the consent or permission of Defendants, and was not subject to the control of Defendants during the times for which Plaintiff and/or the allegedly aggrieved employees now claim unpaid wages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Offset)

21. As a separate and distinct affirmative defense, Defendants allege that any award to Plaintiff and/or the allegedly aggrieved employees is barred and/or should be offset based on overpayment, or misappropriation of funds resulting from a failure to follow Defendants' policies and/or other actions that allowed Plaintiff and/or the allegedly aggrieved employees to receive additional funds from Defendants that were not due.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Comply with Policies)

22. As a separate and distinct affirmative defense, Defendants allege that any damages suffered were the result of failure by the Plaintiff and/or the allegedly aggrieved employees to comply with the reasonable expectations of Defendants or to follow Defendants' reasonable instructions and policies.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Not Hours Worked)

23. As a separate and distinct affirmative defense, Defendants allege that the time alleged

6.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101
619.232.0441

DEFENDANTS SMITH SECKMAN REID AND CONAGRA'S ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES

by Plaintiff and/or the allegedly aggrieved employees does not constitute "hours worked" within the meaning of state or federal law.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

24. As a separate and distinct affirmative defense, Plaintiff and/or the allegedly aggrieved employees are barred from recovering any damages for lost wages, or any recovery for lost wages must be reduced, if and to the extent they failed to exhaust internal remedies to receive alleged unpaid wages or otherwise exercise reasonable diligence to mitigate their alleged damages, if any.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Not Adequate Representative)

25. As a seaprate and distinct affirmative defense, the First Amended Complaint, and each and every cause of action therein, are barred because Plaintiff is not an adequate and proper representative of any group of allegedly aggrieved employees Plaintiff seeks to represent.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Claims Not Suitable on a Representative Basis)

26. As a separate and distinct affirmative defense, Plaintiff's claims for penalties under the Private Attorneys General Act, California Labor Code sections 2698 *et seq.*, ("PAGA") are not suitable for determination/litigation on a representative basis.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Standing)

27. As a separate and distinct affirmative defense, Plaintiff lacks standing to bring claims for civil penalties on behalf of others because he is not an "aggrieved employee" and/or has failed to identify said "aggrieved employees" pursuant to the PAGA.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Initial Violation)

28. As a separate and distinct affirmative defense, insofar as Defendants have never been cited by the Labor Commissioner, or received judgment against them in a court or law, with respect to any of Plaintiff's and/or the allegedly aggrieved employees' claims, any civil penalties awarded to

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101
619.232.0441

7.

DEFENDANTS SMITH SECKMAN REID AND CONAGRA'S ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES

Plaintiff and/or the allegedly aggrieved employees must be limited to those penalties applicable to an initial violation.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

**(Representative Action Inappropriate)**

29. As a separate and distinct affirmative defense, Plaintiff's and/or the allegedly aggrieved employees' claims are such that they cannot be tried on a representative basis because: (1) such a determination requires complex individualized factual issues; (2) penalties could not be calculated on a representative basis; (3) any penalties that might be proved would not be identical for all allegedly aggrieved employees; (4) trying such a representative action would be unmanageable; and (5) trying such a representative action would be contrary to the legislative intent of the PAGA.

### THIRTIETH AFFIRMATIVE DEFENSE

**(Failure to Exhaust PAGA prerequisites)**

30. As a separate and distinct affirmative defense, the First Amended Complaint, and each and every cause of action therein, are barred by Plaintiff's failure to exhaust all administrative remedies that satisfy the prerequisites of the PAGA, which are required prior to filing a civil lawsuit.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

**(Stacking of Penalties Impermissible)**

31. As a separate and distinct affirmative defense, Plaintiff's and/or the allegedly aggrieved employees' claims for penalties are impermissible because stacking of penalties is impermissible.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

**(Substantial Compliance)**

32. As a separate and distinct affirmative defense, any claim for civil penalties pursuant to the PAGA predicated on the Labor Code, or any applicable Order of the Industrial Commission, must fail because Defendants substantially complied with the applicable laws, statutes, regulations, and Wage Orders. Should the Court find a violation occurred, and such violation gives rise to potential penalties, the Court must exercise its discretion and significantly discount or eliminate any potential penalties owed by Defendants.

