# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MISKA,<br><br>        Plaintiff,<br><br>     v.<br><br>ENGINEERING AUTOMATION &<br>DESIGN, INC., et al.,<br><br>        Defendants. | Case No. 1:20-cv-001183-AWI-BAM<br><br>ORDER REQUIRING DEFENDANT<br>ENGINEERING AUTOMATION &<br>DESIGN, INC. TO SHOW CAUSE WHY<br>SANCTIONS SHOULD NOT ISSUE FOR<br>THE FAILURE TO COMPLY WITH MAY 7,<br>2021 ORDER AND WHY THEY SHOULD<br>BE ALLOWED TO PARTICIPATE IN<br>SETTLEMENT DISCUSSIONS<br><br>DEADLINE: 10:45 A.M. |

A settlement conference in this action is set for today at 11:00 a.m. before the undersigned. (ECF No. 22.) Pursuant to the May 7, 2021 order setting the settlement conference, the parties were required to submit a confidential settlement statement to the Court seven days prior to the conference date. (Id. at 1.) The Court has timely received the confidential statement from Plaintiff and Defendants Smith Seckman Reid, Inc. and Conagra Brands, Inc., however, Defendant Engineering Automation & Design, Inc. submitted their confidential settlement statement after the close of business on May 25, 2021, the day prior to the settlement conference.

This Court spends considerable time preparing for settlement conference so as to make it meaningful to the parties and results in a greater likelihood of settlement success. Settlement is extremely important in this district where the judges have one of the highest caseloads per judge in the United States. The settlement conference statement assists the Court in adequately

preparing for these matters. They are not pro forma. Further, the requirement that the settlement statement be provided seven days prior to the conference is necessary to allow the court sufficient time to prepare to discuss settlement with the parties.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. <u>Bautista v. Los Angeles County</u>, 216 F.3d 837, 841 (9th Cir. 2000).

Here, the parties were ordered to submit their confidential settlement statement seven days prior to the settlement conference and Defendant Engineering Automation & Design, Inc. failed to comply with the order, submitting their statement after the close of business on May 25, 2021. The Court did not receive the submission until the start of business on the day the settlement conference was scheduled, depriving the court of sufficient time to prepare for the settlement conference.

Defendant Engineering Automation & Design, Inc. shall be required to show cause why sanctions should not issue for the failure to submit his confidential statement in compliance with the May 7, 2021 order and why they should be allowed to participate in settlement discussions.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Engineering Automation & Design, Inc. SHALL SHOW CAUSE IN WRITING by **10:45 a.m. on May 26, 2021,** why sanctions should not issue for their failure to comply with the May 7, 2021 order to submit their confidential settlement statement seven days prior to the settlement conference and why they should be allowed to participate in settlement discussions; and

2. The failure to comply with this order will result in the issuance of sanctions.

IT IS SO ORDERED.

Dated:   **May 26, 2021**

UNITED STATES MAGISTRATE JUDGE