UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MISKA,<br><br>    Plaintiff,<br><br>  v.<br><br>ENGINEERING AUTOMATION & DESIGN, INC., et al.,<br><br>    Defendants. | Case No.  1:20-cv-01183-AWI-BAM<br><br>**ORDER DIRECTING PARTIES TO FILE SUPPLEMENTAL BRIEFING** |

Currently pending before the Court is the Joint Motion and Motion for Approval of Settlement filed by Plaintiff Robert Miska and Defendants Smith Seckman Reid, Inc. ("SSR") and Conagra Brands, Inc. ("Conagra") filed a. (Doc. 36.)  The motion was referred to the undersigned for findings and recommendations pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.  (Doc. 37.)  For the reasons set forth below, the Court will require additional briefing on the motion for settlement approval.

**Background**

On July 14, 2020, Plaintiff initiated this action in Stanislaus Superior Court against Defendants Engineering Automation & Design, Inc. dba EAD Management Services, Inc. ("EAD"), SSR and Conagra.  Plaintiff alleged violations of the California Labor Code and Business & Professions Code, claiming that Defendants failed to pay overtime wages, failed to provide mandatory meal and rest breaks, and failed to pay all earned wages at the time of

discharge.  (*See* Docs. 1, 1-2.)

On August 17, 2020, Plaintiff filed a first amended complaint, adding an additional cause of action for violations of the California Private Attorneys General Act ("PAGA") against only SSR and Conagra.  Plaintiff alleged that SSR and Conagra engaged in a pattern of wage and hour violations under the California Labor Code and the applicable IWC Wage Order. (*See* Docs. 1, 1-5, 1-6, First Amended Complaint ("FAC").)  In addition to his individual claims, Plaintiff asserted that he was bringing the action on behalf of all other current and former non-exempt employees of SSR and Conagra in California who suffered at least one of the Labor Code violations described in the complaint during the applicable time period.  (FAC at ¶ 3.)

By the action, Plaintiff sought recovery of wages and compensation due and owing to Plaintiff under California law as well as "penalties owed to Plaintiff and . . . the Aggrieved Employees pursuant to PAGA."  (FAC at ¶ 51.)   Plaintiff specified in his PAGA claim that he sought to "recover civil penalties, but only those civil penalties that are required to be shared with the LWDA and no individual relief or underpaid wages, on behalf of himself and other Aggrieved Employees for SSR and CONAGRA'S violations of Labor Code §§ 201, 203, 204, 208, 210, 223, 226, 226.7, 227.3, 510, 512, 551, 552, 1174, 1194, and 1198."  (FAC at ¶ 129.)  However, in addition to civil penalties, Plaintiff also appeared to seek the following on behalf of the Aggrieved Employees:  (1) "restitution in the amount of ten minutes of pay time for each rest period in addition to 30 minutes of pay time for each meal period that Defendants did not authorize or permit," (FAC at ¶ 71); (2) "actual damages pursuant to California Labor Code § 226, subdivisions (e) and (g)," (FAC at ¶ 99); and (3) "unpaid wages and civil penalties pursuant to California Labor Code § 558," (FAC at ¶ 105).

On August 5, 2021, the parties filed a Joint Stipulation and Request for Approval of Settlement to allow for the dismissal of the operative first amended complaint with prejudice, including Plaintiff's PAGA claim against SSR and Conagra.  (Doc. 34.)  The parties explained that on February 12, 2021, defendants filed a Notice of Related Cases notifying this Court that the consolidated case *Moises Negrete, et al., on behalf of themselves and other similarly situated v. Conagra Brands, Inc. (f/k/a ConAgra Foods, Inc.), et al.*, Case No. 2:16-cv-631-FMO-AJW

("Consolidated *Negrete* Action") was currently pending in the United States District Court for the Central District of California. The Consolidated *Negrete* Action covers employees that worked at the Conagra facility in Oakdale, where Plaintiff worked. The court in the Consolidate *Negrete* Action certified a class in Oakdale that included several Labor Code claims alleged in this action. The parties in the Consolidated *Negrete* Action reportedly reached a settlement of all claims. Based, in part, on SSR and Conagra's position that the settlement in the Consolidated *Negrete* Action effectively resolved the PAGA claim in this action, Plaintiff settled his individual claims with Conagra and SSR in this action and agreed to dismissal of all claims against Conagra and SSR, including the PAGA claim. Plaintiff reported that he has not been compensated, and does not stand to be compensated, in any manner with respect to his representative allegations against SSR and CONAGRA. Due to the inclusion of the PAGA claim in the FAC, Plaintiff, SSR and Conagra sought approval of their settlement, including dismissal of Plaintiff's complaint in its entirety with prejudice in this action. (Doc. 34.)

