UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MISKA,<br><br>             Plaintiff,<br><br>        v.<br><br>ENGINEERING AUTOMATION & DESIGN, INC., et al.,<br><br>             Defendants. | Case No.  1:20-cv-01183-AWI-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING JOINT MOTION FOR APPROVAL OF SETTLEMENT**<br><br>(Doc. 36) |

Currently pending before the Court is the Joint Motion and Motion for Approval of Settlement filed by Plaintiff Robert Miska and Defendants Smith Seckman Reid, Inc. ("SSR") and Conagra Brands, Inc. ("Conagra") filed a. (Doc. 36.)  The motion was referred to the undersigned for findings and recommendations pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.  (Doc. 37.)  For the reasons set forth below, the Court will recommend the joint motion for approval of settlement be granted.

**Background**

On July 14, 2020, Plaintiff initiated this action in Stanislaus Superior Court against Defendants Engineering Automation & Design, Inc. dba EAD Management Services, Inc. ("EAD"), SSR and Conagra.  Plaintiff alleged violations of the California Labor Code and Business & Professions Code, claiming that Defendants failed to pay overtime wages, failed to provide mandatory meal and rest breaks, and failed to pay all earned wages at the time of

1

1   discharge.  (*See* Docs. 1, 1-2.)

2   On August 17, 2020, Plaintiff filed a first amended complaint, adding an additional cause of action for violations of the California Private Attorneys General Act ("PAGA") against only SSR and Conagra.  Plaintiff alleged that SSR and Conagra engaged in a pattern of wage and hour violations under the California Labor Code and the applicable IWC Wage Order. (*See* Docs. 1, 1-5, 1-6, First Amended Complaint ("FAC").)  In addition to his individual claims, Plaintiff asserted that he was bringing the action on behalf of all other current and former non-exempt employees of SSR and Conagra in California who suffered at least one of the Labor Code violations described in the complaint during the applicable time period.  (FAC at ¶ 3.)

By this action, Plaintiff sought recovery of wages and compensation due and owing to Plaintiff under California law as well as "penalties owed to Plaintiff and . . . the Aggrieved Employees pursuant to PAGA."  (FAC at ¶ 51.)   Plaintiff specified in his PAGA claim that he sought to "recover civil penalties, but only those civil penalties that are required to be shared with the LWDA and no individual relief or underpaid wages, on behalf of himself and other Aggrieved Employees for SSR and CONAGRA'S violations of Labor Code §§ 201, 203, 204, 208, 210, 223, 226, 226.7, 227.3, 510, 512, 551, 552, 1174, 1194, and 1198."  (FAC at ¶ 129.)  However, in addition to civil penalties, Plaintiff also appeared to seek the following on behalf of the Aggrieved Employees:  (1) "restitution in the amount of ten minutes of pay time for each rest period in addition to 30 minutes of pay time for each meal period that Defendants did not authorize or permit," (FAC at ¶ 71); (2) "actual damages pursuant to California Labor Code § 226, subdivisions (e) and (g)," (FAC at ¶ 99); and (3) "unpaid wages and civil penalties pursuant to California Labor Code § 558," (FAC at ¶ 105).

On August 5, 2021, the parties filed a Joint Stipulation and Request for Approval of Settlement to allow for the dismissal of the operative first amended complaint with prejudice, including Plaintiff's PAGA claim against SSR and Conagra.  (Doc. 34.)  The parties explained that on February 12, 2021, defendants filed a Notice of Related Cases notifying this Court that the consolidated case *Moises Negrete, et al., on behalf of themselves and other similarly situated v. Conagra Brands, Inc. (f/k/a ConAgra Foods, Inc.), et al.*, Case No. 2:16-cv-631-FMO-AJW

2

("Consolidated *Negrete* Action") was currently pending in the United States District Court for the Central District of California. The Consolidated *Negrete* Action reportedly covers employees that worked at the Conagra facility in Oakdale, where Plaintiff worked. The court in the Consolidated *Negrete* Action certified a class in Oakdale that included several Labor Code claims alleged in the action pending before this Court. The parties in the Consolidated *Negrete* Action reached a settlement of all claims. Based, in part, on SSR and Conagra's position that the settlement in the Consolidated *Negrete* Action effectively resolved the PAGA claim in this action, Plaintiff settled his individual claims with Conagra and SSR and agreed to dismissal of all claims against Conagra and SSR, including the PAGA claim. Plaintiff indicated that he has not been compensated, and does not stand to be compensated, in any manner with respect to his representative allegations against SSR and CONAGRA. Due to the inclusion of the PAGA claim in the FAC, Plaintiff, SSR and Conagra sought approval of their settlement, including dismissal of Plaintiff's complaint in its entirety with prejudice. (Doc. 34.)