8.

DEFENDANTS SMITH SECKMAN REID AND CONAGRA'S ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101
619.232.0441

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (PAGA Violates Equal Protection)

33. As a separate and distinct affirmative defense, Plaintiff's and/or the allegedly aggrieved employees' claims for statutory penalties are barred to the extent the provisions of California law allowing the award of statutory penalties, and the substantive rules, procedures and standards for determining whether or not to award them, and, if so, in what amount, violate Defendants' rights to equal protection under the United States and California Constitutions.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (PAGA Violates the Supremacy Clause)

34. As a separate and distinct affirmative defense, the First Amended Complaint, and each and every cause of action therein, are barred because the PAGA violates the Supremacy Clause of the United States Constitution.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (PAGA Violates the Separation of Powers Doctrine)

35. As a separate and distinct affirmative defense, the First Amended Complaint, and each and every cause of action therein, are barred because the PAGA violates the separation of powers doctrine and is unconstitutional, both in general and as applied to this case.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Penalties for Events More Than One Year Prior)

36. As a separate and distinct affirmative defense, the First Amended Complaint, and each and every cause of action therein, are barred by California Code of Civil Procedure section 340, for actions upon a statute for a penalty, to the extent that Plaintiff and/or the allegedly aggrieved employees recover such penalties for events taking place more than one year before the filing of this action.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Exempt Status)

37. As a separate and distinct affirmative defense, Plaintiff and/or the allegedly aggrieved employees are not entitled to payment of overtime wages and/or payment for failure to take meal and

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101
619.232.0441

9.

DEFENDANTS SMITH SECKMAN REID AND CONAGRA'S ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES

rest breaks to the extent Plaintiff and/or the allegedly aggrieved employees were exempt under the managerial, executive, administrative, or other exemptions pursuant to the California Labor Code and applicable Wage Orders.

### **THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

### **(Salary Basis)**

38. Throughout employment, Plaintiff and/or the allegedly aggrieved employees were paid on a salary basis for all hours worked, with the clear, mutual understanding that their salary was compensation for all hours worked each week. By accepting the regular salary for all hours worked, even if found to be entitled to overtime and/or payment for failure to take meal or rest breaks, which Defendant expressly denies, Plaintiff and/or the allegedly aggrieved employees would be entitled to no more than one-half their regular rate of pay in that workweek.

### **THIRTY-NINTH AFFIRMATIVE DEFENSE**

### **(Prior Settlements)**

39. As a separate and distinct affirmative defense, Defendants allege that the First Amended Complaint and each cause of action set forth therein are barred by applicable settlement agreements and/or other releases of claims.

### **FORTIETH AFFIRMATIVE DEFENSE**

### **(Claims Previously Pursued)**

40. As a separate and distinct affirmative defense, the First Amended Complaint, and each cause of action therein, is barred, in whole or in part, to the extent that Plaintiff has previously pursued any claim before the California Department of Industrial Relations, Division of Labor Standards Enforcement, or the United States Department of Labor.

### **FORTY-FIRST AFFIRMATIVE DEFENSE**

### **(After-Acquired Evidence)**

41. As a separate and distinct affirmative defense, to the extent Defendants obtain through discovery or otherwise after-acquired evidence of wrongdoing by Plaintiff, the First Amended Complaint and claims therein are barred by the doctrine of after-acquired evidence, or the doctrine of after-acquired evidence limits and reduces the Plaintiff's alleged damages.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101
619.232.0441

**FORTY-SECOND AFFIRMATIVE DEFENSE**

**(Penalties Unjust)**

42. As a separate and distinct affirmative defense, Defendants allege that to the extent that Plaintiff claims penalties, such claims must comport with the due process requirements of *State Farm v. Campbell*, 538 U.S. 408 (2003).