In this action, the district court denied the request and directed the parties to file a formal motion for approval of the settlement, including briefing on the requirements of dismissing a PAGA claim with prejudice and the relation of this PAGA claim to related cases. (Doc. 35.)

On November 18, 2021, the parties filed the instant joint motion for approval of settlement. (Doc. 36.) The Court has conducted a preliminary review of the joint motion, including the request for judicial notice of documents filed in the Consolidated *Negrete* Action.[1] (Docs. 36, 36-3.) In the motion, the parties contend that dismissal of Plaintiff's PAGA claim is appropriate, and the settlement is fair, due to the effect of the settlement agreement reached in the Consolidated *Negrete* Action. (Doc. 36-1 at 8.) Defendants asserted during settlement negotiations in this case that Plaintiff's PAGA claim had been resolved per the terms of the settlement reached in the Consolidated *Negrete* Action, and, Plaintiff, along with the aggrieved employees represented in this action, purportedly stand to be compensated by way of a settlement payment made in connection with the Consolidated *Negrete* Action. As a result, no value was

---

[1] The Court may take judicial notice of the records of proceedings in other federal or state courts. *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

ascribed to Plaintiff's PAGA claim for purposes of settlement in this case.  (*Id.*)  The parties settled Plaintiff's individual claims, with the settlement payment attributable to Plaintiff's individual claims only in exchange for a dismissal with prejudice of the entire action against SSR and Conagra.[2]

According to the parties, the Central District of California granted preliminary approval of the settlement agreement in the Consolidated *Negrete* Action and set a final approval (fairness) hearing for December 2, 2021.  (Doc. 36-1 at 7-8.)  Although referenced in their motion and request for judicial notice, the parties have not provided the Court with the preliminary approval order in the Consolidated *Negrete* Action ("Order Re: Motion for Preliminary Approval of Class and representative Action Settlement").  (Doc 36-3, RJN 4.)  The parties also have not provided the Court with information concerning the current status of the settlement in the Consolidated *Negrete* Action, including whether final approval has been granted.

In the joint motion for approval, the parties indicate that pursuant to the settlement agreement in the Consolidated *Negrete* Action, $360,000 of the settlement amount is to be allocated as penalties under PAGA, with seventy-five percent of the civil penalties paid to the California Labor and Workforce Development Agency and the remaining twenty-five percent paid to the aggrieved employees. (*See* Doc. 36-1 at 7; Cal. Lab. Code § 2699(i).)  In exchange for this payment, the *Negrete* plaintiffs agreed to release claims under PAGA for themselves and all aggrieved employees.  (Doc. 36-1 at 7.)  While the parties have addressed the civil penalties under PAGA, they have not addressed Plaintiff's apparent efforts to seek restitution, actual damages, or unpaid wages on behalf of the aggrieved employees in this action, (FAC at ¶¶ 71, 99, 105), including whether such requests are subsumed by the settlement in the Consolidated *Negrete* Action.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Within **fourteen (14) days** of the date of this Order, the parties shall file supplemental briefing that includes the preliminary approval order in the Consolidated *Negrete*

---

[2]  Plaintiff reached a separate settlement with Defendant EAD.  Plaintiff's PAGA claim was not asserted against Defendant EAD.

Action, information regarding the status of final approval in that action, and the final approval order, if any. As necessary, the parties shall include a brief statement addressing whether the current status of the Consolidated *Negrete* Action has an impact on the pending motion for approval;

2. The parties supplemental briefing also should address the relief sought in this action on behalf of the Aggrieved Employees and the relation of the Consolidated *Negrete* Action to that relief; and

3. If the Court determines that a hearing is necessary following review of the parties' supplemental briefing, then a hearing date will be set by the Court.

IT IS SO ORDERED.

Dated:   **April 12, 2022**         /s/ Barbara A. McAuliffe        _
                                    UNITED STATES MAGISTRATE JUDGE