The district court denied the request and directed the parties to file a formal motion for approval of the settlement, including "briefing on the requirements of dismissing a PAGA claim with prejudice and the relation of this PAGA claim to related cases." (Doc. 35.)

On November 18, 2021, the parties filed the instant joint motion for approval of settlement. (Docs. 36, 36-3.) In the motion, the parties contend that dismissal of Plaintiff's PAGA claim is appropriate, and that the settlement is fair, due to the effect of the settlement agreement reached in the Consolidated *Negrete* Action. (Doc. 36-1 at 8.) The parties explain that Defendants asserted during settlement negotiations in this case that Plaintiff's PAGA claim had been resolved per the terms of the settlement reached in the Consolidated *Negrete* Action, and that Plaintiff and the Aggrieved Employees in this action purportedly stand to be compensated by way of a settlement payment made in connection with the Consolidated *Negrete* Action. As a result, Defendants ascribed no value to Plaintiff's PAGA claim for purposes of settlement in this case. (*Id.*) The parties then settled Plaintiff's individual claims, with the settlement payment attributable only to Plaintiff's individual claims in exchange for a dismissal with prejudice of the

1  entire action against SSR and Conagra.[1]

2  According to the parties, the Central District of California granted preliminary approval of the settlement agreement in the Consolidated *Negrete* Action and set a final approval (fairness) hearing for December 2, 2021.  (Doc. 36-1 at 7-8.)  Although referenced in their motion and request for judicial notice, the parties failed to provide the Court with the preliminary approval order in the Consolidated *Negrete* Action ("Order Re: Motion for Preliminary Approval of Class and representative Action Settlement").  (Doc 36-3, RJN 4.)  The parties also failed to provide the Court with information concerning the status of settlement in the Consolidated *Negrete* Action, including whether final approval had been granted.

Additionally, in the joint motion for approval, the parties indicated that pursuant to the settlement agreement in the Consolidated *Negrete* Action, $360,000 of the settlement amount was to be allocated as penalties under PAGA, with seventy-five percent of the civil penalties paid to the California Labor and Workforce Development Agency and the remaining twenty-five percent paid to the aggrieved employees. (*See* Doc. 36-1 at 7; Cal. Lab. Code § 2699(i).)  In exchange for this payment, the *Negrete* plaintiffs agreed to release claims under PAGA for themselves and all aggrieved employees.  (Doc. 36-1 at 7.)  Although the parties addressed the applicable civil penalties under PAGA, they failed to address Plaintiff's apparent efforts to seek restitution, actual damages, or unpaid wages on behalf of the Aggrieved Employees in this action, (FAC at ¶¶ 71, 99, 105), including whether such requests were subsumed by the settlement in the Consolidated *Negrete* Action.

Following a preliminary review of the joint motion, the Court ordered the parties to provide supplemental briefing that included (1) the preliminary approval order in the Consolidated *Negrete* Action, (2) information regarding the status of final approval in that action, and (3) the final approval order, if any.  The Court also directed the parties to file supplemental briefing addressing the relief sought in this action on behalf of the Aggrieved Employees and the relation of the Consolidated *Negrete* Action to that relief.  (Doc. 38.)

---

[1] Plaintiff reached a separate settlement with Defendant EAD, which did not involve a PAGA claim. Defendant EAD was dismissed from this action by stipulation.  (*See* Docs. 39, 40.)

On April 26, 2022, the parties filed supplemental briefing in this action. According to the briefing, final approval of the settlement in the Consolidated *Negrete* Action was granted on February 7, 2022. Judgment was entered specifying that $270,000 (75% of the $360,000 ascribed to the PAGA claim) shall be paid to the LWDA. (Doc. 41 at 3.) It is the settling defendants' position in this action that the payment and corresponding release in the Consolidated *Negrete* Action subsumes any PAGA penalty that could have been obtained in this action. (*Id.*) Further, despite the apparent discrepancies in the pleadings identified by the Court, Plaintiff reported that he only sought to recover civil penalties for the Aggrieved Employees in this action and the inconsistencies were "unfortunate and inartful pleading errors." (*Id.* at 4.) Plaintiff acknowledged that only civil penalties are recoverable pursuant to his PAGA claim, and that Plaintiff cannot and does not seek to recover any other type of relief on behalf of the Aggrieved Employees. (*Id.*)

**II.    Discussion**

    **A. Requests for Judicial Notice**

Plaintiff filed a request for judicial notice pursuant to Federal Rule of Evidence 201 of the following documents: (1) Consolidated Third Amended Class Action Complaint filed on October 30, 2017, document 113, in the Consolidated *Negrete* Action; (2) "Amended Stipulation of Class Action Settlement," filed on February 8, 2021, document 259-2, in the Consolidated *Negrete* Action; (3) Class Action Complaint, filed on January 28, 2016, document 4-1, in the Consolidated *Negrete* Action; and (4) Order Re: Motion for Preliminary Approval of Class and representative Action Settlement, filed on June 21, 2021, document 263, in the Consolidated *Negrete* Action. (Doc. 36-3.)

Additionally, in conjunction with the supplemental briefing, Plaintiff filed a request for judicial notice, which seeks judicial notice of the following documents in the Consolidated *Negrete* Action: (1) Order Re: Motion for Preliminary Approval of Class and Representative Action Settlement filed on June 21, 2021; (2) Plaintiffs' Notice of Motion and Motion for Final Approval of Class Action Settlement filed on December 16, 2021; (3) Order Re: Final Approval of Class Action Settlement filed on February 7, 2022; (4) Judgment filed on February 7, 2022;

and (5) Consolidated Third Amended Class Action Complaint filed on October 30, 2017.  (Doc. 41-2.)

The Court may take judicial notice of the records of proceedings in other federal or state courts.  *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).  Accordingly, Plaintiff's requests for judicial notice are GRANTED.

### B.  Motion for Settlement Approval

Under PAGA, "court[s] shall review and approve any settlement of any civil action filed pursuant to [PAGA]." Cal. Labor Code § 2699(l)(2). While courts are not required to approve settlement provisions resolving a plaintiff's individual claims, they are required to approve settlement provisions related to a plaintiff's PAGA claims.  *See Kuang Xuan Liu v. Win Woo Trading, LLC*, No. 4:14-cv-02639-KAW, 2017 WL 4283947, at *1 (N.D. Cal. Sept. 27, 2017).  In the instant matter, however, the parties are not seeking approval of any settlement provisions related to Plaintiff's PAGA claims.  Rather, the parties appear to agree that Plaintiff's PAGA claims are subsumed by the settlement and release in the Consolidated *Negrete* Action and, as a result, the PAGA claims can and should be dismissed from this action with prejudice.

An employee suing under PAGA "does so as the proxy or agent of the state's labor law enforcement agencies." *Arias v. Superior Ct.*, 46 Cal. 4th 969, 986, (2009).  The "employee plaintiff represents the same legal right and interest as state labor law enforcement agencies—namely, recovery of civil penalties that otherwise would have been assessed and collected by the Labor Workforce Development Agency." *Id.* (citation omitted).  "Because collateral estoppel applies not only against a party to the prior action in which the issue was determined, but also against those for whom the party acted as an agent or proxy, a judgment in an employee's action under [PAGA] binds not only that employee but also the state labor law enforcement agencies." *Id.* (internal citations omitted).  Further, "[b]ecause an aggrieved employee's action under [PAGA] functions as a substitute for an action brought by the government itself, a judgment in that action binds all those, including nonparty aggrieved employees, who would be bound by a judgment in an action brought by the government." *Id.; see Robinson v. S. Ctys. Oil Co.,* 53 Cal.App.5th 476, 483 (2020) (finding, under the doctrine of claim preclusion, that a settlement

and resulting judgment finally resolving the LWDA's claims bars relitigation of a claim for civil penalties based on the resolved Labor Code violations; employee could not opt of settlement resolving LWDA's claims and thereafter pursue civil penalties for the same violations again on behalf of the LWDA). Therefore, the Court must assess whether the final judgment in the Consolidated *Negrete* Action resolved the same Labor Code violations asserted here under PAGA. *Robinson*, 53 CalApp.5th at 482 ("Claim preclusion arises if a second suit involves (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit.").

In this case, Plaintiff is a former employee at Conagra's Oakdale facility and purports to bring his PAGA representative action on behalf of all other current and former non-exempt employees of SSR and Conagra. The representative action is brought against SSR and Conagra for "engaging in a pattern of wage and hour violations under the California Labor Code and the applicable Industrial Welfare Commission ("IWC") Wage Order. (FAC at ¶ 3.) Plaintiff asserts that these violations include: "failure to pay all overtime wages; failure to pay all minimum and regular wages for all hours worked; failure to authorize and permit off-duty meal periods of at least 30 minutes before the commencement of the sixth hour of work; failure to authorize and permit off-duty paid rest periods, failure to provide accurate itemized wage statements; failure to maintain accurate records; failure to provide one day's rest in seven; and failure to timely pay all earned wages due upon separation of employment." (FAC at ¶ 5.) Plaintiff's allegations are based on common, uniform policies and practices. (*See*, *e.g.*, FAC at ¶¶ 27 (overtime compensation), 29 (failing to permit 30-minute duty-free meal period), 30 (failing to permit 10-minute, off-duty rest period).)

In the Consolidated *Negrete* Action, Plaintiffs worked at seven of Conagra's food processing facilities, including the Oakdale facility. (Doc. 41-2, Consolidated Third Amended Class Action Complaint at ¶ 5-17.) Plaintiffs brought the action on behalf of themselves and all other non-exempt employees who worked at Conagra's facilities. (*Id.* at ¶¶ 1, 18.) The action focused on Conagra's illegal policies and practices applied to all non-exempt employees, including failing to provide full and timely, uninterrupted meal periods before commencement of

7

the sixth hour of work, failing to authorize and permit uninterrupted, off-duty 10-minute rest periods, failure to pay all minimum wages for all hours worked, failure to pay all overtime wages, failure to timely pay all earned wages due upon separation of employment failure to provide accurate itemized wage statements; failure to maintain accurate records (*Id.* at ¶¶ 30.b, 32, 44, 47, 55, 65, 77, 82, 86.)

Pursuant to the terms of that settlement agreement, the *Negrete* plaintiffs agreed to release their claims under PAGA based on the factual allegations in the operative complaint for that time period on behalf of themselves and all "Aggrieved Employees," including those who worked at Conagra's Oakdale facility from August 16, 2014 to January 15, 2021. (Doc. 36-3, Ex. 2, Amended Stipulation of Class Action Settlement at ¶¶ 2, 33(e), 74(b).)  In particular, upon the effective date, the Aggrieved Employees were "deemed to have released the Released Parties of any and all claims and/or causes of action under PAGA, which are based upon the factual allegations set forth in the operative complaint and arising at any time during the respective PAGA Period." (*Id.* at ¶ 74(b).)  The operative complaint included claims for (1) failure to provide meal periods; (2) failure to authorize and permit rest periods; (3) failure to pay minimum wages; (4) failure to pay overtime wages; (5) failure to pay all wages due to discharged and quitting employees; (6) failure to furnish accurate itemized wage statements; and (7) failure to maintain required records. (*See id.* at ¶ 74(a).)

On June 21, 2021, the Central District of California issued an order granting preliminary approval of the class action settlement in the Consolidated *Negrete* Action. (Doc. 41-2, Ex. 1, Order Re: Motion for Preliminary Approval of Class and Representative Action Settlement.") The court found the settlement promoted enforcement of wage and hour laws in that it provided relief for the plaintiffs' PAGA claim. (*Id.*, Order at p. 13.) Additionally, the court noted that although the LWDA received notice of the settlement, it did not object or respond, which the court construed as consent to the proposed settlement. (*Id.*, Order at p. 13, n. 9.)

On February 7, 2022, the Central District of California issued an order granting final approval of the class action settlement in the Consolidated *Negrete* Action. (Doc. 41-2 at Ex. 3.) Judgment was entered the same date. (*Id.* at Ex. 4.)

Having considered the request for settlement approval, the Court finds that the PAGA claims in both actions are based on Defendants' common, uniform policies and practices resulting in Labor Code violations for (1) failure to provide meal periods; (2) failure to authorize and permit rest periods; (3) failure to pay minimum wages; (4) failure to pay overtime wages; (5) failure to pay all wages due to discharged and quitting employees; (6) failure to furnish accurate itemized wage statements; (7) failure to maintain required records.  Further, the release applied to claims of the same Labor Code violations arising at any time during the respective PAGA Period. Because the final judgment in the Consolidated *Negrete* Action resolved and released the Labor Code violations asserted here for the time period asserted here, the PAGA claims for civil penalties based on the resolved Labor Code violations may not be relitigated. *Arias* 46 Cal. 4th at 986; *Robinson*, 53 Cal.App.5th at 483.  The Court therefore finds that the PAGA claims may be dismissed with prejudice.

### III.   Conclusion and Recommendation

Based on the foregoing, IT IS HEREBY RECOMMENDED that the Joint Motion for Settlement Approval be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 9, 2022**                        /s/ *Barbara A. McAuliffe*            _
                                                              UNITED STATES MAGISTRATE JUDGE