**FORTY-THIRD AFFIRMATIVE DEFENSE**

**(Pre-judgment Interest)**

43. As a separate and distinct affirmative defense, Defendants allege, without conceding that any penalties are due, that Plaintiff and/or the allegedly aggrieved employees are not entitled to prejudgment interest because the claims do not qualify for such interest, as the penalties claimed are not sufficiently certain to allow an award of prejudgment interest.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

**(Attorneys' Fees Not Recoverable)**

44. As a separate and distinct affirmative defense, Plaintiff and/or the allegedly aggrieved employees fail to set forth facts to support an award of attorneys' fees, and therefore is precluded from recovering attorneys' fees from Defendants under applicable provisions of law.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

**(No Entitlement to Emotional Distress Damages)**

45. As a separate and distinct affirmative defense, Defendants state that Plaintiff and/or the allegedly aggrieved employees are not entitled to any non-economic damages, including any claims for emotional distress damages.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

**(No Injunctive Relief)**

46. As a separate and distinct affirmative defense, the First Amended Complaint, and each cause of action therein, is barred, in whole or in part, because Plaintiff and/or the allegedly aggrieved employees have not suffered and will not suffer irreparable harm because of any alleged conduct by Defendants, and on that basis there is no basis for entitlement to injunctive or other relief.

///

11.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101
619.232.0441

DEFENDANTS SMITH SECKMAN REID AND CONAGRA'S ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Liquidated Damages)

47. As a separate and distinct affirmative defense, the First Amended Complaint, and each cause of action therein, fails to state a claim for an award of liquidated damages.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Entitlement to Jury Trial)

48. As a separate and distinct affirmative defenses, neither the Plaintiff nor any allegedly aggrieved employee is entitled to a jury trial because a PAGA claim is an action solely seeking PAGA penalties which sound in equity and this may only be tried to a court.

### FORTY-NINTH AFFIRMATIVE DEFENSE

### (Not Employer)

49. As a separate and distinct affirmative defense, the First Amended Complaint, and each cause of action therein, is barred, in whole or in part, because one or more of the Defendants did not employ Plaintiff and/or the allegedly aggrieved employees.

### ADDITIONAL DEFENSES

Defendants do not presently know all of the facts concerning the conduct of Plaintiff and/or the allegedly aggrieved employees and their claims sufficient to state all affirmative defenses at this time. Accordingly, Defendants expressly reserve the right to amend this Answer should Defendants later discover facts demonstrating the existence of additional affirmative defenses.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray for relief as follows:

1. That Plaintiff takes nothing by way of his First Amended Complaint;

2. That the First Amended Complaint be dismissed with prejudice and that judgment be entered against Plaintiff and in favor of Defendants on each claim;

3. That Defendants are awarded costs of suit and attorneys' fees incurred herein as allowed by law; and

4. For such further relief as the Court deems just and proper.

12.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101
619.232.0441

DEFENDANTS SMITH SECKMAN REID AND CONAGRA'S ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES

1  Dated: August 20, 2020

KARIMAH J. LAMAR
LITTLER MENDELSON, P.C.
Attorneys for Defendants
SMITH SECKMAN REID, INC. AND
CONAGRA BRANDS, INC.

13.

DEFENDANTS SMITH SECKMAN REID AND CONAGRA'S ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES

## PROOF OF SERVICE

### STATE OF NEVADA, COUNTY OF CLARK

I am employed in the County of Clark, State of Nevada. I am over the age of 18 and not a party to the within action; my business address is 3960 Howard Hughes Parkway, Suite 300, Las Vegas, NV 89169.

On August 20, 2020, I served the foregoing document(s) described as **DEFENDANTS SMITH SECKMAN REID, INC. AND CONAGRA BRANDS, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES** on the interested parties in this action addressed as follows:

David D. Cardone
Christine Y. Dixon
DUNN DESANTIS WALT & KENDRICK, LLP
750 B Street, Suite 2620
San Diego, CA 92101
DCardone@ddwklaw.com
CDixon@ddwklaw.com

☒ BY ELECTRONIC SERVICE: I caused the above-entitled document to be served by e-mail addressed to all parties appearing on the service list for this case. A copy of the Receipt Page/Confirmation will be maintained with the original document in this office.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on August 20, 2020 at Las Vegas, Nevada.

*[signature]*
Jacquelin Ierien

4837-1372-5125.1 102376.1001

14.
LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101
619.232.0441
DEFENDANTS SMITH SECKMAN REID AND CONAGRA'S ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES